UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re **In re Edward A. Ariniello, Jr.**

) Case No. **21-31142-dwh11**
)
) **Notice of Motion for Relief**
) **from Automatic Stay in a**
) **Chapter 11/12 Case,**
Debtor(s) ) **and Notice of Hearing Thereon**

**YOU ARE NOTIFIED THAT**:

1. A motion was filed by **Dept. of the Treasury - Internal Revenue Service** for relief from the automatic stay protecting the debtor(s) and debtor's property, as provided by 11 U.S.C. § 362.

2. The name and address of the moving party's attorney (or moving party, if no attorney) are: **Jessie D. Young, Assistant United States Attorney, United States Attorney's Office, 1000 SW Third Ave., Suite 600 Portland, Oregon 97204**

3. If you wish to resist the motion you must, within 14 days of the service date shown below, file a written response with the clerk at 1050 SW 6th Ave. #700, Portland OR 97204 or 405 E 8th Ave. #2600, Eugene OR 97401. If the response is served in paper, you must also file a certificate showing the response has been served on the moving party's attorney.

4. A response must state the facts upon which relief from the automatic stay is resisted. See Local Bankruptcy Form (LBF) 720.50, Procedures re: Relief from Stay, for details.

5. If you file a timely response, a hearing on the motion will be held as follows:

   **Date:** **01/10/2022**          **Time:** **1:30 pm**

   **Location:** ☐ Courtroom #____, _____

   ☒ Telephone Hearing [**NOTE**: See LBF 888, Telephone Hearing Requirements]
   **Call-In Number:**     (888) 684-8852
   **Access Code:**     ☒ 5870400 for Judge David W. Hercher (dwh)
                        ☐ 1238244 for Judge Peter C. McKittrick (pcm)
                        ☐ 4950985 for Judge Teresa H. Pearson (thp)
                        ☐ 3388495 for Judge Thomas M. Renn (tmr)
                        ☐ Other_____

   No testimony will be taken at the hearing. If no timely response is filed, the hearing may be cancelled. Parties are encouraged to check the hearing calendar at https://www.orb.uscourts.gov after the response deadline has passed.

1124 (10/4/2021)          Page 1 of 2

6. If a timely response is not filed, then either:

   a. The court may sign an order without further notice, submitted by the moving party, granting relief from the stay; or

   b. The stay will expire under the terms of 11 U.S.C. § 362(e).

I certify that on ____12/03/2021____ (1) this notice, (2) LBF 720.50 if this notice was served on paper, (3) LBF 888 if this notice was served on paper and a telephone hearing will be held, and (4) the motion, were served pursuant to Federal Rule of Bankruptcy Procedure (FRBP) 4001 and FRBP 7004 on the debtor(s), U.S. Trustee, trustee, members of any committee appointed pursuant to 11 U.S.C. § 1102 or its authorized agent [or, if no committee, on all creditors included on the list filed pursuant to FRBP 1007(d)], and their respective attorneys.

s/ Jessie D. Young  
Signature of Moving Party or Attorney

SCOTT ERIK ASPHAUG, OSB #833674
Acting United States Attorney
District of Oregon
**JESSIE D. YOUNG, OSB #135246**
Jessie.young@usdoj.gov
Assistant United States Attorney
United States Attorney's Office
District of Oregon
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
Telephone: (503) 727-1003
     For Defendant United States of America

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **In re**<br><br>**Edward A. Ariniello, Jr.,**<br><br>     Debtor. | Case No. 21-31142-dwh11<br><br>CREDITOR INTERNAL REVENUE SERVICE'S MOTION FOR RELIEF FROM AUTOMATIC STAY |

Creditor Internal Revenue Service ("IRS") hereby moves for relief from the automatic stay protecting debtor's property under 11 U.S.C § 362 and FRBP 4001 in this matter in order to apply an income tax return due to debtor to offset tax penalties owed by the debtor.

Debtor currently owes Trust-Fund Recovery Penalties of $99,187.06, incurred prior to the filing of his bankruptcy petition (Claim 2-3). Debtor's joint income tax refund for tax year 2020 is $16,245.00. The IRS requests that the automatic stay be lifted to allow it to offset the income tax refund against the pre-petition liability.

Debtor has a related bankruptcy case for U.S. Outdoor Holding, LLC, 20-32571-dwh11 (the liability originates from the business entity). The confirmed Chapter 11 Plan in the Outdoor

Holding case provides that the TFRPs will be paid in full by January 31, 2022. If Outdoor Holding pays the TFRPs prior to the offset, then the offset will not be necessary.

DATED: December 3, 2021.

