Nicholas J. Henderson, OSB No. 074027
Motschenbacher & Blattner, LLP
117 SW Taylor Street Suite 300
Portland, OR 97204
(503) 417-0508 Direct
(503) 417-0528 Facsimile
nhenderson@portlaw.com

*Attorneys for Edward A. Ariniello, Jr.*

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re: | Bankruptcy Case No. 21-31142-dwh11 |
| EDWARD A. ARINIELLO, JR., | **MOTION TO WAIVE NOTICE REQUIREMENT FOR APPROVAL OF COMPROMISE** |
| Debtor-in-Possession. | |

Pursuant to 11 U.S.C. §§ 105(a) and 364, and Fed. R. Bankr. P. 9006(a), Debtor Edward A. Ariniello, Jr. ("***Debtor***") moves this Court for entry of an order in the form attached hereto waiving the notice required by Fed. R. Bankr. P. 2002(a)(3), relating to the Debtor's Notice of Settlement and Compromise and Motion to Approve Settlement.

In support of this motion, Debtor respectfully states as follows:

### JURISDICTION

1.      The United States Bankruptcy Court for the District of Oregon (the "Bankruptcy Court") has jurisdiction over the above-captioned bankruptcy case and this motion pursuant to 28 U.S.C. §§ 157 and 1334.

2.      This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and venue of this case and this motion is proper under 28 U.S.C. §§ 1408 and 1409.

MOTION TO WAIVE OR SHORTEN NOTICE REQUIREMENT
REGARDING SETTLEMENT AND COMPROMISE

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

{00502048:1}

## BACKGROUND

3.      On May 17, 2021, Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code.

4.      On June 1, 2019, Debtor filed Missing Documents [ECF No. 19], which included all missing bankruptcy schedules and statement of financial affairs.  In the missing documents, Debtor disclosed transfers of his primary residence to his spouse, but also listed a beneficial interest in half of the residence.  Debtor claimed a homestead exemption for his interest in the residence.

5.      On August 17, 2021, Debtor filed his Chapter 11 Plan of Reorganization, dated August 17, 2021 [ECF No. 30] (the "Plan").  Attached to the Plan is a liquidation analysis, calculating the "best interest number" for purposes of 11 U.S.C. § 1129(a)(7)(A)(ii).  The liquidation analysis contains an asset line-item for Debtor's claimed interest in the residence, as well as the claimed homestead exemption.

6.      On January 3, 2022, the Solomon Creditors filed their Objection to Exemption, and on January 4, 2022, the Solomon Creditors filed their Objection to Confirmation.

7.      The Debtors and Creditor have reached an agreement to resolve the Solomon Creditors' Exemption Objection and the Objection to Confirmation.  The parties' agreement was reduced to writing, and fully executed as of February 9, 2022

8.      After a series of postponements to the confirmation hearing, which were done to enable Debtor and the objecting creditors to negotiate and document a settlement, the confirmation hearing in his case is currently scheduled for February 10, 2022.  The timing of the scheduled confirmation hearing does not allow for regular 21-day notice of the proposed settlement under Fed. R. Bankr. P. 2002(a)(3).  As a result, Debtor requests that the notice requirement be waived.

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

{00502048:1}

Case 21-31142-dwh11   Doc 86   Filed 02/09/22

**RELIEF REQUESTED**

3.     Debtor seeks entry of an order waiving or shortening the notice and objection period in connection with the proposed settlement and Debtor's Notice of Settlement and Compromise and Motion to Approve Settlement that will be filed herewith (the "***Settlement Motion***"), to allow the Court to proceed with evaluating the Settlement Motion at a hearing on February 10, 2022, at 9:00 a.m.  A proposed order is attached hereto as **Exhibit 1**.

4.     Debtors submit that the foregoing facts and circumstances establish just and proper cause for relief under Fed. R. Bankr. P. 2002(a)(3) and Fed. R. Bank. P. 9006(c).

**NOTICE**

5.     Debtors have provide notice of this motion to all creditors and parties in interest that are registered to receive electronic notice through CM/ECF.

