Nicholas J. Henderson, OSB No. 074027
Motschenbacher & Blattner, LLP
117 SW Taylor Street Suite 300
Portland, OR 97204
(503) 417-0508 Direct
(503) 417-0528 Facsimile
Email: nhenderson@portlaw.com

*Attorneys for Debtor*

## UNITED STATES BANKRUPTCY COURT

### DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>EDWARD A. ARINIELLO, JR.,<br><br>　　　　　　　　Debtor-in-Possession. | Bankruptcy Case No. 21-31142-dwh11<br><br>DEBTOR'S MEMORANDUM IN SUPPORT OF CONFIRMATION OF DEBTOR'S PLAN OF REORGANIZATION AND NOTICE OF PLAN MODIFICATION |

## I.  INTRODUCTION

Debtor-in-Possession Edward A. Ariniello, Jr., submits this Memorandum in Support of Confirmation of Debtor's Plan of Reorganization and Notice of Plan Modification in advance of the confirmation hearing scheduled for February 10, 2022.  Debtor requests entry of an Order Confirming Plan in substantially the form attached hereto as Exhibit 1 (the "***Proposed OCP***"), which would confirm Debtor's the Plan of Reorganization dated August 17, 2021, as modified by the OCP.  In support of confirmation, Debtor relies on the Declaration of Edward A. Ariniello, Jr. filed herewith, the expected testimony at the hearing, and the points and authorities set forth below.

Motschenbacher & Blattner LLP
117 SW Taylor Street Suite 300
Portland, OR 97204
(503) 417-0500

The Plan contains two classes of claims, and one class of interests in property of the estate. Class 1 consists of one creditor, which has voted to reject the Plan. Debtor received five ballots from Class 2 creditors. Three out of the five Class 2 ballots received were accepting votes, but the two rejecting ballots result in rejection by Class 2. However, the two rejecting votes were submitted by creditors that filed objections to confirmation. Debtor has reached a settlement agreement with the objecting creditors. If the settlement agreement is approved by the Court, the objections shall be withdrawn, and the creditors' rejecting ballots will be changed to accepting ballots, and the Plan will be accepted by 100% the voting Class 2 creditors. In that case, the Plan should be confirmed because the Plan satisfies each of the requirements for confirmation under 11 U.S.C. §§ 1129 and 1191, as well as the other applicable provisions of the Bankruptcy Code.

## II. RELEVANT FACTS

### A. Debtors' Chapter 11 Filing.

On May 17, 2021 (the "*Petition Date*"), Debtor filed his voluntary petition under Chapter 11 of Title 11 of the United States Bankruptcy Code (the "*Bankruptcy Code*"). Debtor has continued in possession of his property and management of his business affairs as debtors-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

### B. Summary of the Plan.

Generally, the Plan provides that Debtor will continue to own and operate his business, U.S. Outdoor Holdings, LLC, and will continue to be paid a salary which Debtor will use to fund his Plan. Additionally, the Plan (as modified by the Proposed OCP) will delegate authority to the Subchapter V Trustee, to investigate potential avoidance actions against Debtor's spouse and her mortgage company related to pre-petition transfers.

Motschenbacher & Blattner LLP
117 SW Taylor Street Suite 300
Portland, OR 97204
(503) 417-0500

### C.     Plan Solicitation and Voting Results.

On August 20, 2021, the Court entered an Order Fixing Time For Filing Acceptances Or Rejections Of Plan; And Notice Of Confirmation Hearing [ECF No. 31] (the "***Order Fixing Time***"). That order scheduled the confirmation hearing for October 1, 2021. The Plan was thereafter transmitted to all Creditors and interested parties. The deadline for filing written ballots accepting or rejecting the Plan and filing of objection to the Plan was initially set for September 23, 2021.

The confirmation hearing was subsequently rescheduled through a series of orders that were entered to accommodate the parties' desire to attend a judicial settlement conference, negotiate the resolution of certain objections, and document the parties' settlement. See ECF Nos. 42, 49, 74. The confirmation hearing is currently scheduled for February 10, 2022.

Ballots were timely received from creditors in Classes 1 and 2. Class 1 has rejected the Plan. Class 2 has also rejected the Plan, but that rejection will change to approval if the Court approves the proposed settlement agreement reached by Debtor and the two objecting creditors, Solomon Management, Inc. ("***Solomon Management***") and Robert D. Solomon, in his capacity as Trustee of the Mervin Solomon GST Trust UW 9-29-2008 ("***Solomon***," and together with Solomon Management, the "***Solomon Creditors***"). If the settlement is approved and Class 2 accepts the Plan, there is an impaired accepting class, and the Debtor can satisfy the confirmation requirements of 11 U.S.C. § 1129, without the cram down provisions of § 1191.

### D.     Objections to Confirmation.

The pending objections to be resolved for confirmation are (1) the Joint Objection of Solomon Management, Inc. and Robert D. Solomon To Debtor's Homestead Exemption [ECF No. 69] (the "***Objection to Exemption***"), and (2) the Joint Objection of Solomon Management,

Motschenbacher & Blattner LLP
117 SW Taylor Street Suite 300
Portland, OR 97204
(503) 417-0500

Inc. and Robert D. Solomon to Confirmation of Debtor's Subchapter V Plan [ECF No. 71] (the "***Objection to Confirmation***").  On February 9, 2022, Debtor filed a Notice of Settlement and Compromise and Motion to Approve Settlement [ECF No. 87] (the "***Settlement Motion***").  The Debtor also filed a Motion to Waive Notice Requirement for Approval of Compromise [ECF No. 86].  If the Settlement Motion is approved, the pending objections will be withdrawn by the Solomon Creditors.

### III. ARGUMENT

**A.     The Plan Satisfies the Requirements of Section 1129 for Confirmation.**

Section 1129 sets forth the requirements for confirmation of a chapter 11 plan. Pursuant to § 1129(a), the Court shall confirm a chapter 11 plan only if all of its requirements are met. 11 U.S.C. § 1129(a).  Each subsection of 1129(a) is discussed below.

**1.     The Plan Complies With the Applicable Provisions of § 1129(a)(1).**

Section 1129(a)(1) provides that a court may confirm a chapter 11 plan only if "[t]he plan complies with the applicable provisions of [title 11]." 11 U.S.C. § 1129(a)(1).  The phrase "applicable provisions" has been interpreted to include §§ 1122 and 1123, which govern the classification of claims and interests and the contents of a chapter 11 plan. *See Kane v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 843 F.2d 636, 648-49 (2d Cir. 1988); In re Century Glove, Inc., No. 90-400-SLR, 1993 WL 239489, at *6 (D. Del. Feb. 10, 1993); H.R. Rep. No. 95-595, at 412 (1977), as reprinted in 1978 U.S.C.C.A.N. 5963, 6368; S. Rep. No. 95-989, at 126 (1978), as reprinted in 1978 U.S.C.C.A.N. 5787, 5912.  There is no dispute that the Plan complies with Section 1129(a)(1) and is consistent with 11 U.S.C. §§ 1122 and 1123.

MEMORANDUM IN SUPPORT OF PLAN CONFIRMATION;

Motschenbacher & Blattner LLP
117 SW Taylor Street Suite 300
Portland, OR 97204
(503) 417-0500

**2.    The Plan Complies With the Applicable Provisions of Section 1129(a)(2).**

Section 1129(a)(2) requires that the plan proponent comply with the applicable

provisions of title 11. A principal purpose of § 1129(a)(2) is to ensure plan proponents have

complied with the requirements of the Bankruptcy Code and Bankruptcy Rules regarding

disclosure and the solicitation of acceptances of a plan of reorganization. See H.R. Rep. No. 95-

595 at 412. This case is a Subchapter V case, and therefore a disclosure statement was not

required.  11 U.S.C. § 1181(b).  Nevertheless, as discussed in the Facts section above, in

accordance with the Order Fixing Time: (a) all persons entitled to receive notice of the Plan, and

the Confirmation Hearing received proper, timely, and adequate notice; (b) proper written notice

of the Confirmation Hearing and relevant deadlines for submissions of ballots and objections to

confirmation of the Plan was provided; (c) the Debtor only solicited votes following entry of the

Order Fixing Time; and (d) the Confirmation Hearing Notice was timely published. As votes on

the Plan were solicited following entry of the Order Fixing Time, and notice was provided in

accordance with that same order, the requirements of section 1129(a)(2) have been satisfied. *See*

*In re Drexel Burnham Lambert*, 138 B.R. 723, 769 (Bankr. S.D.N.Y. 1992) ("*Drexel II*") (§

1129(a)(2) satisfied where debtors complied with all provisions of Bankruptcy Code and

Bankruptcy Rules governing notice, disclosure, and solicitation relating to plan).

