Nicholas J. Henderson, OSB #074027
nhenderson@portlaw.com
Motschenbacher & Blattner LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Telephone: (503) 417-0500
Facsimile: (503) 417-0521

*Of Attorneys for Debtor Edward A. Ariniello, Jr.*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| In re:<br><br>EDWARD A. ARINIELLO, JR.,<br><br>Debtor. | Case No. 21-31142-dwh11<br><br>DECLARATION OF EDWARD A. ARINIELLO, JR. IN SUPPORT OF CONFIRMATION OF CHAPTER 11, SUBCHAPTER V PLAN |
|---|---|

I, Edward Ariniello, make this declaration in support of confirmation of my Chapter 11, Subchapter V, Plan Dated August 17, 2021 [ECF No. 30] (the "***Plan***") as may be amended at the Confirmation Hearing on January 21, 2021. I declare and state as follows:

**BACKGROUND**

1. I am the Debtor in the above-captioned bankruptcy case. I have first-hand knowledge of the facts stated in this declaration and, if called as a witness, could testify competently thereto.

2. I believe the Plan complies with the applicable provisions of Title 11 of the United States Code (the "***Bankruptcy Code***"), including, without limitation, that the Plan properly designates classes of claims, classifies only substantially similar claims in the same class, provides adequate and proper means for implementation, and payments to creditors from the continuation of ongoing business

Page 1 of 6
{00502107:2}

DECLARATION OF EDWARD A. ARINIELLO, JR. IN SUPPORT OF CONFIRMATION OF CHAPTER 11, SUBCHAPTER V PLAN

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 21-31142-dwh11    Doc 89    Filed 02/09/22

operations sufficient for execution of the Plan. I am not a corporation. The Plan was not proposed with the principal purpose of the avoidance of taxes or the Securities Act of 1933, as amended.

3. To the best of my knowledge, I have complied with the applicable provisions of the Bankruptcy Code.

4. I believe the Plan has been proposed in good faith and not by any means forbidden by law.

5. I believe the Plan fully treats and pays all classes of creditors in a fashion consistent with the Bankruptcy Code.

6. I have appeared at all appearance-required hearings and have completed all court required reporting.

7. I have tried to disclose every piece of property, even when I may be determined not to have an interest in such property.

8. I further believe that the Plan has an adequate means for implementation and provides for alternatives in the event of default.

9. During the performance of the Plan, I will contribute post-petition income of not less than $35,147.96 for my creditors with allowed claims.

10. Any payment made by me for services or for costs and expenses in or in connection with the case, or in connection with the Plan and incident to the case, has been approved by, or is subject to the approval of, the Court as reasonable.

11. I have not made, and will not make, any payments for costs, expenses, or services provided by professionals in connection with this case outside of those approved by the Court. The Plan provides that my professionals are to be paid by on an administrative basis only after such fees are approved by the Court.

Page 2 of 6
{00502107:2}

DECLARATION OF EDWARD A. ARINIELLO, JR.
IN SUPPORT OF CONFIRMATION OF CHAPTER 11,
SUBCHAPTER V PLAN

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 21-31142-dwh11    Doc 89    Filed 02/09/22

12. My Plan provides that with respect to each impaired class of claims or interests each holder of a claim or interest of such class has accepted the Plan; or will receive or retain under the Plan on account of such claim or interest property of a value, as of the Effective Date of the Plan, that is not less than the amount that such holder would so receive or retain if the assets of my estate were liquidated under Chapter 7 of the Bankruptcy Code.

13. My Plan proposes that I will contribute at least $35,147.96 to the plan, plus all tax refunds received during the three-year period following Plan confirmation. The liquidation analysis attached hereto as **Exhibit 1**, indicates that my creditors would only receive $15,147.96 if my assets were liquidated in a Chapter 7 case. Therefore, my Plan provides that unsecured creditors will receive under the Plan, on account of their claims, property having a value, as of the date of confirmation of the Plan, that is equal to the amount that such creditor would receive if my nonexempt assets were liquidated under a Chapter 7 case.

