Nicholas J. Henderson, OSB #074027
nhenderson@portlaw.com
Motschenbacher & Blattner LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Telephone: (503) 417-0500
Facsimile: (503) 417-0521

*Of Attorneys for Debtor Edward A. Ariniello, Jr.*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>EDWARD A. ARINIELLO, JR.,<br><br>Debtor. | Case No. 21-31142-dwh11<br><br>DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION DATED FEBRUARY 18, 2022 |

You are encouraged to carefully review the full text of this document, including all exhibits and attachments, before deciding how to vote on the Plan. To assist you in your review, please note that a list of definitions and a section of frequently asked questions appear at the end of this document.

**IN ADDITION TO CASTING YOUR VOTE TO ACCEPT OR REJECT THE PLAN, YOU MAY OBJECT TO CONFIRMATION OF THE PLAN. IF YOU WISH TO OBJECT TO CONFIRMATION OF THE PLAN, YOU MUST DO SO BY THE DEADLINE SET FORTH IN THE NOTICE OF CONFIRMATION HEARING.**

**YOUR BALLOT STATING HOW YOU ARE VOTING ON THE PLAN MUST BE RETURNED BY THE DATE PROVIDED IN THE COURT'S ORDER FIXING TIME FOR FILING ACCEPTANCES OR REJECTION OF THE PLAN; AND NOTICE OF CONFIRMATION HEARING. THE BALLOT MUST BE MAILED TO MOTSCHENBACHER & BLATTNER LLP, ATTN: NICHOLAS J. HENDERSON, 117 SW TAYLOR STREET, SUITE 300, PORTLAND, OR 97204.**

Your rights may be affected by this Plan. You should consider discussing this document with an attorney.

Questions regarding this Plan may be directed to the attorneys for the Debtor-In-Possession, using the contact information provided above.

Page 1 of 10
{00501722:6}

DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION (DATED FEBRUARY 18, 2022)

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 21-31142-dwh11    Doc 95    Filed 02/18/22

Edward A. Ariniello, Jr. (the "Debtor" or "Plan Proponent") hereby submits this Plan of Reorganization dated February 18, 2022 (the "Plan").

**Background for Cases Filed Under Subchapter V.**

    **A. Description and History of the Debtor's Business**

The Debtor is an individual residing in Clackamas County, Oregon. Debtor owns 68.4% of the outstanding membership interest of U.S. Outdoor Holding LLC ("USOH"), an Oregon manager-managed limited liability company headquartered in Multnomah County, Oregon. USOH operates U.S. Outdoor Store (the "Store") as a retail establishment for outdoor sports and activities such as camping, hiking, skiing, snowboarding and more. Debtor is USOH's manager and the primary operator at the Store.

Debtor purchased the Store in 2017, and organized USOH that same year. Under Debtor's management, the Store was relocated to Northwest Portland, after having been located on Broadway Street in downtown Portland since 1986. USOH is a debtor in its own Chapter 11 Subchapter V case, U.S. Bankruptcy Court (D. Oregon) Case No. 20-32571-dwh11 (the "USOH Case"). USOH's Plan of Reorganization was confirmed in the USOH Case on January 27, 2021. See ECF No. 131; Case No. 20-32571-dwh11.

    **B. Liquidation Analysis**

To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation. A liquidation analysis is attached to the Plan as **Exhibit 1**.

    **C. Ability to make future plan payments and operate without further reorganization**

The Debtor must also show that it will have enough cash over the life of the Plan to make the required Plan payments and operate the Debtor's business.

The Plan Proponent has provided projected financial information as **Exhibit 2**.

The Plan Proponent's financial projections show that the Debtor will have projected disposable income (as defined by § 1191(d) of the Bankruptcy Code) for the period described in § 1191(c)(2) of $35,147.96.

The final Plan payment is expected to be paid on the 60th month following confirmation of the Plan, which is anticipated to be March, 2027.

The Plan Proponent's financial projections are based on the Debtor's current income and expenses, which were used to calculate the Debtor's current disposable income. The Debtor projects that his

Page 2 of 10
{00501722:6}

DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION (DATED FEBRUARY 18, 2022)

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 21-31142-dwh11    Doc 95    Filed 02/18/22

business will continue to improve, and that he will be able to modestly increase his personal income from the business as a result.