Respectfully submitted,

SCOTT ERIK ASPHAUG, OSB #833674
United States Attorney
District of Oregon

By: /s/ Jessie D. Young
Jessie D. Young, OSB #135246
Assistant United States Attorney

# PROCEDURES RE: MOTIONS FOR RELIEF FROM STAY

1. **Filing Fee and Motion.** The moving party must pay the filing fee if the motion is for relief from the stay of 11 U.S.C. § 362(a), and file a written motion as follows:

    a. If the motion relates to debtor relief in a chapter 7 or 13 case, use [Local Bankruptcy Form (LBF) 720.80](#).

    b. Otherwise, prepare a unique motion which states:

    (1) The present balance owing to the moving party excluding any precomputed interest or other unearned charges;
    (2) The date upon which the debt was incurred;
    (3) Whether the moving party holds a security interest or lien upon the debtor's property;
    (4) The nature of the security interest or lien, the date upon which the security interest or lien was obtained, and if applicable, the date upon which the security interest or lien was perfected;
    (5) A description of the collateral sufficient for identification (e.g., street address);
    (6) The fair market value of the collateral;
    (7) A description of, and the amounts due upon, any other security interest or liens which have priority over that of the moving party;
    (8) Whether the debtor is in default and, if so, the number of defaulted installments and the total sums in default;
    (9) The subsection of § 362(d) under which relief is requested; and
    (10) Any other facts which are relevant in determining whether relief should be granted.

2. **Notice of Motion**. The moving party must use the applicable notice form:

    a. Chapter 7 & 13 cases, including chapter 13 codebtor stay: Use [LBF 720](#).

    b. Chapter 11 & 12 cases: Use [LBF 1124](#). You must obtain the date, time and location of hearing from the [courtroom deputy](#) before service.

    c. Chapter 12 codebtor relief. Use [LBF 1220](#).

3. **Filing and Service of Motion and Notice of Motion.** The moving party must serve the motion and notice of motion on all parties named in the certificate of service on the form and file them with the clerk. In chapter 11 & 12 cases, service must be made within 2 business days of obtaining a hearing date, except if chapter 12 codebtor relief is sought.

4. **Response**. To object to the motion, a party must file a written response stating the specific grounds for the objection within 14 days of the notice of motion's service date. The response must be filed as follows:

   a. Chapter 7 & 13 cases, including chapter 13 codebtor relief. The response must be completed in the "Response" portions of the original motion and filed with a Notice of Hearing on LBF 721. Hearing dates are available at www.orb.uscourts.gov.

   b. Chapter 11 & 12 cases. The response must be filed with a certificate of service.

   c. Chapter 12 codebtor relief. The response must be filed with a notice of hearing on LBF 1220.5. The notice must be served within 2 business days of obtaining the hearing date from the courtroom deputy.

5. **Failure to Respond or Serve Notice of Hearing.** If a timely response and notice of hearing, if applicable, are not filed and properly served, then:

   a. The court may sign an order, submitted by the moving party, granting the relief; or

   b. The automatic stay will either (1) expire 30 days after the motion was filed per 11 U.S.C. § 362(e), or (2) expire 20 days after a motion for codebtor relief is filed in chapter 12 and 13 cases per 11 U.S.C. §§ 1201(d) or 1301(d).

6. **Orders/Stipulations.** Any proposed order for relief from debtor stay in chapter 7 and 12 cases, and from debtor and codebtor stay in chapter 13 cases, must be submitted using LBF 720.90 (Order Re: Relief from Stay).

# TELEPHONE HEARING REQUIREMENTS

1. You must call in and connect to the telephone hearing line or personally appear in the judge's courtroom no later than your scheduled hearing time. The court will not call you.

2. You may be asked to call again from another phone if your connection is weak or creates static or disruptive noise.

3. Please mute your phone when you are not speaking. If you do not have a mute function on your phone, press *6 to mute and *6 again to unmute if you need to speak. Do not put the court on hold if it will result in music or other noise. If available, set the phone to "Do Not Disturb" so it will not ring during the hearing.

4. When it is time for you to speak, take your phone off the "speaker" option or headset to minimize background noise and improve sound quality. Position the telephone to minimize paper rustling. Do not use a keyboard or talk with others in the room. Be aware that telephone hearings may be amplified throughout the courtroom.

5. Do not announce your presence until the court calls your case. Simply stay on the line, even if there is only silence, until the judge starts the hearings, and then continue to listen quietly until your case is called.

6. Whenever speaking, first identify yourself. When the court calls your case, it's helpful if the moving party speaks first to avoid multiple parties speaking at the same time.

7. Be on time. The judge may handle late calls the same as a late appearance in the courtroom.

Clerk, U.S. Bankruptcy Court

888 (12/1/13)

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing NOTICE OF MOTION FOR RELIEF FROM AUTOMATIC STAY, CREDITOR INTERNAL REVENUE SERVICE'S MOTION FOR RELIEF FROM AUTOMATIC STAY, PROCEDURES RE: MOTIONS FOR RELIEF FROM STAY (LBF 720.50), TELEPHONE HEARING REQUIREMENTS (LBF 888) were served by mailing a true copy addressed to the following, except those designated as receiving ECF notice, who will be served electronically by ECF:

| | |
|---|---|
| Nicholas J. Henderson, Motschenbacher & Blattner, LLP, Attorney for debtor | ECF Only |
| Amy E Mitchell, Trustee | ECF Only |

Edward A. Ariniello, Jr.
29455 SW Heater Rd.
Sherwood, OR 97140

Dated: December 3, 2021

/s/ Jessie Young
Jessie Young, OSB #135246
Assistant United States Attorney