**ARGUMENT**

**A.  Good Cause Exists to Waive or Shorten Notice of the Settlement Motion.**

Motions to approve settlements and compromises require 21 days' notice for approval "unless the court for cause shown directs that notice not be sent." Fed. R. Bankr. P. 2002(a)(3).  The notice requirement under Bankruptcy Rule 2002(a)(3) is not absolute, but can be dispensed with "for cause shown." *See In re Patel*, 43 B.R. 500, 503–04 (N.D.Ill.1984); *also see In re Thompson*, 965 F.2d 1136, 1141 (1st Cir. 1992), as amended (May 4, 1992).  The purpose of the notice requirement of Rule 2002 is to provide parties with a pecuniary interest in the settlement an opportunity to object to a settlement agreement that is unsatisfactory. *Triple E. Transp., Inc. v. Caterpillar, Inc. (In re Triple E Transp., Inc.)*, 169 B.R. 368, 373 (E.D.La.1994) (*citing Saccurato v. Masters, Inc. (In re Masters, Inc.)*, 149 B.R. 289, 293 (E.D.N.Y.1992)); *In re W. Point Props.*, 249 B.R. 273, 282 (Bankr.E.D.Tenn.2000).  In cases where the bankruptcy court was found to have properly dispensed

MOTION TO WAIVE OR SHORTEN NOTICE REQUIREMENT
REGARDING SETTLEMENT AND COMPROMISE

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

{00502048:1}

with formal notice requirements under Rule 2002(a)(3) for a compromise or settlement under Rule 9019, generally some exigent circumstance existed where the court needed to act quickly or providing notice to all creditors was unduly burdensome. For example, in *In re Patel*, the district court affirmed the bankruptcy court's approval of the trustee's compromise with a third party in a fraudulent conveyance action without formal notice to creditors because an important redemption period for an estate asset was about to expire, a deadline over which the court had no control and, if the court did not act, the asset would be lost forever. *In re Patel*, 43 B.R. at 503–04.

While the circumstances in this case are not as dire as the situation analyzed in the *Patel* case, good cause exists to shorten or waive the notice period for the Settlement Motion. Debtor and the Solomon Creditors have reached an agreement that will require additional funds to be paid to the Plan, and will delegate authority to the Subchapter V Trustee to perform an independent investigation of any potential avoidance actions against Debtor's spouse or her mortgage company. The settlement also avoids the expense associated with such litigation. The notice period can be waived because the settlement agreement does not adversely impact any creditor or party in interest, and retains the potential for pursuit of avoidance actions.

WHEREFORE, Debtor requests the Court enters an order in the form attached hereto as **Exhibit 1**, to waive the notice period for the Settlement Motion.

DATED: February 9, 2022.

MOTSCHENBACHER & BLATTNER LLP

/s/ Nicholas J. Henderson
Nicholas J. Henderson, OSB No. 074027
117 SW Taylor Street Suite 300
Portland, OR 97204-3029
Phone: (503) 417-0508

Attorneys for Edward A. Ariniello, Jr.

MOTION TO WAIVE OR SHORTEN NOTICE REQUIREMENT
REGARDING SETTLEMENT AND COMPROMISE

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

{00502048:1}

**EXHIBIT 1**
PROPOSED ORDER

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re: | Bankruptcy Case No. 21-31142-dwh11 |
| EDWARD A. ARINIELLO, JR., | ORDER RE: MOTION TO WAIVE NOTICE REQUIREMENT REGARDING DEBTORS' |
| Debtor-in-Possession. | NOTICE OF SETTLEMENT AND COMPROMISE AND MOTION TO APPROVE SETTLEMENT |

This matter came before the Court on Debtors' Motion to Waive or Shorten Notice Requirement Regarding Debtors' Notice of Settlement and Compromise and Motion to Approve Settlement [ECF No. ___] (the "***Motion***").  The Court, having reviewed the Motion and having heard arguments of counsel, hereby finds that good cause exists to waive the notice requirement under Fed. R. Bankr. P. 2002(a)(3), and

IT IS HEREBY ORDERED as follows:

1.  Debtor's MOTION is GRANTED;

2.  The notice requirement in Fed. R. Bankr. P. 2002(a)(3) is waived.

### ###

ORDER RE: MOTION TO WAIVE OR SHORTEN NOTICE REQUIREMENT REGARDING SETTLEMENT AND COMPROMISE

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Presented by:

Motschenbacher & Blattner LLP

/s/ Nicholas J. Henderson
Nicholas J. Henderson, OSB No. 074027
Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, OR 97204
Email: nhenderson@portlaw.com
Phone: (503) 417-0508

I certify that I have complied with the requirements of LBR 9021-1 (a)(2)(A).

## PARTIES TO SERVE

- All parties registered to receive service via CM/ECF

ORDER RE: MOTION TO WAIVE OR SHORTEN NOTICE
REQUIREMENT REGARDING SETTLEMENT AND
COMPROMISE

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com