**3.        The Plan Complies With the Applicable Provisions of Section 1129(a)(3).**

Section 1129(a)(3) requires that a Plan be "proposed in good faith and not by any means

forbidden by law." A Chapter 11 plan is proposed in good faith where it achieves a result

consistent with the objectives and purposes of the Bankruptcy Code. *Platinum Capital, Inc. v.*

*Sylmar Plaza, LP (In re Sylmar Plaza, LP)*, 314 F.3d 1070, 1074 (9th Cir. 2002). In determining

whether the Debtors have acted in good faith in proposing a reorganization plan, the Court must

Motschenbacher & Blattner LLP
117 SW Taylor Street Suite 300
Portland, OR 97204
(503) 417-0500

take into account the totality of the circumstances, including whether the plan deals with the creditors in a fundamentally fair manner. *Jorgensen v. Federal Land Bank (In re Jorgensen)*, 66 B.R. 104, 108-109 (9th Cir BAP 1986).

The Plan proposes to pay creditors from Debtor's continued ownership and operation of U.S. Outdoor Holdings, LLC ("**USOH**"), in amounts consistent with Debtor's proposed income and expense projections and liquidation analysis. The Plan is a good faith effort by Debtor to maximize the recovery to parties in interest, and deals with creditors in a fundamentally fair manner and preserves all rights of creditors and interested parties. No objection has been made regarding whether the Plan satisfies Section 1129(a)(3).

### 4. The Plan Complies With the Applicable Provisions of Section 1129(a)(4).

Section 1129(a)(4) requires that the Plan provide for appropriate court supervision over professional fees and expenses incurred in connection with the case, or in connection with the plan and incident to the case. All such fees and expenses have been or will be submitted to the Court for approval in applications to compensate professionals and, therefore, this requirement is satisfied.

### 5. The Plan Complies With the Applicable Provisions of Section 1129(a)(5).

Section 1129(a)(5) requires: (1) the disclosure of the identity and affiliations of any individual proposed to serve post-confirmation as a successor to the debtors under the plan; (2) that such appointment be consistent with the interests of creditors, equity security holders, and with public policy; and (3) disclosure of the nature of the compensation to be provided to any insiders to be employed or retained post-confirmation. The Debtor is an individual and has no connection to insiders other than himself. Therefore, Section 1129(a)(5) is inapplicable.

Motschenbacher & Blattner LLP
117 SW Taylor Street Suite 300
Portland, OR 97204
(503) 417-0500

### 6. The Plan Complies With the Applicable Provisions of Section 1129(a)(6).

Debtor is not subject to any governmental regulation regarding rate changes, therefore Section 1129(a)(6) is inapplicable.

### 7. The Plan Complies With the Applicable Provisions of Section 1129(a)(7).

Section 1129(a)(7) requires that holders of claims or interests of each impaired class either accept the Plan or "receive or retain under the Plan * * * property of a value, as of the effective date of the plan, that is not less than the amount that such holder would so receive or retain if the debtors were liquidated under Chapter 7...." As shown in the liquidation analysis attached to the Debtor's Plan, The Plan proposes to pay creditors more than they would receive if Debtor's assets were liquidated under Chapter 7. Accordingly, the requirements of Section 1129(A)(7) have been satisfied.

### 8. The Plan Complies With the Applicable Provisions of Section 1129(a)(8).

Section 1129(a)(8) requires that each class of claims has either accepted the Plan or such class is not impaired under the Plan. Because Class 1 is impaired and has not accepted the Plan, Section 1129(a)(8) is not satisfied. Therefore, Debtor seeks to confirm the Plan pursuant to Section 1191(b), which is discussed below.

### 9. The Plan Complies With the Applicable Provisions of Section 1129(a)(9).

Section 1129(a)(9) requires particular treatment with respect to certain priority claims except to the extent that the claimant has agreed to a different treatment.

Section 1129(a)(9)(A) is satisfied because Article 3 of the Plan provides that administrative expenses will be paid in full in cash on the later of the Effective Date or the date on which such claims are approved by the court, unless different treatment is agreed to.

Because this Chapter 11 case was commenced voluntarily, there are no "gap" claims.

{00499067:2}

MEMORANDUM IN SUPPORT OF PLAN CONFIRMATION;

Motschenbacher & Blattner LLP
117 SW Taylor Street Suite 300
Portland, OR 97204
(503) 417-0500

Section 1129(a)(9)(B) does not apply.

Section 1129(a)(9)(C) and (D) is satisfied because Sections 3.3 of the Plan provides that any priority tax claims will be paid.

### 10. The Plan Complies With the Applicable Provisions of Section 1129(a)(10).

Section 1129(a)(10) requires that if a class of claims is impaired under the Plan, at least one class of claims that is impaired under the Plan has accepted the Plan, determined without including any acceptance of the Plan by any insider. If the Settlement Motion is approved, the Solomon Creditors will change their votes to accepting, and Class 2 will have voted to accept the Plan; therefore, Section 1129(a)(10) will have been satisfied.

### 11. The Plan Complies With the Applicable Provisions of Section 1129(a)(11).

Debtors' Plan is feasible and satisfies the requirements of Section 1129(a)(11). The "feasibility" requirement of Section 1129(a)(11) requires that in order to confirm a plan, a court must be satisfied that confirmation "is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtors or any successor to the debtors under the plan, unless such liquidation or reorganization is proposed in the plan." To demonstrate that a plan is feasible, a debtor is required to show a "reasonable probability of success"; a debtor does not have to prove that success is inevitable. *In re Brotby*, 303 B.R. 177, 191 (9th Cir. BAP 2003) (*citing In re Acequia, Inc.*, 787 F.2d 1352, 1364 (9th Cir. 1986)); *In re WCI Cable, Inc.*, 282 B.R. 457, 486 (Bankr. D. Or. 2002). "The mere potential for failure of the plan or the prospect of financial uncertainty is insufficient to disprove feasibility." *In re Sagewood Manor Associates Limited Partnership*, 223 B.R. 756, 762 (Bankr. D. Nev. 1998). The threshold of evidence necessary to establish feasibility is relatively low; a debtor need only establish that there is a

MEMORANDUM IN SUPPORT OF PLAN CONFIRMATION;

Motschenbacher & Blattner LLP
117 SW Taylor Street Suite 300
Portland, OR 97204
(503) 417-0500

reasonable probability that the provisions of the plan of reorganization can be performed. *Brotby*, 303 B.R. at 192; *Sagewood*, 223 B.R. at 762.

As is set forth above, and in the Ariniello Declaration, Debtor has been earning a living consistent with the income and expense projections attached as Exhibit 2 to the Plan. Those projections indicate that the Debtor can afford to make the Plan payments. The projections also contain reasonable assumptions, according to the Debtor's testimony, that his income will increase, and he will be able to make larger payments as the Plan progresses into years 2-5. As a result, Section 1129(a)(11) is satisfied.

### 12. The Plan Complies With the Applicable Provisions of Section 1129(a)(12).

Section 1129(a)(12) requires that certain fees listed in 28 U.S.C. § 1930, as determined by the Court at the hearing on confirmation of the Plan, have been paid or that the Plan provides for the payment of all such fees on the Effective Date of the Plan. Section 3.4 of the Plan provides for the payment of all such fees so this requirement is satisfied.

### 13. The Plan Complies With the Applicable Provisions of Section 1129(a)(13).

Because Debtor offers no retiree benefits as that term is defined in § 1114, Section 1129(a)(13) is not applicable to confirmation of the Plan.

### 14. The Plan Complies With the Applicable Provisions of Section 1129(a)(14).

Debtors are not required to pay domestic support obligations, and thus Section 1129(a)(14) is inapplicable.

### 15. The Plan Complies With the Applicable Provisions of Section 1129(a)(15).

Section 1129(a)(15) does not apply to a case under Subchapter V. 11 U.S.C. § 1181(a).

Motschenbacher & Blattner LLP
117 SW Taylor Street Suite 300
Portland, OR 97204
(503) 417-0500

**16. The Plan Complies With the Applicable Provisions of Section 1129(a)(16).**

Debtor is not a corporation or trust that is not a moneyed, business, or commercial corporation or trust.