14. I do not have any claims against me that are entitled to priority under Section 507(a)(1) for domestic support obligations.

15. Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, my Plan provides that with respect to a claim of a kind specified in Section 507(a)(2) or 507(a)(3) of Title 11 of the United States Code, on the Effective Date of the Plan, the holder of such claim will receive on account of such claim cash equal to the allowed amount of such claim.

16. Unless otherwise agreed in writing by the holder of an administrative claim, all administrative claims will be paid in accordance with the requirements of the Bankruptcy Code.

17. The Debtor has no claims against it entitled to priority under Section 507(a)(3), as that section applies only to involuntary petitions. This case was commenced voluntarily.

Page 3 of 6
{00502107:2}

DECLARATION OF EDWARD A. ARINIELLO, JR. IN SUPPORT OF CONFIRMATION OF CHAPTER 11, SUBCHAPTER V PLAN

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 21-31142-dwh11    Doc 89    Filed 02/09/22

18. I do not have any claims against me that are entitled to priority under Section 507(a)(4) for wages, salaries, or commissions, including vacation, severance, and sick leave pay earned by an individual, or sales commissions earned by an individual or a corporation with only one employee.

19. I do not have any claims against me that are entitled to priority under Section 507(a)(5) for pre-petition contributions to employee benefit plans have been satisfied post-petition.

20. I do not have any claims against me that are entitled to priority under Section 507(a)(6) as I do not own or operate a grain storage facility, and it has not acquired fish or fish produce from a United States fisherman.

21. I do not have any claims against me that are entitled to priority under Section 507(a)(7) for deposits related to the purchase, lease, or rental of property or the purchase of services for personal, family, or household use.

22. With respect to claims against me that are entitled to priority under Section 507(a)(8), including claims which would be entitled to priority under Section 507(a)(8) but for the secured status of that claim, the Plan provides that the holder of such claim will receive on account of such claim a payment in cash from U.S. Outdoor Holding, LLC ("*USOH*"). I am the managing member of USOH, and I am the person in charge operating that entity and performing its obligations under its own Chapter 11, Subchapter V Plan. I have caused USOH to make payments to its Plan that will be used to pay the priority tax claims in full.

23. I do not have any claims against me that are entitled to priority under Section 507(a)(9) for any commitment by the Debtor for or to a Federal depository institutions regulatory agency (or predecessor to such agency) to maintain the capital of an insured depository institution.

24. I do not have any claims against me that are entitled to priority under Section 507(a)(10) for claims for death or personal injury resulting from the operation of a motor vehicle or vessel if such

Page 4 of 6
{00502107:2}
DECLARATION OF EDWARD A. ARINIELLO, JR. IN SUPPORT OF CONFIRMATION OF CHAPTER 11, SUBCHAPTER V PLAN

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 21-31142-dwh11    Doc 89    Filed 02/09/22

operation was unlawful because the debtor was intoxicated from using alcohol, a drug, or another substance.

25. I have entered into a settlement agreement with certain parties in interest. If that settlement is approved by the Court, At least one class of claims that is impaired under the Plan has accepted the Plan, determined without including any acceptance of the Plan by any insider.

26. Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, unless such liquidation or reorganization is proposed in the Plan.

27. I have reviewed the financial statements and the projections for my future income and expenses. The financial projections were prepared by me and my wife, based on information we have available to us. The projections attached as **Exhibit 2**. Based on my familiarity with the facts surrounding my budget and projections, I believe that I will be able to perform my obligations under the Plan, including all of my payment obligations.

28. The income and expense numbers used in my projected budget are realistic because they are based on existing income and expenses.

29. All fees payable under Section 1930 of Title 28 of the United States Code, as determined by the Court at the Confirmation Hearing, have been paid or the Plan provides for the payment of all such fees on the Effective Date of the Plan.