You should consult with your accountant or other financial advisor if you have any questions pertaining to these projections.

## I. ARTICLE 1: SUMMARY

This Plan of Reorganization (the Plan) under chapter 11 of the Bankruptcy Code (the Code) proposes to pay creditors of the Debtor from ownership and operation of, and employment by, USOH, and through contribution of his share of household tax refunds received during the three years following the Effective Date of the Plan.

This Plan provides for: 0 class of priority claims;
0 classes of secured claims;
2 classes of non-priority unsecured claims; and
1 classes of equity security holders.

Non-priority unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately $0.05 cents on the dollar. This Plan also provides for the payment of administrative and priority claims.

All creditors and equity security holders should refer to Articles 3 through 6 of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan.

## II. ARTICLE 2: CLASSIFICATION OF CLAIMS AND INTERESTS

2.1 <u>Class 1</u>. The non-priority unsecured claim of National Funding.

2.2 <u>Class 2</u>. All non-priority unsecured claims allowed under § 502 of the Code.

2.3 <u>Class 3</u>. The interests of the individual Debtor in property of the estate.

## III. ARTICLE 3: TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, PRIORITY TAX CLAIMS, AND QUARTERLY AND COURT FEES

3.1 <u>Unclassified claims</u>. Under section § 1123(a)(1), administrative expense claims, and priority tax claims are not in classes.

3.2 <u>Administrative expense claims</u>. Holders of administrative expense claims allowed under § 503 of the Code will be paid in full over time, from the Debtor's Plan payments to the Subchapter V Trustee. Allowed administrative expense claims shall be paid pro-rata from the funds available on hand

Page 3 of 10
{00501722:6}
DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION (DATED FEBRUARY 18, 2022)

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 21-31142-dwh11    Doc 95    Filed 02/18/22

with the Subchapter V Trustee. The following table shows an estimate of the administrative claims on the Effective Date (subject to allowance under 11 U.S.C. § 330):

| Claimant: | Estimated Claim Amount: | Notes: |
|---|---|---|
| Motschenbacher & Blattner LLP (Debtor's Counsel) | $28,000 | Debtor's counsel has agreed to accept payments over time, as provided herein. |
| Subchapter V Trustee | $7,500 | Amy Mitchell, Subchapter V Trustee, has agreed to accept payments over time, as provided herein. |
| TOTAL: | $35,500 | |

3.3 <u>Priority tax claims</u>. Each holder of a priority tax claim will be paid in full over a period not later than the order for relief. The claim of the Internal Revenue Service is being paid in full pursuant to the terms of the USOH Plan. No payments shall be made by the Debtor under this Plan to the Internal Revenue Service. In the event of a default under the USOH Plan, the Debtor shall amend this Plan to provide for payment to the IRS. Such provision will reduce the amount of payments to be made to non-priority unsecured creditors.

3.4 <u>Statutory fees</u>. All fees required to be paid under 28 U.S.C. § 1930 that are owed on or before the Effective Date of this Plan have been paid or will be paid on the Effective Date.

3.5 <u>Prospective quarterly fees</u> All quarterly fees required to be paid under 28 U.S.C. § 1930(a)(6) or (a)(7) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code

**IV. ARTICLE 4: TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN.**

Claims and interests shall be treated as follows under this Plan:

| Class | Treatment |
|---|---|
| **Class 1** – The non-priority unsecured claim of National Funding, Inc. | Class 1 is impaired. The Class 1 Claim of National Funding is being paid in full under the terms of the USOH Plan. The Debtor shall not make any payments to the Class 1 creditor unless National Funding, Inc. is not paid in full by USOH. In the event that USOH fails to pay National Funding, Inc. under the terms of its plan, the Class 1 claim shall receive payments under this Plan in the same manner as the Class 2 Claimants. |

Page 4 of 10
{00501722:6}

DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION (DATED FEBRUARY 18, 2022)