**17. The Plan Satisfies Section 1191(b).**

In cases filed under Subchapter V, Section 1191(b) provides:

> Notwithstanding section 510(a) of this title, if all of the applicable requirements of section 1129(a) of this title, other than paragraphs (8), (10), and (15) of that section, are met with respect to a plan, the court, on request of the debtor, shall confirm the plan notwithstanding the requirements of such paragraphs if the plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the plan.

Although the Plan does not comply with Section 1129(a)(8), the Plan complies with Section 1129(b).

The Bankruptcy Code does not define what is 'fair and equitable.' *In re Tucker*, 479 B.R. 873, 878 (Bankr. D. Or. 2012). Instead, the Court is to look at a variety of factors. *Id.* at 879 (citing In re Dollar Assocs., 172 B.R. 945 (Bankr. N.D. Cal. 1994)). Those factors include (1) whether the plan furthers the reorganization goal of preserving equity of the debtor; (2) whether the plan preserves jobs and going concern value; (3) whether the plan significantly furthers the goal of maximizing distribution to creditors; and (4) whether the plan has been rejected by the overwhelming majority of claims. *Id.* The factors that are applicable to this case weigh in favor of confirmation.

Separately, under Section 1191, the absolute priority rule does not apply in a Subchapter V confirmation. "Notably, in a subchapter V case, the absolute priority rule under § 1129(b)(2)(B) is eliminated for cramdown, which will allow existing owners to retain their full ownership without giving any new value, but only if the plan provides for the debtor to distribute

Motschenbacher & Blattner LLP
117 SW Taylor Street Suite 300
Portland, OR 97204
(503) 417-0500

all of its projected disposable income over at least three years from the date the first payment is due under the plan (or property having a value of at least that amount)". *In re Pearl Res. LLC*, Nos. 20-31585, 20-31586, 2020 Bankr. LEXIS 2683, at *65 (Bankr. S.D. Tex. Sep. 30, 2020); *See also In re Body Transit, Inc.*, No. 20-10014 ELF, 2020 Bankr. LEXIS 2111, at *34 n.27 (Bankr. E.D. Pa. Aug. 7, 2020) ("[T]he 'absolute priority rule' of 11 U.S.C. § 1129(b)(2)(B)(ii) does not apply in subchapter V."); *In re Players Network*, No. 20-12890-MKN, 2020 Bankr. LEXIS 3016, at *3 n.6 (Bankr. D. Nev. Oct. 23, 2020) ("Confirmation of a Subchapter V plan does not require compliance with Section 1129(b)(2)(B).").

The Plan furthers the reorganizational goal of preserving the equity of the Debtor; the Plan provides for the Debtor to retain his interest in property of the estate post-confirmation in the same manner as such interest was held pre-petition. Plan, Article 4. The Plan furthers the goal of maximizing distribution to creditors, as the creditors will receive more than they would receive in a hypothetical chapter 7 liquidation. Plan, Exhibit 1.

## CONCLUSION

As demonstrated herein, the Plan, as to be modified by the Order Confirming Plan, complies with the requirements for confirmation; the Plan should be confirmed.

Dated: February 9, 2022.

**MOTSCHENBACHER & BLATTNER LLP**

*/s/ Nicholas J. Henderson*
Nicholas J. Henderson, OSB No. 074027
nhenderson@portlaw.com
117 SW Taylor Street, Suite 300
Portland, OR 97204
Phone: 503-417-0508
Fax: 503-417-0501

Counsel for Debtor Edward Ariniello

Motschenbacher & Blattner LLP
117 SW Taylor Street Suite 300
Portland, OR 97204
(503) 417-0500

# CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below, a true and correct copy of the foregoing

**DEBTOR'S MEMORANDUM IN SUPPORT OF CONFIRMATION OF DEBTOR'S**

**PLAN OF REORGANIZATION** was provided to the following parties through the Court's

Case Management/Electronic Case File system:

- NICHOLAS J HENDERSON    nhenderson@portlaw.com, tcoble@portlaw.com; tsexton@portlaw.com; shalstead@portlaw.com; hendersonnr86571@notify.bestcase.com

- AMBER L LABRECQUE    bankruptcy@zbslaw.com

- GARRETT SHEA LEDGERWOOD    Garrett.Ledgerwood@MillerNash.com, mngd-2823@millernash.comAmy E Mitchell    mitchelltrustee@comcast.net, OR21@ecfcbis.com

- Amy E Mitchell    mitchelltrustee@comcast.net, OR21@ecfcbis.com

- TROY SEXTON    tsexton@portlaw.com, nhenderson@portlaw.com,troy-sexton-4772@ecf.pacerpro.com,tcoble@portlaw.com,courtnotices@portlaw.com

- US Trustee, Portland    USTPRegion18.PL.ECF@usdoj.gov

- JESSIE YOUNG    jessie.young@usdoj.gov, nicole.smith@usdoj.gov

I further certify that on the date set forth below, a true and correct copy of the above-described document was sent to the following parties via first class mail, postage prepaid:

NONE

DATED: February 9, 2022.

MOTSCHENBACHER & BLATTNER, LLP

/s/Nicholas J. Henderson
Nicholas J. Henderson, OSB No. 074027
Attorneys for Debtor Edward Ariniello

Motschenbacher & Blattner LLP
117 SW Taylor Street Suite 300
Portland, OR 97204
(503) 417-0500

**EXHIBIT 1**
**PROPOSED ORDER CONFIRMING PLAN**

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re: | Bankruptcy Case Nos.: |
| EDWARD A. ARINIELLO, JR. | |
| Debtors. | **ORDER CONFIRMING DEBTOR'S FIRST AMENDED JOINT PLAN OF REORGANIZATION, AS MODIFIED AT CONFIRMATION** |

This matter came before the Court on the 10th day of February, 2022, for confirmation of the Debtors' Plan of Reorganization dated August 17, 2022, as modified herein (the "*Plan*"). Based upon the testimony, exhibits, and representations provided at the hearing, and the Court's review of the record, including evidence considered based on requests for judicial notice, and further based on the findings of fact and conclusions of law stated by the Court on the record at the hearing held, the Court finds all requirements for confirmation contained in 11 U.S.C. §§ 1129 and 1191 are met.

ORDER CONFIRMING DEBTOR'S PLAN OF REORGANIZATION AS MODIFIED AT CONFIRMATION

Motschenbacher & Blattner, LLP
117 SW Taylor Street Suite 300
Portland, OR 97204
(503) 417-0500

THE COURT HEREBY FINDS AND CONCLUDES that:

A.     This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 157 and 1334. Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is properly before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B.     The Court further finds that the Plan was properly transmitted to creditors and parties in interest and that all objections to the Plan, if any, have been resolved The Court further finds that the proposed amendments by interlineation set forth below to Debtor's Plan do not adversely change the treatment of the claim of any creditor or the interest of any equity security holder who has not accepted in writing the amendments, and therefore, such amendments shall be deemed accepted by all creditors and interest holders who have previously accepted the Plan.

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1.     The Plan, as modified by the amendments described herein, is confirmed as a non-consensual plan pursuant to 11 U.S.C. §§ 1129 and 1191(b) of the Bankruptcy Code.

2.     The Plan is hereby modified as shown by the redline comments on the attached **Exhibit A.** Attached as **Exhibit B** is a copy of the Plan containing all amendments and modifications addressed by this Order.

3.     This Order is a Final Order. There shall be no stay of this Order under Bankruptcy Rule 3020(e) and the period in which an appeal must be filed shall commence immediately upon the entry hereof in accordance with Bankruptcy Rule 3020(e).

4.     To the extent any provision designated herein as a finding of fact is more properly characterized to be a conclusion of law, it shall be so deemed, and vice versa.

# # #

ORDER CONFIRMING DEBTOR'S PLAN OF REORGANIZATION AS MODIFIED AT CONFIRMATION

Motschenbacher & Blattner, LLP
117 SW Taylor Street Suite 300
Portland, OR 97204
(503) 417-0500

I certify that we have complied with the requirements of LBR 9021-1(a)(2)(A).

**Presented by:**

Motschenbacher & Blattner LLP

/s/ Nicholas J. Henderson
Nicholas J. Henderson, OSB No. 074027
Email: nhenderson@portlaw.com
117 SW Taylor Street, Suite 300
Portland, Oregon 97204-3029
(503) 417-0508 Direct
(503) 417-0528 Facsimile

Counsel for Debtor Edward A. Ariniello, Jr.