30. The requirements for continuation of retiree benefits under Section 1129(a)(13) are inapplicable because I am not obligated to pay for any retiree benefits.

31. I do not have, nor do I anticipate, any claims for domestic support obligation that first become payable after the date of the filing of the petition.

32. The Plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the Plan.

Page 5 of 6
{00502107:2}

DECLARATION OF EDWARD A. ARINIELLO, JR. IN SUPPORT OF CONFIRMATION OF CHAPTER 11, SUBCHAPTER V PLAN

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 21-31142-dwh11    Doc 89    Filed 02/09/22

33. I believe that all procedures used to distribute solicitation materials for the Plan and to tabulate the ballots were fair and conducted in accordance with the Bankruptcy Code, Bankruptcy Rules, the Local Bankruptcy Rules, and all other rules, laws, and regulations.

I HEREBY DECLARE THAT THE ABOVE STATEMENTS ARE TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF AND THAT I UNDERSTAND THE ABOVE STATEMENTS ARE MADE FOR USE AS EVIDENCE IN COURT AND ARE SUBJECT TO PENALTY FOR PERJURY.

Dated: _____

_____
Edward A. Ariniello, Jr., Declarant

Page 6 of 6
{00502107:2}

DECLARATION OF EDWARD A. ARINIELLO, JR. IN SUPPORT OF CONFIRMATION OF CHAPTER 11, SUBCHAPTER V PLAN

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 21-31142-dwh11    Doc 89    Filed 02/09/22