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 21-31142-dwh11    Doc 95    Filed 02/18/22

| | |
|---|---|
| **Class 2** – All non-priority unsecured creditors not otherwise classified under the Plan. | Class 2 is impaired. The Class 2 claims will be paid approximately 1.00% of their claims. This percentage will vary depending on the amounts of allowed priority (including costs of administration of the Estate and the Debtor's attorney fees), and allowed non-priority unsecured claims. Unsecured claims shall be paid pro-rata on a quarterly basis, after payment of administrative claims. The dividend shall consist of each creditor's pro-rata share of the portion of the Debtor's Quarterly Payment (defined in Article 7 below) and tax refunds that remain after payment of administrative claims. |
| **Class 3** – Debtor's Interest in Property of the Estate | Class 3 is unimpaired. Class 3 is the Debtor, who shall retain his interest in property of the estate. |

## V. ARTICLE 5: ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.1 <u>Disputed Claim</u>. A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either:

(i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or

(ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.2 <u>Delay of distribution on a disputed claim</u>. No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

5.3 <u>Settlement of disputed claims</u>. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

5.4 Allowance of Certain Claims. Upon confirmation of this Plan, the claim of Solomon Management, Inc. (Claim No. 4-1) and the claim of Robert D. Solomon, in his capacity as Trustee of the Mervin Solomon GST Trust UW 9-29-2008 (Claim No. 5-1) shall be deemed allowed.

## VI. ARTICLE 6: PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Except for executory contracts and unexpired leases that have been assumed, and if applicable assigned, before the Effective Date or under this Plan, or that are the subject of a pending motion to assume, and if applicable assign, the Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the Effective Date.

Page 5 of 10
{00501722:6}
DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION (DATED FEBRUARY 18, 2022)
Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 21-31142-dwh11    Doc 95    Filed 02/18/22

A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than 30 days after the date of the order confirming this Plan.

## VII. ARTICLE 7: IMPLEMENTATION OF THE PLAN

7.1   General Plan Funding.  Debtor intends to implement the Plan by continuing his ownership and operation of, and employment by, USOH, and through contribution of his share of household tax refunds received during the three years following the Effective Date of the Plan.  The net disposable income to be generated through Debtor's continued operation of USOH is shown in the attached **Exhibit 2**. Debtor shall make all plan payments described in Sections 7.2 and 7.3 to the Subchapter V Trustee, who shall be responsible for making distributions to holders of allowed claims.  Debtor shall continue making plan payments until the Debtor has paid a total of $35,147.96, exclusive of (1) tax refunds contributed to the Plan, as described in Section 7.3 below and (2) any amounts recovered from avoidance claims, as discussed in Section 7.4 below.  The Debtor shall be entitled to prepay any amount due under the Plan.  Any extra payments made by the Debtor shall reduce the length of the Plan, but shall not reduce the amount of the next regularly scheduled payment, unless an extra payment pays the Plan in full, at which time all plan payments shall cease.

7.2   Quarterly Plan Payments.  Beginning June 1, 2022, and following on the first business day of each quarter thereafter, the Debtor shall make the following plan payments (the "Quarterly Payments"):
- $780.00 per quarter during the first year following the Effective Date of the Plan;
- $1,200 per quarter during the second year following the Effective Date of the Plan;
- $1,650 per quarter during the third year following the Effective Date of the Plan.
- $2,500 per quarter during the fourth and fifth years following the Effective Date of the Plan.

7.3   Tax Refunds.

(a) During the three-year period following the Effective Date, the Debtor shall contribute to the Plan his share of the household tax refunds, if any, for tax years 2021, 2022, and 2023.  The Debtor shall file his tax returns by the applicable deadlines, unless extended as permitted by law.

(b) To calculate the "Debtor's share of household tax refunds," the amount of the Debtor's tax withholding for a tax year shall be divided by the total amount of household tax withholding for that year.  The resulting percentage shall be multiplied by the amount of the household tax refund.  The resulting product shall be the amount the Debtor is required to contribute to the Plan.

7.4   Avoidance Actions.  Any funds recovered from actions arising under Chapter 5 of the Bankruptcy Code shall be used to make additional payments to Creditors under the Plan.  Debtor has not yet completed his investigation with regard to prepetition transactions.  Debtor anticipates completing his investigation by May 31, 2022, and, except as set forth below, retains all rights to pursue any actions arising under chapter 5 of the Code after the Effective Date.