Page 3
{00499836:2}
ORDER CONFIRMING DEBTOR'S PLAN OF
REORGANIZATION AS MODIFIED AT
CONFIRMATION

Motschenbacher & Blattner, LLP
117 SW Taylor Street Suite 300
Portland, OR 97204
(503) 417-0500

Case 21-31142-dwh11    Doc 88    Filed 02/09/22

Nicholas J. Henderson, OSB #074027
nhenderson@portlaw.com
Motschenbacher & Blattner LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Telephone: (503) 417-0500
Facsimile: (503) 417-0521

*Of Attorneys for Debtor Edward A. Ariniello, Jr.*

### UNITED STATES BANKRUPTCY COURT

### DISTRICT OF OREGON

| | |
|---|---|
| In re: | Case No. 21-31142-dwh11 |
| EDWARD A. ARINIELLO, JR., | DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION DATED ~~AUGUST 17, 2021~~FEBRUARY 9, 2022 |
| Debtor. | |

You are encouraged to carefully review the full text of this document, including all exhibits and attachments, before deciding how to vote on the Plan. To assist you in your review, please note that a list of definitions and a section of frequently asked questions appear at the end of this document.

**IN ADDITION TO CASTING YOUR VOTE TO ACCEPT OR REJECT THE PLAN, YOU MAY OBJECT TO CONFIRMATION OF THE PLAN. IF YOU WISH TO OBJECT TO CONFIRMATION OF THE PLAN, YOU MUST DO SO BY THE DEADLINE SET FORTH IN THE NOTICE OF CONFIRMATION HEARING.**

**YOUR BALLOT STATING HOW YOU ARE VOTING ON THE PLAN MUST BE RETURNED BY THE DATE PROVIDED IN THE COURT'S ORDER FIXING TIME FOR FILING ACCEPTANCES OR REJECTION OF THE PLAN; AND NOTICE OF CONFIRMATION HEARING. THE BALLOT MUST BE MAILED TO MOTSCHENBACHER & BLATTNER LLP, ATTN: NICHOLAS J. HENDERSON, 117 SW TAYLOR STREET, SUITE 300, PORTLAND, OR 97204.**

Your rights may be affected by this Plan. You should consider discussing this document with an attorney.

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Questions regarding this Plan may be directed to the attorneys for the Debtor-In-Possession, using the contact information provided above.

Edward A. Ariniello, Jr. (the "Debtor" or "Plan Proponent") hereby submits this First Amended Plan of Reorganization dated ~~August 17, 2021~~February 9, 2022 (the "Plan").

**Background for Cases Filed Under Subchapter V.**

### A. Description and History of the Debtor's Business

The Debtor is an individual residing in ~~Washington~~Clackamas County, Oregon. Debtor owns 68.4% of the outstanding membership interest of U.S. Outdoor Holding LLC ("USOH"), an Oregon manager-managed limited liability company headquartered in Multnomah County, Oregon. USOH operates U.S. Outdoor Store (the "Store") as a retail establishment for outdoor sports and activities such as camping, hiking, skiing, snowboarding and more. Debtor is USOH's manager and the primary operator at the Store.

Debtor purchased the Store in 2017, and organized USOH that same year. Under Debtor's management, the Store was relocated to Northwest Portland, after having been located on Broadway Street in downtown Portland since 1986. USOH is a debtor in its own Chapter 11 Subchapter V case, U.S. Bankruptcy Court (D. Oregon) Case No. 20-32571-dwh11 (the "USOH Case"). USOH's Plan of Reorganization was confirmed in the USOH Case on January 27, 2021. See ECF No. 131; Case No. 20-32571-dwh11.

### B. Liquidation Analysis

To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation. A liquidation analysis is attached to the Plan as **Exhibit 1**.

### C. Ability to make future plan payments and operate without further reorganization

The Debtor must also show that it will have enough cash over the life of the Plan to make the required Plan payments and operate the Debtor's business.

The Plan Proponent has provided projected financial information as **Exhibit 2**.

The Plan Proponent's financial projections show that the Debtor will have projected disposable income (as defined by § 1191(d) of the Bankruptcy Code) for the period described in § 1191(c)(2) of $~~15~~35,147.96.

The final Plan payment is expected to be paid on the ~~36th~~60th month following confirmation of the Plan, which is anticipated to be ~~September, 2024~~March, 2027.

DEBTOR'S FIRST AMENDED PLAN OF
REORGANIZATION (DATED FEBRUARY 9, 2022)

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

The Plan Proponent's financial projections are based on the Debtor's current income and expenses, which were used to calculate the Debtor's current disposable income. The Debtor projects that his business will continue to improve, and that he will be able to modestly increase his personal income from the business as a result.

You should consult with your accountant or other financial advisor if you have any questions pertaining to these projections.

## I.   ARTICLE 1: SUMMARY

This Plan of Reorganization (the Plan) under chapter 11 of the Bankruptcy Code (the Code) proposes to pay creditors of ~~(the Debtor) from [Specify sources of payment, such as an infusion of capital, loan proceeds, sale of assets, cash flow from operations, or future income].~~the Debtor from ownership and operation of, and employment by, USOH, and through contribution of his share of household tax refunds received during the three years following the Effective Date of the Plan.

This Plan provides for:     0 class of priority claims;
0 classes of secured claims;
2 classes of non-priority unsecured claims; and
1 classes of equity security holders.

Non-priority unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately $0.05 cents on the dollar. This Plan also provides for the payment of administrative and priority claims.

All creditors and equity security holders should refer to Articles 3 through 6 of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan.

## II.     ARTICLE 2: CLASSIFICATION OF CLAIMS AND INTERESTS

2.1     <u>Class 1</u>.  The non-priority unsecured claim of National Funding.

2.2     <u>Class 2</u>.  All non-priority unsecured claims allowed under § 502 of the Code.

2.3     <u>Class 3</u>.  The interests of the individual Debtor in property of the estate.

## III.     ARTICLE 3: TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, PRIORITY TAX CLAIMS, AND QUARTERLY AND COURT FEES

3.1     <u>Unclassified claims</u>.  Under section § 1123(a)(1), administrative expense claims, and priority tax claims are not in classes.

DEBTOR'S FIRST AMENDED PLAN OF
REORGANIZATION (DATED FEBRUARY 9, 2022)

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

3.2    _Administrative expense claims_.  Each holder of an administrative expense claim allowed under § 503 of the Code, will be paid in full on the Effective Date of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.3    _Priority tax claims_.  Each holder of a priority tax claim will be paid in full over a period not later than the order for relief.  The claim of the Internal Revenue Service is being paid in full pursuant to the terms of the USOH Plan.  No payments shall be made by the Debtor under this Plan to the Internal Revenue Service.  In the event of a default under the USOH Plan, the Debtor shall amend this Plan to provide for payment to the IRS.  Such provision will reduce the amount of payments to be made to non-priority unsecured creditors.

3.4    _Statutory fees_.  All fees required to be paid under 28 U.S.C. § 1930 that are owed on or before the Effective Date of this Plan have been paid or will be paid on the Effective Date.