**EXHIBIT 1**

**LIQUIDATION ANALYSIS**

In re: Edward A. Ariniello Jr.
Case No. 21-31142-dwh11

| | | | Exhibit 1 - Ariniello Liquidation Analysis | | | |
|---|---|---|---|---|---|---|
| | | | | 19 | | |
| 1. Total from bankruptcy Schedule A: | $ | 800,000.00 | A/B.28. Tax Refunds | $ | - | |
| Less: Anticipated Cost of Sale | $ | (64,000.00) | A/B.29. Family Support | $ | - | |
| Less: Mortgage (Non-Filing Spouse) | $ | (510,000.00) | A/B.30. Amounts Owed to You | $ | - | |
| Less: Spouse's 50% Interest: | $ | (113,000.00) | A/B.31. Insurance Policies (Cash Value) | $ | - | |
| | | | A/B.32. Inheritance Interests | $ | - | |
| | $ | - | A/B.33. Claims Against Third-Parties | $ | - | |
| 2.Adjusted total, Schedule A property | $ | 113,000.00 | A/B.34. Other Claims | $ | - | Notes on valuation: Subject to any court order |
| 3. Total from bankruptcy Schedule B | $ | - | A/B.35. Other Financial Assets (specify): | $ | - | or attached continuation sheet: |
| A/B.3. Vehicles | $ | 6,910.50 | A/B.53. Other Property of Any Kind (specify): | $ | - | (1) Real estate valuation assumes 8% costs of |
| A/B.4. Camping Trailer and Boat | $ | 3,500.00 | Horses, Supplies | $ | 350.00 | sale. |
| A/B.6. Household goods and furnishings | $ | 2,662.50 | Grape Vines | $ | 1,250.00 | (2) Amount of unsecured debt assumes sale of |
| A/B.7. Electronics | $ | 1,000.00 | Farm Equipment | $ | 1,000.00 | practice closes and partially pays down debt. |
| A/B.8. Collectibles | $ | - | 4.Adjusted total, Sch. B property | $ | 29,923.00 | |
| A/B.9. Equipment for Sports/Hobbies | $ | 2,500.00 | 5. Other (e.g., avoidance actions-itemize) | $ | - | |
| A/B.10. Firearms | $ | 2,500.00 | 6. Total Assets (ln.2+4+5) | $ | 142,923.00 | |
| A/B.11. Clothes | $ | 2,000.00 | 7. Claims Senior to General Unsecured Claims | | | Hypothetical chapter 7 trustee fees |
| A/B.12. Jewelry | $ | 1,000.00 | 7a. Secured claims (after bifurcation) | $ | - | $ 142,923.00 Total disbursements |
| A/B.13. Non-farm Animals | $ | - | 7b. Chapter 7: trustee fees (from sidebar) | $ | 7,673.65 | $ (54,450.00) Minus exemptions |
| A/B.14. Other Personal and Household Items | $ | - | 7c. Chapter 7: other costs of administration | $ | - | $ - Minus adjustments* |
| A/B.16. Cash | $ | 250.00 | 7d. Chapter 11: unpaid professionals' fees | $ | 25,000.00 | $ 88,473.00 = Net disbursements |
| A/B.17. Checking and Savings Accounts | $ | - | 7e. Chapter 11: other administrative costs | $ | - | § 326 calculations |
| A/B.18. Ameritrade Account | $ | - | 7f. Priority claims (bankruptcy Schedule E) | $ | 97,714.43 | $ 5,000.00 X 25%= $ 1,250.00 |
| A/B.19. Closely Held Business Interests | $ | - | 7g. Debtor's exemptions (bankr. Sch.C) | $ | 54,450.00 | $ 45,000.00 X 10%= $ 4,500.00 |
| A/B.20. Gov. and Corp. Bonds | $ | - | 7h. Other/adjustments (See Notes on valuation) | $ | - | $ 38,473.00 X 5%= $ 1,923.65 |
| A/B.21. Retirement Accounts | $ | 5,000.00 | 8. Total Senior Claims (ln. 7a to 7h) | $ | 184,838.08 | $ - X 3%= $ - |
| A/B.22. Security Deposits | $ | - | 9. Net available for unsecured (ln.6-ln.8) | $ | - | $ 88,473.00 Totals $ 7,673.65 |
| A/B.23. Annuities | $ | - | 10a.Gen. unsecured claims from schedule F | $ | 2,837,879.10 | Adjustment (if any) $ - |
| A/B.24. Tuition Programs, Education IRAs | $ | - | 10b.Other gen. unsecured claims (if any) | $ | - | Trustee Fee $ 7,673.65 |
| A/B.25. Trusts | $ | - | 11.Total gen. unsecured (ln.10a+10b) | $ | 2,837,879.10 | *Adjustments would include, e.g., estimated |
| A/B.26. Patents, copyrights, other IP | $ | - | 12. Ch. 7 Estimated Dividend (ln.9/ln.11) | | None | refunds, and non-estate funds/ assets returned |
| A/B.27. Licenses, Franchises, Other Intang. | $ | - | 13. Plan Dividend (Classes 5 and 7) | $ | 15,147.96 | to third parties. |

# EXHIBIT 2

# PROJECTED INCOME AND EXPENSES

In re: Edward A. Ariniello, Jr.
Bankr. Case No. 21-31142-dwh11

**EXHIBIT 2**
**FINANCIAL PROJECTIONS**

|  | 11/1/21 – 10/31/22 | 11/1/22 – 10/31/23 | 11/1/23 – 10/31/24 | Totals |
|---|---|---|---|---|
| 1) Projected Household Gross Income | $152,740 | $160,379 | $168,400 | $481,520 |
| 2) Projected Household Tax Withholding | ($40,060) | ($42,065) | ($44,175) | ($126,300) |
| 3) Projected Insurance Costs | ($1,575) | ($1,675) | ($1,775) | ($5,025) |
| 4) Projected Retirement Contributions | ($4,850) | ($5,000) | ($5,200) | ($15,050) |
| 5) Domestic Support Obligations | ($10,650) | ($10,650) | ($10,650) | ($31,950) |
| 6) Projected Net Income | $95,605 | $100,990 | $106,600 | $303,195 |
| 7) Projected Household Expenses | ($92,485) | ($96,190) | ($100,000) | ($288,675) |
| 8) **Projected "Net Disposable Income"** | **$3,120** | **$4,800** | **$6,600** | **$14,520** |

NOTES / ASSUMPTIONS:

1) All figures are annual figures.