7.4.1   Delegation of Specific Avoidance Actions.  Amy Mitchell, Subchapter V Trustee or any successor trustee appointed in the Bankruptcy Case (the "***Bankruptcy Trustee***"), shall have the

Page 6 of 10
{00501722:6}

DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION (DATED FEBRUARY 18, 2022)

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 21-31142-dwh11    Doc 95    Filed 02/18/22

authority, on behalf and as representative of the Debtor's bankruptcy estate to investigate, evaluate, pursue and/or settle avoidance and recovery actions relating to (1) the transfer recorded on November 17, 2020 (the "**Second Transfer**"), of Debtor's legal interest in the real property located at 29455 SW Heater Rd., Sherwood OR 97140 (the "**Debtor's Residence**"), and (2) the deed of trust recorded against Debtor's Residence on November 23, 2020, to secure a debt in the amount of $510,400 (the "**New Mortgage**"). The Bankruptcy Trustee may pursue such claims against Carrie Ariniello, the Debtor's spouse, or Finance of America Mortgage LLC ("**FAMLLC**"), under the applicable provisions of Chapter 5 of the Bankruptcy Code and Oregon's Uniform Fraudulent Transfer Act, ORS 95.200 to 95.310.

7.4.2. <u>Limitation on Delegated Actions</u>. The Bankruptcy Trustee's authority to pursue any avoidance claim shall be limited to: (i) avoiding the Second Transfer and the lien granted to FAMLLC in relation to the New Mortgage (the "**Potential Avoidance Actions**"), and (ii) subject to the limitation in 11 U.S.C. § 550(d), recovering the difference—if any—between (a) the value of the Debtor's equity in the Residence if the Second Transfer and/or the New Mortgage are avoided and (b) $133,000.

7.4.3 <u>Timing</u>. Prior to filing any avoidance action related to the Second Transfer or the New Mortgage, the Bankruptcy Trustee shall file a report (the "**Report**") with her findings, her proposed course of action, and the estimated amount of recovery. If the Bankruptcy Trustee determines that additional recovery is unlikely, the Bankruptcy Trustee shall indicate that in the Report. The Report shall be filed no later than 180 days of the Effective Date.

7.4.4 <u>Pre-Filing Resolution</u>. If the Report indicates that the Bankruptcy Trustee believes that additional amounts are likely to be recovered through an avoidance and recovery action, after accounting for the limitations set forth in Section 7.4.2 above, the Debtor may resolve the matter and obviate the filing of an avoidance action by the Bankruptcy Trustee by amending the Modified Plan to pay to creditors the estimated recovery described in the Report (the "**Pre-Avoidance Amended Plan**"). To elect this pre-filing resolution, Debtor must (i) file the Pre-Avoidance Amended Plan within 30 days of the date the Report is filed and (ii) obtain confirmation of the Pre-Avoidance Amended Plan within 90 days of the date the Report is filed. If the Pre-Avoidance Amended Plan is both timely filed and confirmed as provided in this paragraph, upon confirmation of the Pre-Avoidance Amended Plan the delegation to the Bankruptcy Trustee shall be deemed terminated. If the Pre-Avoidance Amended Plan is not timely filed or timely confirmed, following the earlier of such date, the Bankruptcy Trustee shall commence on behalf of the Debtor's bankruptcy estate any Potential Avoidance Actions recommended in the Report. Any fees and costs of the Bankruptcy Trustee's and the Bankruptcy Trustee's counsel in connection with the Report and with any avoidance actions shall be paid as an administrative expense.

7.4.5 <u>Post-Filing Resolution</u>. In the event the Bankruptcy Trustee avoids the Second Transfer and/or the New Mortgage lien to FAMLLC, Debtor shall pay to creditors under the value of any transfers avoided by the Bankruptcy Trustee that is not already accounted for in the liquidation analysis of this Plan. An amended plan providing for such increased payment (the "Post-Avoidance Amended Plan") must (i) be filed by the Debtor within 60 days of avoidance by the Bankruptcy Trustee and (ii) confirmed by the Bankruptcy Court within 120 days of avoidance. If the Post-Avoidance

Page 7 of 10
{00501722:6}

DEBTOR'S FIRST AMENDED PLAN OF
REORGANIZATION (DATED FEBRUARY 18, 2022)

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 21-31142-dwh11    Doc 95    Filed 02/18/22

Amended Plan is not timely filed or confirmed within such time frame, on request of a party in interest, this case shall be converted to a case under chapter 7 of the Bankruptcy Code.