3.5    _Prospective quarterly fees_  All quarterly fees required to be paid under 28 U.S.C. § 1930(a)(6) or (a)(7) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code

**IV.    ARTICLE 4: TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN.**

Claims and interests shall be treated as follows under this Plan:

| Class | Treatment |
|-------|-----------|
| **Class 1** – The non-priority unsecured claim of National Funding, Inc. | Class 1 is impaired.  The Class 1 Claim of National Funding is being paid in full under the terms of the USOH Plan.  The Debtor shall not make any payments to the Class 1 creditor unless National Funding, Inc. is not paid in full by USOH.  In the event that USOH fails to pay National Funding, Inc. under the terms of its plan, the Class 1 claim shall receive payments under this Plan in the same manner as the Class 2 Claimants. |
| **Class 2** – All non-priority unsecured creditors not otherwise classified under the Plan. | Class 2 is impaired.  The Class 2 claims will be paid ~~based on the amounts required by 11 U.S.C. § 1129(a)(15)(B), which the Debtor estimates to be $15,147.96 based on the Disposable Income Projection attached hereto as~~ **~~Exhibit 2~~**.  ~~Creditors will receive~~ approximately ~~0.53~~1.00% of their claims.  ~~Payment of any dividend~~This percentage will ~~depend~~vary depending on the amounts of allowed priority (including costs of administration of the Estate and the Debtor's attorney fees), and allowed non-priority unsecured claims.  Unsecured claims shall be paid pro-rata on a quarterly basis, after payment of administrative claims ~~on a pro-rata basis on a quarterly basis~~.  The dividend shall consist of each creditor's pro-rata share of the portion of the Debtor's Quarterly Payment (defined below) remaining after payment of administrative claims.  The Debtor's Quarterly Payment shall be: |

DEBTOR'S FIRST AMENDED PLAN OF
REORGANIZATION (DATED FEBRUARY 9, 2022)

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

| | |
|---|---|
| | - $780.00 per quarter during the first year after the Effective Date of the Plan;<br>- $1,200 per quarter during the second year after the Effective Date of the Plan;<br>- $1,650 per quarter during the third year after the Effective Date of the Plan.<br>- Additionally, the Debtor shall $2,500 per quarter during the fourth and fifth years after the Effective Date of the Plan, or until such time that Debtor has made plan payments totaling $35,147.96, exclusive of (1) tax refunds contributed to the Plan, as described below and (2) any amounts recovered from avoidance claims, as discussed in Article 7 below.<br><br>The Debtor shall also contribute his share of the household tax refund to the Plan each year, if any, for the 3 years following the Effective Date. Class 2 creditors shall receive their pro-rata share of the Debtor's portion of the household tax refund that remains after payment to administrative claims. |
| **Class 3** – Debtor's Interest in Property of the Estate | Class 3 is unimpaired. Class 3 is the Debtor, who shall retain his interest in property of the estate. |

## V.  ARTICLE 5: ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.1  <u>Disputed Claim</u>.  A disputed claim is a claim that has not been allowed or disallowed [by a final non-appealable order], and as to which either:

(i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or

(ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.2  <u>Delay of distribution on a disputed claim</u>.  No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

5.3  <u>Settlement of disputed claims</u>.  The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

5.4  <u>Allowance of Certain Claims</u>. Upon confirmation of this Plan, the claim of Solomon Management, Inc. (Claim No. 4-1) and the claim of Robert D. Solomon, in his capacity as Trustee of the Mervin Solomon GST Trust UW 9-29-2008 (Claim No. 5-1) shall be deemed allowed.

## VI.  ARTICLE 6: PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Except for executory contracts and unexpired leases that have been assumed, and if applicable assigned, before the Effective Date or under ~~section 6.01(a) of~~ this Plan, or that are the subject of a pending motion to assume, and if applicable assign, the Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the Effective Date.

A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than 30 days after the date of the order confirming this Plan.

## VII.    ARTICLE 7: MEANS FOR IMPLEMENTATION OF THE PLAN

7.1     General Plan Funding.  Debtor intends to implement the Plan by continuing his ownership and operation of, and employment by, USOH, and through contribution of his share of household tax refunds received during the three years following the Effective Date of the Plan.  The net disposable income to be generated through Debtor's continued operation of USOH is shown in the attached **Exhibit 2**.

7.2     Avoidance Actions.  Any funds recovered from actions arising under Chapter 5 of the Bankruptcy Code shall be used to make additional payments to Creditors under the Plan.  Debtor has not yet completed his investigation with regard to prepetition transactions.  Debtor anticipates completing his investigation by May 31, 2022, and, except as set forth below, retains all rights to pursue any actions arising under chapter 5 of the Code after the Effective Date.

7.2.1    Delegation of Specific Avoidance Actions.  Amy Mitchell, Subchapter V Trustee or any successor trustee appointed in the Bankruptcy Case (the "***Bankruptcy Trustee***"), shall have the authority, on behalf and as representative of the Debtor's bankruptcy estate to investigate, evaluate, pursue and/or settle avoidance and recovery actions relating to (1) the transfer recorded on November 17, 2020 (the "***Second Transfer***"), of Debtor's legal interest in the real property located at 29455 SW Heater Rd., Sherwood OR 97140 (the "***Debtor's Residence***"), and (2) the deed of trust recorded against Debtor's Residence on November 23, 2020, to secure a debt in the amount of $510,400 (the "***New Mortgage***").  The Bankruptcy Trustee may pursue such claims against Carrie Ariniello, the Debtor's spouse, or Finance of America Mortgage LLC ("***FAMLLC***"), under the applicable provisions of Chapter 5 of the Bankruptcy Code and Oregon's Uniform Fraudulent Transfer Act, ORS 95.200 to 95.310.

7.2.2.   Limitation on Delegated Actions.  The Bankruptcy Trustee's authority to pursue any avoidance claim shall be limited to: (i) avoiding the Second Transfer and the lien granted to FAMLLC in relation to the New Mortgage (the "***Potential Avoidance Actions***"), and (ii) subject to the limitation in 11 U.S.C. § 550(d), recovering the difference—if any—between (a) the value of the Debtor's equity in the Residence if the Second Transfer and/or the New Mortgage are avoided and (b) $133,000.

7.2.3    Timing.  Prior to filing any avoidance action related to the Second Transfer or the New Mortgage, the Bankruptcy Trustee shall file a report (the "***Report***") with her findings, her proposed course of action, and the estimated amount of recovery.  If the Bankruptcy Trustee determines that

DEBTOR'S FIRST AMENDED PLAN OF
REORGANIZATION (DATED FEBRUARY 9, 2022)

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

additional recovery is unlikely, the Bankruptcy Trustee shall indicate that in the Report. The Report shall be filed no later than 180 days of the Effective Date.

7.2.4    Pre-Filing Resolution.  If the Report indicates that the Bankruptcy Trustee believes that additional amounts are likely to be recovered through an avoidance and recovery action, after accounting for the limitations set forth in Section 7.2.2 above, the Debtor may resolve the matter and obviate the filing of an avoidance action by the Bankruptcy Trustee by amending the Modified Plan to pay to creditors the estimated recovery described in the Report (the "***Pre-Avoidance Amended Plan***").  To elect this pre-filing resolution, Debtor must (i) file the Pre-Avoidance Amended Plan within 30 days of the date the Report is filed and (ii) obtain confirmation of the Pre-Avoidance Amended Plan within 90 days of the date the Report is filed.  If the Pre-Avoidance Amended Plan is both timely filed and confirmed as provided in this paragraph, upon confirmation of the Pre-Avoidance Amended Plan the delegation to the Bankruptcy Trustee shall be deemed terminated. If the Pre-Avoidance Amended Plan is not timely filed or timely confirmed, following the earlier of such date, the Bankruptcy Trustee shall commence on behalf of the Debtor's bankruptcy estate any Potential Avoidance Actions recommended in the Report. Any fees and costs of the Bankruptcy Trustee's and the Bankruptcy Trustee's counsel in connection with the Report and with any avoidance actions shall be paid as an administrative expense.

7.2.5    Post-Filing Resolution.  In the event the Bankruptcy Trustee avoids the Second Transfer and/or the New Mortgage lien to FAMLLC, Debtor shall pay to creditors under the value of any transfers avoided by the Bankruptcy Trustee that is not already accounted for in the liquidation analysis of this Plan. An amended plan providing for such increased payment (the "Post-Avoidance Amended Plan") must (i) be filed by the Debtor within 60 days of avoidance by the Bankruptcy Trustee and (ii) confirmed by the Bankruptcy Court within 120 days of avoidance. If the Post-Avoidance Amended Plan is not timely filed or confirmed within such time frame, on request of a party in interest, this case shall be converted to a case under chapter 7 of the Bankruptcy Code.

# VIII.   ARTICLE 8: GENERAL ~~PROVISION~~PROVISIONS

8.1    <u>Definitions and rules of construction</u>.  The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

8.2    <u>Effective Date</u>.  The Effective Date of this Plan is the first business day following the date that is 14 days after the entry of the confirmation order. If, however, a stay of the confirmation order is in effect on that date, the Effective Date will be the first business day after the date on which the stay expires or is otherwise terminated.