2) The 2021 to 2022 figures are based on the Debtor's Amended Schedules I & J [ECF No. 29], which are attached.

3) The figures for 2022 to 2023, and for 2023 to 2024, were projected by estimating approximately 5% growth year-over-year for income, and approximately 4% inflation year-over-year for projected household expenses. The projections also include estimated increases for insurance premiums.

| | | |
|---|---|---|
| Debtor 1 | Edward A. Ariniello, Jr. | |
| Debtor 2 (Spouse, if filing) | | |
| United States Bankruptcy Court for the: | DISTRICT OF OREGON | |
| Case number (If known) | 21-31142-dwh11 | |

Check if this is:

☒ An amended filing
☐ A supplement showing postpetition chapter 13 income as of the following date:
_____
MM / DD/ YYYY

## Official Form 106I
### Schedule I: Your Income                                                                                              12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1: Describe Employment

1. **Fill in your employment information.**

    If you have more than one job, attach a separate page with information about additional employers.

    Include part-time, seasonal, or self-employed work.

    Occupation may include student or homemaker, if it applies.

| | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|
| Employment status | ☒ Employed <br> ☐ Not employed | ☒ Employed <br> ☐ Not employed |
| Occupation | Business Owner | Dental Operations Manager |
| Employer's name | U.S. Outdoor Holding LLC | Clackamas County Health Centers |
| Employer's address | | Oregon City, OR |
| How long employed there? | 4 years | 2 years |

### Part 2: Give Details About Monthly Income

**Estimate monthly income as of the date you file this form.** If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. | **List monthly gross wages, salary, and commissions** (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | $ 5,999.50 | $ 6,729.00 |
| 3. | **Estimate and list monthly overtime pay.** | +$ 0.00 | +$ 0.00 |
| 4. | **Calculate gross Income.** Add line 2 + line 3. | $ 5,999.50 | $ 6,729.00 |

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| Copy line 4 here | | 4. | $ 5,999.50 | $ 6,729.00 |

5. **List all payroll deductions:**

| | | | | |
|---|---|---|---|---|
| 5a. | Tax, Medicare, and Social Security deductions | 5a. $ | 1,430.00 | $ 1,908.00 |
| 5b. | Mandatory contributions for retirement plans | 5b. $ | 0.00 | $ 0.00 |
| 5c. | Voluntary contributions for retirement plans | 5c. $ | 0.00 | $ 404.00 |
| 5d. | Required repayments of retirement fund loans | 5d. $ | 0.00 | $ 0.00 |
| 5e. | Insurance | 5e. $ | 0.00 | $ 131.00 |
| 5f. | Domestic support obligations | 5f. $ | 886.17 | $ 0.00 |
| 5g. | Union dues | 5g. $ | 0.00 | $ 0.00 |
| 5h. | Other deductions. Specify: | 5h.+ $ | 0.00 + | $ 0.00 |

6. **Add the payroll deductions.** Add lines 5a+5b+5c+5d+5e+5f+5g+5h.    6.   $ 2,316.17    $ 2,443.00

7. **Calculate total monthly take-home pay.** Subtract line 6 from line 4.    7.   $ 3,683.33    $ 4,286.00

8. **List all other income regularly received:**

   8a. **Net income from rental property and from operating a business, profession, or farm**
   Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income.    8a. $ 0.00    $ 0.00

   8b. **Interest and dividends**    8b. $ 0.00    $ 0.00

   8c. **Family support payments that you, a non-filing spouse, or a dependent regularly receive**
   Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement.    8c. $ 0.00    $ 0.00