## VIII. ARTICLE 8: GENERAL PROVISIONS

8.1 <u>Definitions and rules of construction</u>. The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

8.2 <u>Effective Date</u>. The Effective Date of this Plan is the first business day following the date that is 14 days after the entry of the confirmation order. If, however, a stay of the confirmation order is in effect on that date, the Effective Date will be the first business day after the date on which the stay expires or is otherwise terminated.

8.3 <u>Severability</u>. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.4 <u>Binding Effect</u>. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.5 <u>Captions</u>. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.6 <u>Controlling Effect</u>. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Oregon govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

8.7 <u>Notices</u>. Unless otherwise agreed to between a creditor and the Debtor or otherwise stated in the Plan, all notices required or permitted to be made in accordance with the Plan shall be in writing and shall be delivered personally or by regular or certified mail, return receipt requested. Notice to a holder of an allowed claim shall be directed to the address set forth within its Proof of Claim filed with the Court, or if none, to its address set forth in the schedules prepared and filed with the Court, as amended. Notices to the Debtor shall be directed the following:

| | |
|---|---|
| Debtor: | Edward A. Ariniello, Jr.<br>29455 SW Heater Rd.<br>Sherwood OR 97140 |
| Debtor's Attorney: | Nicholas J. Henderson<br>Motschenbacher & Blattner, LLP<br>117 SW Taylor Street, Suite 300<br>Portland, OR 97204<br>Fax: (503) 417-0501 |

Page 8 of 10
{00501722:6}

DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION (DATED FEBRUARY 18, 2022)

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 21-31142-dwh11    Doc 95    Filed 02/18/22

Notices shall be deemed given upon delivery, if personally delivered, and upon mailing, if mailed. Any person may change the address at which such person is to receive notices under the Plan by sending written notice, pursuant to the provisions of this section, to the Debtor and any other person to be charged with knowledge of such change.

## IX.     ARTICLE 9: DISCHARGE

Notwithstanding § 1192, the Debtor shall not receive a discharge in this case until the Debtor has completed all payments required by the Plan and the court grants a discharge upon completion of all payments due hereunder. Further, the Debtor will not be discharged from any debt:

(i) imposed by this Plan;

(i) on which the last payment is due after the first 5 years of the plan, or as otherwise provided in § 1192; or

(ii) excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

## X.     ARTICLE 10: DEFAULT.

Except as otherwise specifically provided in the Plan, in the event Debtor shall default in the performance of any of her obligations under the Plan, then a claimant may pursue such remedies as are available at law or in equity. An event of default occurring with respect to one Claim shall not be an event of default with respect to any other Claim.

Nothing contained in the Plan shall limit the right of any party to reopen this case or to convert this case to a liquidation case under Chapter 7 of the Bankruptcy Code if cause for such relief exists.

Debtor shall be entitled to written notice of any claimed default under the Plan, and shall have twenty (20) days opportunity to cure. If such claimed default is cured within the twenty (20) days cure period, then such Creditor shall not be entitled to enforce any remedies which would otherwise be available on account of such default. If Debtor fails to cure within the twenty (20) days cure period, then such Creditor may seek such remedies as are granted by law to enforce its rights arising under and pursuant to the Plan, including seeking an order to compel such performance. The default and cure provisions contained in the Plan shall supersede any provisions concerning default and cure contained in any other agreement between Debtor and any Creditor affected by the Plan.  Notice of default shall be effective when mailed to both the Debtor and to the Debtor's attorney, postage prepaid, at the address provided on the docket of the bankruptcy case.

## XI.     ARTICLE 11.:  RETENTION OF JURISDICTION.

Notwithstanding the entry of the order confirming the Plan, the Court shall retain jurisdiction of this Chapter 11 case pursuant to and for the purposes set forth in 11 U.S.C. §1127(b) and (a) to classify the Claim of any Creditor, reexamine Claims which have been allowed for voting purposes and

Page 9 of 10
{00501722:6}

DEBTOR'S FIRST AMENDED PLAN OF
REORGANIZATION (DATED FEBRUARY 18, 2022)