8.3    <u>Severability</u>.  If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

DEBTOR'S FIRST AMENDED PLAN OF
REORGANIZATION (DATED FEBRUARY 9, 2022)

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

8.4    Binding Effect.  The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.5    Captions.  The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.6    Controlling Effect.  Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Oregon govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

8.7    Notices.  Unless otherwise agreed to between a creditor and the Debtor or otherwise stated in the Plan, all notices required or permitted to be made in accordance with the Plan shall be in writing and shall be delivered personally or by regular or certified mail, return receipt requested.  Notice to a holder of an allowed claim shall be directed to the address set forth within its Proof of Claim filed with the Court, or if none, to its address set forth in the schedules prepared and filed with the Court, as amended. Notices to the Debtor shall be directed the following:

Debtor:                        Edward A. Ariniello, Jr.
                               29455 SW Heater Rd.
                               Sherwood OR  97140

Debtor's Attorney:             Nicholas J. Henderson
                               Motschenbacher & Blattner, LLP
                               117 SW Taylor Street, Suite 300
                               Portland, OR 97204
                               Fax: (503) 417-0501

Notices shall be deemed given upon delivery, if personally delivered, and upon mailing, if mailed. Any person may change the address at which such person is to receive notices under the Plan by sending written notice, pursuant to the provisions of this section, to the Debtor and any other person to be charged with knowledge of such change.

## IX.    ARTICLE 9: DISCHARGE

If the Debtor's Plan is confirmed under Notwithstanding § 1191(a), on the Debtor shall not receive a discharge in this case until the Effective Date of Debtor has completed all payments required by the Plan and the court grants a discharge upon completion of all payments due hereunder. Further, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code. The Debtor will not not be discharged from any debt:

(i)      imposed by this Plan; or

(i)      excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.;

Page 8 of 10      DEBTOR'S FIRST AMENDED PLAN OF
{00502099:1}       REORGANIZATION (DATED FEBRUARY 9, 2022)

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Exhibit A - Page 8 of 10
Case 21-31142-dwh11   Doc 88   Filed 02/09/22

~~If the Debtor's Plan is confirmed under § 1191(b), confirmation of the Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments due within the first 3 years of this Plan, or as otherwise provided in § 1192 of the Code. The Debtor will not be discharged from any debt:~~

(ii) on which the last payment is due after the first ~~3~~5 years of the plan, or as otherwise provided in § 1192; or

(ii) excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

## X. ARTICLE 10: DEFAULT.

Except as otherwise specifically provided in the Plan, in the event Debtor shall default in the performance of any of her obligations under the Plan, then a claimant may pursue such remedies as are available at law or in equity. An event of default occurring with respect to one Claim shall not be an event of default with respect to any other Claim.

Nothing contained in the Plan shall limit the right of any party to reopen this case or to convert this case to a liquidation case under Chapter 7 of the Bankruptcy Code if cause for such relief exists.

Debtor shall be entitled to written notice of any claimed default under the Plan, and shall have twenty (20) days opportunity to cure. If such claimed default is cured within the twenty (20) days cure period, then such Creditor shall not be entitled to enforce any remedies which would otherwise be available on account of such default. If Debtor fails to cure within the twenty (20) days cure period, then such Creditor may seek such remedies as are granted by law to enforce its rights arising under and pursuant to the Plan, including seeking an order to compel such performance. The default and cure provisions contained in the Plan shall supersede any provisions concerning default and cure contained in any other agreement between Debtor and any Creditor affected by the Plan. Notice of default shall be effective when ~~served simultaneously via fax at the number shown below and~~ mailed to both the Debtor and to the Debtor's attorney, postage prepaid, at the ~~following addresses:~~address provided on the docket of the bankruptcy case.

## XI. ARTICLE 11.: RETENTION OF JURISDICTION.

Notwithstanding the entry of the order confirming the Plan, the Court shall retain jurisdiction of this Chapter 11 case pursuant to and for the purposes set forth in 11 U.S.C. §1127(b) and (a) to classify the Claim of any Creditor, reexamine Claims which have been allowed for voting purposes and determine any objection that may be filed to Claims; (b) to determine requests for payment of Claims entitled to priority under § 507(a)(2) of the Code, including compensation and reimbursement of expenses in favor of professionals employed at the expense of the estate; (c) to avoid transfers or obligations and to subordinate Claims under Chapter 5 of the Bankruptcy Code; (d) to approve the assumption, assignment of rejection of executory contracts and unexpired leases pursuant to 11 U.S.C. §§ 365 and 1123; (e) to resolve all controversies and disputes regarding the interpretation of the Plan; (f)

DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION (DATED FEBRUARY 9, 2022)

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

to implement the provisions of the Plan and enter orders in aid of confirmation; (g) to adjudicate any and all adversary proceedings and contested matters pending or hereafter commenced in this Chapter 11 case; (h) to enter a final decree closing this Chapter 11 case; for such other matters as may be set forth in the Confirmation Order; (i) to determine the nature and extent of Debtor's ownership, or rights in property held by the Debtor as of the Petition Date, including but not limited to actions to quiet title; and (j) reopen the case for the limited purpose of granting Debtor a discharge under 11 U.S.C. §1141 upon completion of the Plan payments.

Dated ~~August 17, 2021~~February 9, 2022

MOTSCHENBACHER & BLATTNER LLP

/s/ Nicholas J. Henderson
Nicholas J. Henderson, OSB No. 074027
Attorney for the Debtor In Possession

DEBTOR'S FIRST AMENDED PLAN OF
REORGANIZATION (DATED FEBRUARY 9, 2022)

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Nicholas J. Henderson, OSB #074027
nhenderson@portlaw.com
Motschenbacher & Blattner LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Telephone: (503) 417-0500
Facsimile: (503) 417-0521

*Of Attorneys for Debtor Edward A. Ariniello, Jr.*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF OREGON

| | |
|---|---|
| In re: | Case No. 21-31142-dwh11 |
| EDWARD A. ARINIELLO, JR., | DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION DATED |
| Debtor. | FEBRUARY 9, 2022 |

You are encouraged to carefully review the full text of this document, including all exhibits and attachments, before deciding how to vote on the Plan. To assist you in your review, please note that a list of definitions and a section of frequently asked questions appear at the end of this document.

**IN ADDITION TO CASTING YOUR VOTE TO ACCEPT OR REJECT THE PLAN, YOU MAY OBJECT TO CONFIRMATION OF THE PLAN. IF YOU WISH TO OBJECT TO CONFIRMATION OF THE PLAN, YOU MUST DO SO BY THE DEADLINE SET FORTH IN THE NOTICE OF CONFIRMATION HEARING.**

**YOUR BALLOT STATING HOW YOU ARE VOTING ON THE PLAN MUST BE RETURNED BY THE DATE PROVIDED IN THE COURT'S ORDER FIXING TIME FOR FILING ACCEPTANCES OR REJECTION OF THE PLAN; AND NOTICE OF CONFIRMATION HEARING. THE BALLOT MUST BE MAILED TO MOTSCHENBACHER & BLATTNER LLP, ATTN: NICHOLAS J. HENDERSON, 117 SW TAYLOR STREET, SUITE 300, PORTLAND, OR 97204.**

Your rights may be affected by this Plan. You should consider discussing this document with an attorney.

Questions regarding this Plan may be directed to the attorneys for the Debtor-In-Possession, using the contact information provided above.

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Edward A. Ariniello, Jr. (the "Debtor" or "Plan Proponent") hereby submits this Plan of Reorganization dated February 8, 2022 (the "Plan").

## Background for Cases Filed Under Subchapter V.

### A. Description and History of the Debtor's Business

The Debtor is an individual residing in Clackamas County, Oregon. Debtor owns 68.4% of the outstanding membership interest of U.S. Outdoor Holding LLC ("USOH"), an Oregon manager-managed limited liability company headquartered in Multnomah County, Oregon. USOH operates U.S. Outdoor Store (the "Store") as a retail establishment for outdoor sports and activities such as camping, hiking, skiing, snowboarding and more. Debtor is USOH's manager and the primary operator at the Store.

Debtor purchased the Store in 2017, and organized USOH that same year. Under Debtor's management, the Store was relocated to Northwest Portland, after having been located on Broadway Street in downtown Portland since 1986. USOH is a debtor in its own Chapter 11 Subchapter V case, U.S. Bankruptcy Court (D. Oregon) Case No. 20-32571-dwh11 (the "USOH Case"). USOH's Plan of Reorganization was confirmed in the USOH Case on January 27, 2021. See ECF No. 131; Case No. 20-32571-dwh11.

### B. Liquidation Analysis

To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation. A liquidation analysis is attached to the Plan as **Exhibit 1**.

### C. Ability to make future plan payments and operate without further reorganization

The Debtor must also show that it will have enough cash over the life of the Plan to make the required Plan payments and operate the Debtor's business.