   8d. **Unemployment compensation**    8d. $ 0.00    $ 0.00

   8e. **Social Security**    8e. $ 0.00    $ 0.00

   8f. **Other government assistance that you regularly receive**
   Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies.
   Specify:    8f. $ 0.00    $ 0.00

   8g. **Pension or retirement income**    8g. $ 0.00    $ 0.00

   8h. **Other monthly income.** Specify:    8h.+ $ 0.00 +    $ 0.00

9. **Add all other income.** Add lines 8a+8b+8c+8d+8e+8f+8g+8h.    9.   $ 0.00    $ 0.00

10. **Calculate monthly income.** Add line 7 + line 9.
    Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse.    10. $ 3,683.33 + $ 4,286.00 = $ 7,969.33

11. **State all other regular contributions to the expenses that you list in *Schedule J*.**
    Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
    Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J*.
    Specify:    11. +$ 0.00

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income. Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related *Data*, if it applies    12. $ 7,969.33
    **Combined monthly income**

13. **Do you expect an increase or decrease within the year after you file this form?**
    ■ No.
    ☐ Yes. Explain: **Debtor's non-filing spouse will begin making contributions to a retirement account in September of 2021. Those anticipated contributions have been accounted for in these amended schedules.**

Fill in this information to identify your case:

Debtor 1: **Edward A. Ariniello, Jr.**

Debtor 2: _____
(Spouse, if filing)

United States Bankruptcy Court for the: **DISTRICT OF OREGON**

Case number: **21-31142-dwh11**
(If known)

Check if this is:

☒ An amended filing

☐ A supplement showing postpetition chapter 13 expenses as of the following date:
_____
MM / DD / YYYY

Official Form 106J
# Schedule J: Your Expenses

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1: Describe Your Household

1. **Is this a joint case?**

   ☒ No. Go to line 2.
   ☐ Yes. **Does Debtor 2 live in a separate household?**
      ☐ No
      ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

2. **Do you have dependents?** ☒ No

   Do not list Debtor 1 and Debtor 2.

   Do not state the dependents names.

   ☐ Yes. Fill out this information for each dependent..............

   | Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
   |---|---|---|
   | | | ☐ No  ☐ Yes |
   | | | ☐ No  ☐ Yes |
   | | | ☐ No  ☐ Yes |
   | | | ☐ No  ☐ Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?**
   ☒ No
   ☐ Yes

## Part 2: Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

**Your expenses**

4. **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot.   4. $ **2,664.00**

   **If not included in line 4:**

   4a. Real estate taxes   4a. $ **0.00**
   4b. Property, homeowner's, or renter's insurance   4b. $ **0.00**
   4c. Home maintenance, repair, and upkeep expenses   4c. $ **0.00**
   4d. Homeowner's association or condominium dues   4d. $ **0.00**
5. **Additional mortgage payments for your residence,** such as home equity loans   5. $ **0.00**

Official Form 106J

| Debtor 1 | Edward A. Ariniello, Jr. | Case number (if known) | 21-31142-dwh11 |
|---|---|---|---|