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 21-31142-dwh11    Doc 95    Filed 02/18/22

determine any objection that may be filed to Claims; (b) to determine requests for payment of Claims entitled to priority under § 507(a)(2) of the Code, including compensation and reimbursement of expenses in favor of professionals employed at the expense of the estate; (c) to avoid transfers or obligations and to subordinate Claims under Chapter 5 of the Bankruptcy Code; (d) to approve the assumption, assignment of rejection of executory contracts and unexpired leases pursuant to 11 U.S.C. §§ 365 and 1123; (e) to resolve all controversies and disputes regarding the interpretation of the Plan; (f) to implement the provisions of the Plan and enter orders in aid of confirmation; (g) to adjudicate any and all adversary proceedings and contested matters pending or hereafter commenced in this Chapter 11 case; (h) to enter a final decree closing this Chapter 11 case; for such other matters as may be set forth in the Confirmation Order; (i) to determine the nature and extent of Debtor's ownership, or rights in property held by the Debtor as of the Petition Date, including but not limited to actions to quiet title; and (j) reopen the case for the limited purpose of granting Debtor a discharge under 11 U.S.C. §1141 upon completion of the Plan payments.

Dated February 18, 2022

MOTSCHENBACHER & BLATTNER LLP

/s/ Nicholas J. Henderson
Nicholas J. Henderson, OSB No. 074027
Attorney for the Debtor In Possession

Page 10 of 10
{00501722:6}
DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION (DATED FEBRUARY 18, 2022)

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 21-31142-dwh11    Doc 95    Filed 02/18/22

In re: Edward A. Ariniello Jr.
Case No. 21-31142-dwh11

| | | | Exhibit 1 - Ariniello Liquidation Analysis | | |
| --- | --- | --- | --- | --- | --- |
| | | | | 19 | |
| **1. Total from bankruptcy Schedule A:** | $ | 800,000.00 | A/B.28. Tax Refunds | $ - | |
| Less: Anticipated Cost of Sale | $ | (64,000.00) | A/B.29. Family Support | $ - | |
| Less: Mortgage (Non-Filing Spouse) | $ | (510,000.00) | A/B.30. Amounts Owed to You | $ - | |
| Less: Spouse's 50% Interest: | $ | (113,000.00) | A/B.31. Insurance Policies (Cash Value) | $ - | |
| | | | A/B.32. Inheritance Interests | $ - | |
| | $ | - | A/B.33. Claims Against Third-Parties | $ - | |
| **2. Adjusted total, Schedule A property** | $ | 113,000.00 | A/B.34. Other Claims | $ - | **Notes on valuation:** Subject to any court order or attached continuation sheet: |
| **3. Total from bankruptcy Schedule B** | $ | - | A/B.35. Other Financial Assets (specify): | $ - | |
| A/B.3. Vehicles | $ | 6,910.50 | A/B.53. Other Property of Any Kind (specify): | $ - | (1) Real estate valuation assumes 8% costs of sale. |
| A/B.4. Camping Trailer and Boat | $ | 3,500.00 | Horses, Supplies | $ 350.00 | |
| A/B.6. Household goods and furnishings | $ | 2,662.50 | Grape Vines | $ 1,250.00 | (2) Amount of unsecured debt assumes sale of practice closes and partially pays down debt. |
| A/B.7. Electronics | $ | 1,000.00 | Farm Equipment | $ 1,000.00 | |
| A/B.8. Collectibles | $ | - | **4. Adjusted total, Sch. B property** | $ 29,923.00 | |
| A/B.9. Equipment for Sports/Hobbies | $ | 2,500.00 | **5. Other (*e.g.*, avoidance actions-itemize)** | $ - | |
| A/B.10. Firearms | $ | 2,500.00 | **6. Total Assets (ln.2+4+5)** | $ 142,923.00 | |
| A/B.11. Clothes | $ | 2,000.00 | **7. Claims Senior to General Unsecured Claims** | | Hypothetical chapter 7 trustee fees |
| A/B.12. Jewelry | $ | 1,000.00 | 7a. Secured claims (after bifurcation) | $ - | $ 142,923.00 Total disbursements |
| A/B.13. Non-farm Animals | $ | - | 7b. Chapter 7: trustee fees (from sidebar) | $ 7,673.65 | $ (54,450.00) Minus exemptions |
| A/B.14. Other Personal and Household Items | $ | - | 7c. Chapter 7: other costs of administration | $ - | $ - Minus adjustments* |
| A/B.16. Cash | $ | 250.00 | 7d. Chapter 11: unpaid professionals' fees | $ 25,000.00 | $ 88,473.00 = Net disbursements |
| A/B.17. Checking and Savings Accounts | $ | - | 7e. Chapter 11: other administrative costs | $ - | § 326 calculations |
| A/B.18. Ameritrade Account | $ | - | 7f. Priority claims (bankruptcy Schedule E) | $ 97,714.43 | $ 5,000.00 X 25%= $ 1,250.00 |
| A/B.19. Closely Held Business Interests | $ | - | 7g. Debtor's exemptions (bankr. Sch.C) | $ 54,450.00 | $ 45,000.00 X 10%= $ 4,500.00 |
| A/B.20. Gov. and Corp. Bonds | $ | - | 7h. Other/adjustments (See Notes on valuation) | $ - | $ 38,473.00 X 5%= $ 1,923.65 |
| A/B.21. Retirement Accounts | $ | 5,000.00 | **8. Total Senior Claims (ln. 7a to 7h)** | $ 184,838.08 | $ - X 3%= $ - |
| A/B.22. Security Deposits | $ | - | **9. Net available for unsecured (ln.6-ln.8)** | $ - | $ 88,473.00 Totals $ 7,673.65 |
| A/B.23. Annuities | $ | - | 10a. Gen. unsecured claims from schedule F | $ 2,837,879.10 | Adjustment (if any) $ - |
| A/B.24. Tuition Programs, Education IRAs | $ | - | 10b. Other gen. unsecured claims (if any) | $ - | Trustee Fee $ 7,673.65 |
| A/B.25. Trusts | $ | - | **11. Total gen. unsecured (ln.10a+10b)** | $ 2,837,879.10 | *Adjustments would include, *e.g.*, estimated refunds, and non-estate funds/ assets returned to third parties. |
| A/B.26. Patents, copyrights, other IP | $ | - | **12. Ch. 7 Estimated Dividend (ln.9/ln.11)** | None | |
| A/B.27. Licenses, Franchises, Other Intang. | $ | - | **13. Plan Dividend (Classes 5 and 7)** | $ 15,147.96 | |