The Plan Proponent has provided projected financial information as **Exhibit 2**.

The Plan Proponent's financial projections show that the Debtor will have projected disposable income (as defined by § 1191(d) of the Bankruptcy Code) for the period described in § 1191(c)(2) of $35,147.96.

The final Plan payment is expected to be paid on the 60th month following confirmation of the Plan, which is anticipated to be March, 2027.

The Plan Proponent's financial projections are based on the Debtor's current income and expenses, which were used to calculate the Debtor's current disposable income. The Debtor projects that his

DEBTOR'S FIRST AMENDED PLAN OF
REORGANIZATION (DATED FEBRUARY 9, 2022)

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

business will continue to improve, and that he will be able to modestly increase his personal income from the business as a result.

You should consult with your accountant or other financial advisor if you have any questions pertaining to these projections.

## I. ARTICLE 1: SUMMARY

This Plan of Reorganization (the Plan) under chapter 11 of the Bankruptcy Code (the Code) proposes to pay creditors of the Debtor from ownership and operation of, and employment by, USOH, and through contribution of his share of household tax refunds received during the three years following the Effective Date of the Plan.

This Plan provides for:
- <u>0</u> class of priority claims;
- <u>0</u> classes of secured claims;
- <u>2</u> classes of non-priority unsecured claims; and
- <u>1</u> classes of equity security holders.

Non-priority unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately $0.05 cents on the dollar. This Plan also provides for the payment of administrative and priority claims.

All creditors and equity security holders should refer to Articles 3 through 6 of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan.

## II. ARTICLE 2: CLASSIFICATION OF CLAIMS AND INTERESTS

2.1 <u>Class 1</u>. The non-priority unsecured claim of National Funding.

2.2 <u>Class 2</u>. All non-priority unsecured claims allowed under § 502 of the Code.

2.3 <u>Class 3</u>. The interests of the individual Debtor in property of the estate.

## III. ARTICLE 3: TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, PRIORITY TAX CLAIMS, AND QUARTERLY AND COURT FEES

3.1 <u>Unclassified claims</u>. Under section § 1123(a)(1), administrative expense claims, and priority tax claims are not in classes.

3.2 <u>Administrative expense claims</u>. Each holder of an administrative expense claim allowed under § 503 of the Code, will be paid in full on the Effective Date of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

DEBTOR'S FIRST AMENDED PLAN OF
REORGANIZATION (DATED FEBRUARY 9, 2022)

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

3.3    Priority tax claims.  Each holder of a priority tax claim will be paid in full over a period not later than the order for relief.  The claim of the Internal Revenue Service is being paid in full pursuant to the terms of the USOH Plan.  No payments shall be made by the Debtor under this Plan to the Internal Revenue Service.  In the event of a default under the USOH Plan, the Debtor shall amend this Plan to provide for payment to the IRS.  Such provision will reduce the amount of payments to be made to non-priority unsecured creditors.

3.4    Statutory fees.  All fees required to be paid under 28 U.S.C. § 1930 that are owed on or before the Effective Date of this Plan have been paid or will be paid on the Effective Date.

3.5    Prospective quarterly fees  All quarterly fees required to be paid under 28 U.S.C. § 1930(a)(6) or (a)(7) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code

## IV.    ARTICLE 4: TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN.

Claims and interests shall be treated as follows under this Plan:

| Class | Treatment |
|---|---|
| **Class 1** – The non-priority unsecured claim of National Funding, Inc. | Class 1 is impaired.  The Class 1 Claim of National Funding is being paid in full under the terms of the USOH Plan.  The Debtor shall not make any payments to the Class 1 creditor unless National Funding, Inc. is not paid in full by USOH.  In the event that USOH fails to pay National Funding, Inc. under the terms of its plan, the Class 1 claim shall receive payments under this Plan in the same manner as the Class 2 Claimants. |
| **Class 2** – All non-priority unsecured creditors not otherwise classified under the Plan. | Class 2 is impaired.  The Class 2 claims will be paid approximately 1.00% of their claims.  This percentage will vary depending on the amounts of allowed priority (including costs of administration of the Estate and the Debtor's attorney fees), and allowed non-priority unsecured claims.  Unsecured claims shall be paid pro-rata on a quarterly basis, after payment of administrative claims.  The dividend shall consist of each creditor's pro-rata share of the portion of the Debtor's Quarterly Payment (defined below) remaining after payment of administrative claims.  The Debtor's Quarterly Payment shall be: <br>• $780.00 per quarter during the first year after the Effective Date of the Plan; <br>• $1,200 per quarter during the second year after the Effective Date of the Plan; <br>• $1,650 per quarter during the third year after the Effective Date of the Plan. <br>• $2,500 per quarter during the fourth and fifth years after the Effective Date of the Plan, or until such time that Debtor has |

DEBTOR'S FIRST AMENDED PLAN OF
REORGANIZATION (DATED FEBRUARY 9, 2022)

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

| | |
|---|---|
| | made plan payments totaling $35,147.96, exclusive of (1) tax refunds contributed to the Plan, as described below and (2) any amounts recovered from avoidance claims, as discussed in Article 7 below.<br>The Debtor shall also contribute his share of the household tax refund to the Plan each year, if any, for the 3 years following the Effective Date. Class 2 creditors shall receive their pro-rata share of the Debtor's portion of the household tax refund that remains after payment to administrative claims. |
| **Class 3** – Debtor's Interest in Property of the Estate | Class 3 is unimpaired. Class 3 is the Debtor, who shall retain his interest in property of the estate. |

## V.     ARTICLE 5: ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.1     <u>Disputed Claim</u>.  A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either:

(i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or

(ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.2     <u>Delay of distribution on a disputed claim</u>.  No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

5.3     <u>Settlement of disputed claims</u>.  The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

5.4     Allowance of Certain Claims. Upon confirmation of this Plan, the claim of Solomon Management, Inc. (Claim No. 4-1) and the claim of Robert D. Solomon, in his capacity as Trustee of the Mervin Solomon GST Trust UW 9-29-2008 (Claim No. 5-1) shall be deemed allowed.

## VI.     ARTICLE 6: PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Except for executory contracts and unexpired leases that have been assumed, and if applicable assigned, before the Effective Date or under this Plan, or that are the subject of a pending motion to assume, and if applicable assign, the Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the Effective Date.

A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than 30 days after the date of the order confirming this Plan.

DEBTOR'S FIRST AMENDED PLAN OF
REORGANIZATION (DATED FEBRUARY 9, 2022)

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

7.1    <u>General Plan Funding</u>.  Debtor intends to implement the Plan by continuing his ownership and operation of, and employment by, USOH, and through contribution of his share of household tax refunds received during the three years following the Effective Date of the Plan.  The net disposable income to be generated through Debtor's continued operation of USOH is shown in the attached **Exhibit 2**.

7.2    <u>Avoidance Actions</u>.  Any funds recovered from actions arising under Chapter 5 of the Bankruptcy Code shall be used to make additional payments to Creditors under the Plan.  Debtor has not yet completed his investigation with regard to prepetition transactions.  Debtor anticipates completing his investigation by May 31, 2022, and, except as set forth below, retains all rights to pursue any actions arising under chapter 5 of the Code after the Effective Date.

7.2.1    <u>Delegation of Specific Avoidance Actions</u>.  Amy Mitchell, Subchapter V Trustee or any successor trustee appointed in the Bankruptcy Case (the "***Bankruptcy Trustee***"), shall have the authority, on behalf and as representative of the Debtor's bankruptcy estate to investigate, evaluate, pursue and/or settle avoidance and recovery actions relating to (1) the transfer recorded on November 17, 2020 (the "***Second Transfer***"), of Debtor's legal interest in the real property located at 29455 SW Heater Rd., Sherwood OR 97140 (the "***Debtor's Residence***"), and (2) the deed of trust recorded against Debtor's Residence on November 23, 2020, to secure a debt in the amount of $510,400 (the "***New Mortgage***").  The Bankruptcy Trustee may pursue such claims against Carrie Ariniello, the Debtor's spouse, or Finance of America Mortgage LLC ("***FAMLLC***"), under the applicable provisions of Chapter 5 of the Bankruptcy Code and Oregon's Uniform Fraudulent Transfer Act, ORS 95.200 to 95.310.