6. **Utilities:**
   - 6a. Electricity, heat, natural gas — 6a. $ 300.00
   - 6b. Water, sewer, garbage collection — 6b. $ 85.00
   - 6c. Telephone, cell phone, Internet, satellite, and cable services — 6c. $ 372.00
   - 6d. Other. Specify: — 6d. $ 0.00
7. **Food and housekeeping supplies** — 7. $ 1,000.00
8. **Childcare and children's education costs** — 8. $ 100.00
9. **Clothing, laundry, and dry cleaning** — 9. $ 35.00
10. **Personal care products and services** — 10. $ 250.00
11. **Medical and dental expenses** — 11. $ 100.00
12. **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. — 12. $ 842.00
13. **Entertainment, clubs, recreation, newspapers, magazines, and books** — 13. $ 325.00
14. **Charitable contributions and religious donations** — 14. $ 0.00
15. **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20.
    - 15a. Life insurance — 15a. $ 108.00
    - 15b. Health insurance — 15b. $ 0.00
    - 15c. Vehicle insurance — 15c. $ 187.00
    - 15d. Other insurance. Specify: — 15d. $ 0.00
16. **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: — 16. $ 0.00
17. **Installment or lease payments:**
    - 17a. Car payments for Vehicle 1 — 17a. $ 0.00
    - 17b. Car payments for Vehicle 2 — 17b. $ 0.00
    - 17c. Other. Specify: — 17c. $ 0.00
    - 17d. Other. Specify: — 17d. $ 0.00
18. **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 106I).** — 18. $ 0.00
19. **Other payments you make to support others who do not live with you.** Specify: — 19. $ 0.00
20. **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income*.**
    - 20a. Mortgages on other property — 20a. $ 0.00
    - 20b. Real estate taxes — 20b. $ 0.00
    - 20c. Property, homeowner's, or renter's insurance — 20c. $ 0.00
    - 20d. Maintenance, repair, and upkeep expenses — 20d. $ 0.00
    - 20e. Homeowner's association or condominium dues — 20e. $ 0.00
21. Other: Specify: Non-Filing Spouse's Debt and Credit Card Payments — 21. +$ 500.00
    - Orthodontics — +$ 138.00
    - Pest Control — +$ 31.00
    - Portland Parking — +$ 370.00
    - Non-Filing Spouse's Savings — +$ 300.00
22. **Calculate your monthly expenses**
    - 22a. Add lines 4 through 21. — $ 7,707.00
    - 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 — $
    - 22c. Add line 22a and 22b. The result is your monthly expenses. — $ 7,707.00
23. **Calculate your monthly net income.**
    - 23a. Copy line 12 *(your combined monthly income)* from Schedule I. — 23a. $ 7,969.33
    - 23b. Copy your monthly expenses from line 22c above. — 23b. -$ 7,707.00
    - 23c. Subtract your monthly expenses from your monthly income. The result is your *monthly net income.* — 23c. $ 262.33
24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
    For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

    ■ No.
    ☐ Yes.    Explain here:

Official Form 106J

# CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below, a true and correct copy of the foregoing **DECLARATION OF EDWARD A. ARINIELLO, JR. IN SUPPORT OF CONFIRMATION OF CHAPTER 11, SUBCHAPTER V PLAN** was provided to the following parties through the Court's Case Management/Electronic Case File system:

- NICHOLAS J HENDERSON   nhenderson@portlaw.com, tcoble@portlaw.com; tsexton@portlaw.com; shalstead@portlaw.com; hendersonnr86571@notify.bestcase.com

- AMBER L LABRECQUE   bankruptcy@zbslaw.com

- GARRETT SHEA LEDGERWOOD   Garrett.Ledgerwood@MillerNash.com, mngd-2823@millernash.com

- Amy E Mitchell   mitchelltrustee@comcast.net, OR21@ecfcbis.com

- TROY SEXTON   tsexton@portlaw.com, nhenderson@portlaw.com,troy-sexton-4772@ecf.pacerpro.com,tcoble@portlaw.com,courtnotices@portlaw.com

- US Trustee, Portland   USTPRegion18.PL.ECF@usdoj.gov

- JESSIE YOUNG   jessie.young@usdoj.gov, nicole.smith@usdoj.gov

I further certify that on the date set forth below, a true and correct copy of the above-described document was sent to the following parties via first class mail, postage prepaid:

NONE

DATED: February 9, 2022.

MOTSCHENBACHER & BLATTNER, LLP

/s/Nicholas J. Henderson
Nicholas J. Henderson, OSB No. 074027
Attorneys for Debtor Edward Ariniello

Page 1 of 1   CERTIFICATE OF SERVICE
{00502107:2}

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 21-31142-dwh11   Doc 89   Filed 02/09/22