In re: Edward A. Ariniello, Jr.
Bankr. Case No. 21-31142-dwh11

# EXHIBIT 2
# FINANCIAL PROJECTIONS

|  | 4/1/22 – 3/31/23 | 4/1/23 – 3/31/24 | 4/1/24 – 3/31/25 | 4/1/25 – 3/31/26 | 4/1/26 – 3/31/27 | Totals |
|---|---|---|---|---|---|---|
| 1) Projected Household Gross Income | $152,740 | $160,379 | $168,400 | $176,000 | $185,000 | $843,328 |
| 2) Projected Household Tax Withholding | ($40,060) | ($42,065) | ($43,000) | ($43,500) | ($44,000) | ($212,625) |
| 3) Projected Insurance Costs | ($1,575) | ($1,675) | ($1,775) | ($1,864) | ($1,957) | ($8,846) |
| 4) Projected Retirement Contributions | ($4,850) | ($5,000) | ($5,200) | ($5,460) | ($5,733) | ($26,243) |
| 5) Domestic Support Obligations | ($10,650) | ($10,650) | ($10,650) | ($10,650) | ($10,650) | ($53,250) |
| 6) Projected Net Income | $95,605 | $100,990 | $106,600 | $115,342 | $122,660 | $542,368 |
| 7) Projected Household Expenses | ($92,485) | ($96,190) | ($100,000) | ($105,000) | ($110,250) | ($503,925) |
| **8) Projected "Net Disposable Income"** | **$3,120** | **$4,800** | **$7,771** | **$10,342** | **$12,410** | **$38,443** |

NOTES / ASSUMPTIONS:

1) All figures are annual figures.

2) The 2021 to 2022 figures are based on the Debtor's Amended Schedules I & J [ECF No. 29], which are attached.

3) The figures for 2023-2027, were projected by estimating approximately 5% growth year-over-year for income, and approximately 4% inflation year-over-year for projected household expenses. The projections also include estimated increases for insurance premiums, but payroll tax withholdings that level off in 2024.