7.2.2.    <u>Limitation on Delegated Actions</u>.  The Bankruptcy Trustee's authority to pursue any avoidance claim shall be limited to: (i) avoiding the Second Transfer and the lien granted to FAMLLC in relation to the New Mortgage (the "***Potential Avoidance Actions***"), and (ii) subject to the limitation in 11 U.S.C. § 550(d), recovering the difference—if any—between (a) the value of the Debtor's equity in the Residence if the Second Transfer and/or the New Mortgage are avoided and (b) $133,000.

7.2.3    <u>Timing</u>.  Prior to filing any avoidance action related to the Second Transfer or the New Mortgage, the Bankruptcy Trustee shall file a report (the "***Report***") with her findings, her proposed course of action, and the estimated amount of recovery.  If the Bankruptcy Trustee determines that additional recovery is unlikely, the Bankruptcy Trustee shall indicate that in the Report.  The Report shall be filed no later than 180 days of the Effective Date.

7.2.4    <u>Pre-Filing Resolution</u>.  If the Report indicates that the Bankruptcy Trustee believes that additional amounts are likely to be recovered through an avoidance and recovery action, after accounting for the limitations set forth in Section 7.2.2 above, the Debtor may resolve the matter and obviate the filing of an avoidance action by the Bankruptcy Trustee by amending the Modified Plan to pay to creditors the estimated recovery described in the Report (the "***Pre-Avoidance Amended Plan***").  To elect this pre-filing resolution, Debtor must (i) file the Pre-Avoidance Amended Plan within

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

30 days of the date the Report is filed and (ii) obtain confirmation of the Pre-Avoidance Amended Plan within 90 days of the date the Report is filed. If the Pre-Avoidance Amended Plan is both timely filed and confirmed as provided in this paragraph, upon confirmation of the Pre-Avoidance Amended Plan the delegation to the Bankruptcy Trustee shall be deemed terminated. If the Pre-Avoidance Amended Plan is not timely filed or timely confirmed, following the earlier of such date, the Bankruptcy Trustee shall commence on behalf of the Debtor's bankruptcy estate any Potential Avoidance Actions recommended in the Report. Any fees and costs of the Bankruptcy Trustee's and the Bankruptcy Trustee's counsel in connection with the Report and with any avoidance actions shall be paid as an administrative expense.

       7.2.5  <u>Post-Filing Resolution</u>. In the event the Bankruptcy Trustee avoids the Second Transfer and/or the New Mortgage lien to FAMLLC, Debtor shall pay to creditors under the value of any transfers avoided by the Bankruptcy Trustee that is not already accounted for in the liquidation analysis of this Plan. An amended plan providing for such increased payment (the "Post-Avoidance Amended Plan") must (i) be filed by the Debtor within 60 days of avoidance by the Bankruptcy Trustee and (ii) confirmed by the Bankruptcy Court within 120 days of avoidance. If the Post-Avoidance Amended Plan is not timely filed or confirmed within such time frame, on request of a party in interest, this case shall be converted to a case under chapter 7 of the Bankruptcy Code.

## VIII.   ARTICLE 8: GENERAL PROVISIONS

      8.1  <u>Definitions and rules of construction</u>. The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

      8.2  <u>Effective Date</u>. The Effective Date of this Plan is the first business day following the date that is 14 days after the entry of the confirmation order. If, however, a stay of the confirmation order is in effect on that date, the Effective Date will be the first business day after the date on which the stay expires or is otherwise terminated.

      8.3  <u>Severability</u>. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

      8.4  <u>Binding Effect</u>. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

      8.5  <u>Captions</u>. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

      8.6  <u>Controlling Effect</u>. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Oregon govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

DEBTOR'S FIRST AMENDED PLAN OF
REORGANIZATION (DATED FEBRUARY 9, 2022)

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

8.7 _Notices_. Unless otherwise agreed to between a creditor and the Debtor or otherwise stated in the Plan, all notices required or permitted to be made in accordance with the Plan shall be in writing and shall be delivered personally or by regular or certified mail, return receipt requested. Notice to a holder of an allowed claim shall be directed to the address set forth within its Proof of Claim filed with the Court, or if none, to its address set forth in the schedules prepared and filed with the Court, as amended. Notices to the Debtor shall be directed the following:

|             |                              |
|-------------|------------------------------|
| Debtor:     | Edward A. Ariniello, Jr.     |
|             | 29455 SW Heater Rd.          |
|             | Sherwood OR 97140            |
|             |                              |
| Debtor's Attorney: | Nicholas J. Henderson |
|             | Motschenbacher & Blattner, LLP |
|             | 117 SW Taylor Street, Suite 300 |
|             | Portland, OR 97204           |
|             | Fax: (503) 417-0501          |

Notices shall be deemed given upon delivery, if personally delivered, and upon mailing, if mailed. Any person may change the address at which such person is to receive notices under the Plan by sending written notice, pursuant to the provisions of this section, to the Debtor and any other person to be charged with knowledge of such change.

## IX.     ARTICLE 9: DISCHARGE

Notwithstanding § 1191(a), the Debtor shall not receive a discharge in this case until the Debtor has completed all payments required by the Plan and the court grants a discharge upon completion of all payments due hereunder. Further, the Debtor will not be discharged from any debt:

(i)     imposed by this Plan;

(i)     excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure;

(ii)    on which the last payment is due after the first 5 years of the plan, or as otherwise provided in § 1192; or

(ii)    excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

## X.      ARTICLE 10: DEFAULT.

Except as otherwise specifically provided in the Plan, in the event Debtor shall default in the performance of any of her obligations under the Plan, then a claimant may pursue such remedies as are

DEBTOR'S FIRST AMENDED PLAN OF
REORGANIZATION (DATED FEBRUARY 9, 2022)

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

available at law or in equity. An event of default occurring with respect to one Claim shall not be an event of default with respect to any other Claim.

Nothing contained in the Plan shall limit the right of any party to reopen this case or to convert this case to a liquidation case under Chapter 7 of the Bankruptcy Code if cause for such relief exists.

Debtor shall be entitled to written notice of any claimed default under the Plan, and shall have twenty (20) days opportunity to cure. If such claimed default is cured within the twenty (20) days cure period, then such Creditor shall not be entitled to enforce any remedies which would otherwise be available on account of such default. If Debtor fails to cure within the twenty (20) days cure period, then such Creditor may seek such remedies as are granted by law to enforce its rights arising under and pursuant to the Plan, including seeking an order to compel such performance. The default and cure provisions contained in the Plan shall supersede any provisions concerning default and cure contained in any other agreement between Debtor and any Creditor affected by the Plan.  Notice of default shall be effective when mailed to both the Debtor and to the Debtor's attorney, postage prepaid, at the address provided on the docket of the bankruptcy case.

## XI.    ARTICLE 11.: RETENTION OF JURISDICTION.

Notwithstanding the entry of the order confirming the Plan, the Court shall retain jurisdiction of this Chapter 11 case pursuant to and for the purposes set forth in 11 U.S.C. §1127(b) and (a) to classify the Claim of any Creditor, reexamine Claims which have been allowed for voting purposes and determine any objection that may be filed to Claims; (b) to determine requests for payment of Claims entitled to priority under § 507(a)(2) of the Code, including compensation and reimbursement of expenses in favor of professionals employed at the expense of the estate; (c) to avoid transfers or obligations and to subordinate Claims under Chapter 5 of the Bankruptcy Code; (d) to approve the assumption, assignment of rejection of executory contracts and unexpired leases pursuant to 11 U.S.C. §§ 365 and 1123; (e) to resolve all controversies and disputes regarding the interpretation of the Plan; (f) to implement the provisions of the Plan and enter orders in aid of confirmation; (g) to adjudicate any and all adversary proceedings and contested matters pending or hereafter commenced in this Chapter 11 case; (h) to enter a final decree closing this Chapter 11 case; for such other matters as may be set forth in the Confirmation Order; (i) to determine the nature and extent of Debtor's ownership, or rights in property held by the Debtor as of the Petition Date, including but not limited to actions to quiet title; and (j) reopen the case for the limited purpose of granting Debtor a discharge under 11 U.S.C. §1141 upon completion of the Plan payments.

Dated February 9, 2022

MOTSCHENBACHER & BLATTNER LLP

/s/ Nicholas J. Henderson
Nicholas J. Henderson, OSB No. 074027
Attorney for the Debtor In Possession

DEBTOR'S FIRST AMENDED PLAN OF
REORGANIZATION (DATED FEBRUARY 9, 2022)

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com