Nicholas J. Henderson, OSB No. 070427
Motschenbacher & Blattner LLP
117 SW Taylor Street Suite 300
Portland, OR 97204
(503) 417-0508
(503) 417-0528 Facsimile
nhenderson@portlaw.com

Attorneys for Debtor, Edward A. Arinello, Jr.

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>Edward A. Ariniello, Jr.,<br><br>           Debtor. | Bankruptcy Case No. 21-31142-dwh11<br><br>NOTICE OF RESCHEDULED CONFIRMATION HEARING RE: DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION DATED FEBRUARY 18, 2022 |

YOU ARE NOTIFIED THAT the above-captioned Debtor has filed his Debtor's First Amended Plan Of Reorganization Dated February 18, 2022 [ECF No. 95] (the "*Amended Plan*"), which alters the terms of any Plan of Reorganization previously filed by the Debtor.

Attached to this Notice are the following documents

1) The Amended Plan; and

2) A marked-up version of the Amended Plan, which shows, in redline format, the changes the Amended Plan made to the Debtor's original Plan of Reorganization dated August 17, 2021 [ECF No. 30].

YOU ARE FURTHER NOTIFIED that objections to the Amended Plan are due within 28 days of service of this Notice. Additionally, you may submit a new or amended ballot accepting or rejecting the Amended Plan within 28 days of the service of this Notice. If you need to obtain a new ballot form, contact Debtor's counsel, Nicholas J. Henderson, at (503) 417-

Page 1 of 2
{00503866:1}

NOTICE OF RESCHEDULED CONFIRMATION
HEARING RE: DEBTOR'S FIRST AMENDED PLAN
OF REORGANIZATION DATED FEBRUARY 18, 2022

Motschenbacher & Blattner LLP
117 SW Taylor Suite 300
Portland, OR 97204
(503) 417-0500
www.portlaw.com

Case 21-31142-dwh11    Doc 96    Filed 02/18/22

0508, or by email at nhenderson@portlaw.com.  Absent any new timely objections to the Amended Plan, any previously timely filed objection will remain in effect.  Absent any timely new or amended ballot, any previously timely submitted ballot will remain in effect.

**YOU ARE FURTHER NOTIFIED THAT A HEARING to consider and act on the Amended Plan  will be held on <u>March 23, 2022, at 1:30 p.m.</u>, by video hearing.  Testimony may be received.  Visit www.orb.uscourts.gov/video-hearings for connection information.**

Dated: February 18, 2022.　　　　　　MOTSCHENBACHER & BLATTNER LLP

/s/ Nicholas J. Henderson
Nicholas J. Henderson, OSB No. 074027
Attorneys for Debtor, Edward A. Ariniello, Jr.

Page 2 of 2
{00503866:1}

NOTICE OF RESCHEDULED CONFIRMATION
HEARING RE: DEBTOR'S FIRST AMENDED PLAN
OF REORGANIZATION DATED FEBRUARY 18, 2022

Motschenbacher & Blattner LLP
117 SW Taylor Suite 300
Portland, OR 97204
(503) 417-0500
www.portlaw.com

Case 21-31142-dwh11    Doc 96    Filed 02/18/22

**DEBTOR'S FIRST AMENDED PLAN DATED FEBRUARY 18, 2022**

**(ATTACHED)**

Nicholas J. Henderson, OSB #074027
nhenderson@portlaw.com
Motschenbacher & Blattner LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Telephone: (503) 417-0500
Facsimile: (503) 417-0521

*Of Attorneys for Debtor Edward A. Ariniello, Jr.*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>EDWARD A. ARINIELLO, JR.,<br><br>        Debtor. | Case No. 21-31142-dwh11<br><br>DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION DATED FEBRUARY 18, 2022 |

You are encouraged to carefully review the full text of this document, including all exhibits and attachments, before deciding how to vote on the Plan. To assist you in your review, please note that a list of definitions and a section of frequently asked questions appear at the end of this document.

**IN ADDITION TO CASTING YOUR VOTE TO ACCEPT OR REJECT THE PLAN, YOU MAY OBJECT TO CONFIRMATION OF THE PLAN. IF YOU WISH TO OBJECT TO CONFIRMATION OF THE PLAN, YOU MUST DO SO BY THE DEADLINE SET FORTH IN THE NOTICE OF CONFIRMATION HEARING.**

**YOUR BALLOT STATING HOW YOU ARE VOTING ON THE PLAN MUST BE RETURNED BY THE DATE PROVIDED IN THE COURT'S ORDER FIXING TIME FOR FILING ACCEPTANCES OR REJECTION OF THE PLAN; AND NOTICE OF CONFIRMATION HEARING. THE BALLOT MUST BE MAILED TO MOTSCHENBACHER & BLATTNER LLP, ATTN: NICHOLAS J. HENDERSON, 117 SW TAYLOR STREET, SUITE 300, PORTLAND, OR 97204.**

Your rights may be affected by this Plan. You should consider discussing this document with an attorney.

Questions regarding this Plan may be directed to the attorneys for the Debtor-In-Possession, using the contact information provided above.

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Edward A. Ariniello, Jr. (the "Debtor" or "Plan Proponent") hereby submits this Plan of Reorganization dated February 18, 2022 (the "Plan").

## Background for Cases Filed Under Subchapter V.

### A. Description and History of the Debtor's Business

The Debtor is an individual residing in Clackamas County, Oregon. Debtor owns 68.4% of the outstanding membership interest of U.S. Outdoor Holding LLC ("USOH"), an Oregon manager-managed limited liability company headquartered in Multnomah County, Oregon. USOH operates U.S. Outdoor Store (the "Store") as a retail establishment for outdoor sports and activities such as camping, hiking, skiing, snowboarding and more. Debtor is USOH's manager and the primary operator at the Store.

Debtor purchased the Store in 2017, and organized USOH that same year. Under Debtor's management, the Store was relocated to Northwest Portland, after having been located on Broadway Street in downtown Portland since 1986. USOH is a debtor in its own Chapter 11 Subchapter V case, U.S. Bankruptcy Court (D. Oregon) Case No. 20-32571-dwh11 (the "USOH Case"). USOH's Plan of Reorganization was confirmed in the USOH Case on January 27, 2021. See ECF No. 131; Case No. 20-32571-dwh11.

### B. Liquidation Analysis

To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation. A liquidation analysis is attached to the Plan as **Exhibit 1**.

### C. Ability to make future plan payments and operate without further reorganization

The Debtor must also show that it will have enough cash over the life of the Plan to make the required Plan payments and operate the Debtor's business.

The Plan Proponent has provided projected financial information as **Exhibit 2**.

The Plan Proponent's financial projections show that the Debtor will have projected disposable income (as defined by § 1191(d) of the Bankruptcy Code) for the period described in § 1191(c)(2) of $35,147.96.

The final Plan payment is expected to be paid on the 60th month following confirmation of the Plan, which is anticipated to be March, 2027.

The Plan Proponent's financial projections are based on the Debtor's current income and expenses, which were used to calculate the Debtor's current disposable income. The Debtor projects that his

DEBTOR'S FIRST AMENDED PLAN OF
REORGANIZATION (DATED FEBRUARY 18, 2022)

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

business will continue to improve, and that he will be able to modestly increase his personal income from the business as a result.

You should consult with your accountant or other financial advisor if you have any questions pertaining to these projections.

## I. ARTICLE 1: SUMMARY

This Plan of Reorganization (the Plan) under chapter 11 of the Bankruptcy Code (the Code) proposes to pay creditors of the Debtor from ownership and operation of, and employment by, USOH, and through contribution of his share of household tax refunds received during the three years following the Effective Date of the Plan.

This Plan provides for:  <u>0</u> class of priority claims;
<u>0</u> classes of secured claims;
<u>2</u> classes of non-priority unsecured claims; and
<u>1</u> classes of equity security holders.

Non-priority unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately $0.05 cents on the dollar. This Plan also provides for the payment of administrative and priority claims.

All creditors and equity security holders should refer to Articles 3 through 6 of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan.

## II. ARTICLE 2: CLASSIFICATION OF CLAIMS AND INTERESTS

2.1  <u>Class 1</u>.  The non-priority unsecured claim of National Funding.

2.2  <u>Class 2</u>.  All non-priority unsecured claims allowed under § 502 of the Code.

2.3  <u>Class 3</u>.  The interests of the individual Debtor in property of the estate.

## III. ARTICLE 3: TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, PRIORITY TAX CLAIMS, AND QUARTERLY AND COURT FEES

3.1  <u>Unclassified claims</u>.  Under section § 1123(a)(1), administrative expense claims, and priority tax claims are not in classes.

3.2  <u>Administrative expense claims</u>.  Holders of administrative expense claims allowed under § 503 of the Code will be paid in full over time, from the Debtor's Plan payments to the Subchapter V Trustee.  Allowed administrative expense claims shall be paid pro-rata from the funds available on hand

DEBTOR'S FIRST AMENDED PLAN OF
REORGANIZATION (DATED FEBRUARY 18, 2022)

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

with the Subchapter V Trustee.  The following table shows an estimate of the administrative claims on the Effective Date (subject to allowance under 11 U.S.C. § 330):

| Claimant: | Estimated Claim Amount: | Notes: |
|---|---|---|
| Motschenbacher & Blattner LLP (Debtor's Counsel) | $28,000 | Debtor's counsel has agreed to accept payments over time, as provided herein. |
| Subchapter V Trustee | $7,500 | Amy Mitchell, Subchapter V Trustee, has agreed to accept payments over time, as provided herein. |
| TOTAL: | $35,500 | |

3.3    Priority tax claims.  Each holder of a priority tax claim will be paid in full over a period not later than the order for relief.  The claim of the Internal Revenue Service is being paid in full pursuant to the terms of the USOH Plan.  No payments shall be made by the Debtor under this Plan to the Internal Revenue Service.  In the event of a default under the USOH Plan, the Debtor shall amend this Plan to provide for payment to the IRS.  Such provision will reduce the amount of payments to be made to non-priority unsecured creditors.

3.4    Statutory fees.  All fees required to be paid under 28 U.S.C. § 1930 that are owed on or before the Effective Date of this Plan have been paid or will be paid on the Effective Date.

3.5    Prospective quarterly fees  All quarterly fees required to be paid under 28 U.S.C. § 1930(a)(6) or (a)(7) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code

## IV.    ARTICLE 4: TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN.

Claims and interests shall be treated as follows under this Plan:

| Class | Treatment |
|---|---|
| **Class 1** – The non-priority unsecured claim of National Funding, Inc. | Class 1 is impaired.  The Class 1 Claim of National Funding is being paid in full under the terms of the USOH Plan.  The Debtor shall not make any payments to the Class 1 creditor unless National Funding, Inc. is not paid in full by USOH.  In the event that USOH fails to pay National Funding, Inc. under the terms of its plan, the Class 1 claim shall receive payments under this Plan in the same manner as the Class 2 Claimants. |

DEBTOR'S FIRST AMENDED PLAN OF
REORGANIZATION (DATED FEBRUARY 18, 2022)

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

| | |
|---|---|
| **Class 2** – All non-priority unsecured creditors not otherwise classified under the Plan. | Class 2 is impaired. The Class 2 claims will be paid approximately 1.00% of their claims. This percentage will vary depending on the amounts of allowed priority (including costs of administration of the Estate and the Debtor's attorney fees), and allowed non-priority unsecured claims. Unsecured claims shall be paid pro-rata on a quarterly basis, after payment of administrative claims. The dividend shall consist of each creditor's pro-rata share of the portion of the Debtor's Quarterly Payment (defined in Article 7 below) and tax refunds that remain after payment of administrative claims. |
| **Class 3** – Debtor's Interest in Property of the Estate | Class 3 is unimpaired. Class 3 is the Debtor, who shall retain his interest in property of the estate. |

## V.    ARTICLE 5: ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.1    <u>Disputed Claim</u>.  A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either:

(i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or

(ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.2    <u>Delay of distribution on a disputed claim</u>.  No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

5.3    <u>Settlement of disputed claims</u>.  The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

5.4    Allowance of Certain Claims. Upon confirmation of this Plan, the claim of Solomon Management, Inc. (Claim No. 4-1) and the claim of Robert D. Solomon, in his capacity as Trustee of the Mervin Solomon GST Trust UW 9-29-2008 (Claim No. 5-1) shall be deemed allowed.

## VI.    ARTICLE 6: PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Except for executory contracts and unexpired leases that have been assumed, and if applicable assigned, before the Effective Date or under this Plan, or that are the subject of a pending motion to assume, and if applicable assign, the Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the Effective Date.

DEBTOR'S FIRST AMENDED PLAN OF
REORGANIZATION (DATED FEBRUARY 18, 2022)

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than 30 days after the date of the order confirming this Plan.

## VII.    ARTICLE 7: IMPLEMENTATION OF THE PLAN

7.1    <u>General Plan Funding</u>.  Debtor intends to implement the Plan by continuing his ownership and operation of, and employment by, USOH, and through contribution of his share of household tax refunds received during the three years following the Effective Date of the Plan.  The net disposable income to be generated through Debtor's continued operation of USOH is shown in the attached **Exhibit 2**. Debtor shall make all plan payments described in Sections 7.2 and 7.3 to the Subchapter V Trustee, who shall be responsible for making distributions to holders of allowed claims. Debtor shall continue making plan payments until the Debtor has paid a total of $35,147.96, exclusive of (1) tax refunds contributed to the Plan, as described in Section 7.3 below and (2) any amounts recovered from avoidance claims, as discussed in Section 7.4 below.  The Debtor shall be entitled to prepay any amount due under the Plan.  Any extra payments made by the Debtor shall reduce the length of the Plan, but shall not reduce the amount of the next regularly scheduled payment, unless an extra payment pays the Plan in full, at which time all plan payments shall cease.

7.2    <u>Quarterly Plan Payments</u>.  Beginning June 1, 2022, and following on the first business day of each quarter thereafter, the Debtor shall make the following plan payments (the "Quarterly Payments"):
- $780.00 per quarter during the first year following the Effective Date of the Plan;
- $1,200 per quarter during the second year following the Effective Date of the Plan;
- $1,650 per quarter during the third year following the Effective Date of the Plan.
- $2,500 per quarter during the fourth and fifth years following the Effective Date of the Plan.

7.3    <u>Tax Refunds</u>.

(a) During the three-year period following the Effective Date, the Debtor shall contribute to the Plan his share of the household tax refunds, if any, for tax years 2021, 2022, and 2023.  The Debtor shall file his tax returns by the applicable deadlines, unless extended as permitted by law.

(b) To calculate the "Debtor's share of household tax refunds," the amount of the Debtor's tax withholding for a tax year shall be divided by the total amount of household tax withholding for that year.  The resulting percentage shall be multiplied by the amount of the household tax refund.  The resulting product shall be the amount the Debtor is required to contribute to the Plan.

7.4    <u>Avoidance Actions</u>.  Any funds recovered from actions arising under Chapter 5 of the Bankruptcy Code shall be used to make additional payments to Creditors under the Plan.  Debtor has not yet completed his investigation with regard to prepetition transactions.  Debtor anticipates completing his investigation by May 31, 2022, and, except as set forth below, retains all rights to pursue any actions arising under chapter 5 of the Code after the Effective Date.

7.4.1    <u>Delegation of Specific Avoidance Actions</u>.  Amy Mitchell, Subchapter V Trustee or any successor trustee appointed in the Bankruptcy Case (the "***Bankruptcy Trustee***"), shall have the

DEBTOR'S FIRST AMENDED PLAN OF
REORGANIZATION (DATED FEBRUARY 18, 2022)

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

authority, on behalf and as representative of the Debtor's bankruptcy estate to investigate, evaluate, pursue and/or settle avoidance and recovery actions relating to (1) the transfer recorded on November 17, 2020 (the "***Second Transfer***"), of Debtor's legal interest in the real property located at 29455 SW Heater Rd., Sherwood OR 97140 (the "***Debtor's Residence***"), and (2) the deed of trust recorded against Debtor's Residence on November 23, 2020, to secure a debt in the amount of $510,400 (the "***New Mortgage***"). The Bankruptcy Trustee may pursue such claims against Carrie Ariniello, the Debtor's spouse, or Finance of America Mortgage LLC ("***FAMLLC***"), under the applicable provisions of Chapter 5 of the Bankruptcy Code and Oregon's Uniform Fraudulent Transfer Act, ORS 95.200 to 95.310.

7.4.2. <u>Limitation on Delegated Actions</u>. The Bankruptcy Trustee's authority to pursue any avoidance claim shall be limited to: (i) avoiding the Second Transfer and the lien granted to FAMLLC in relation to the New Mortgage (the "***Potential Avoidance Actions***"), and (ii) subject to the limitation in 11 U.S.C. § 550(d), recovering the difference—if any—between (a) the value of the Debtor's equity in the Residence if the Second Transfer and/or the New Mortgage are avoided and (b) $133,000.

7.4.3 <u>Timing</u>. Prior to filing any avoidance action related to the Second Transfer or the New Mortgage, the Bankruptcy Trustee shall file a report (the "***Report***") with her findings, her proposed course of action, and the estimated amount of recovery. If the Bankruptcy Trustee determines that additional recovery is unlikely, the Bankruptcy Trustee shall indicate that in the Report. The Report shall be filed no later than 180 days of the Effective Date.

7.4.4 <u>Pre-Filing Resolution</u>. If the Report indicates that the Bankruptcy Trustee believes that additional amounts are likely to be recovered through an avoidance and recovery action, after accounting for the limitations set forth in Section 7.4.2 above, the Debtor may resolve the matter and obviate the filing of an avoidance action by the Bankruptcy Trustee by amending the Modified Plan to pay to creditors the estimated recovery described in the Report (the "***Pre-Avoidance Amended Plan***"). To elect this pre-filing resolution, Debtor must (i) file the Pre-Avoidance Amended Plan within 30 days of the date the Report is filed and (ii) obtain confirmation of the Pre-Avoidance Amended Plan within 90 days of the date the Report is filed. If the Pre-Avoidance Amended Plan is both timely filed and confirmed as provided in this paragraph, upon confirmation of the Pre-Avoidance Amended Plan the delegation to the Bankruptcy Trustee shall be deemed terminated. If the Pre-Avoidance Amended Plan is not timely filed or timely confirmed, following the earlier of such date, the Bankruptcy Trustee shall commence on behalf of the Debtor's bankruptcy estate any Potential Avoidance Actions recommended in the Report. Any fees and costs of the Bankruptcy Trustee's and the Bankruptcy Trustee's counsel in connection with the Report and with any avoidance actions shall be paid as an administrative expense.

7.4.5 <u>Post-Filing Resolution</u>. In the event the Bankruptcy Trustee avoids the Second Transfer and/or the New Mortgage lien to FAMLLC, Debtor shall pay to creditors under the value of any transfers avoided by the Bankruptcy Trustee that is not already accounted for in the liquidation analysis of this Plan. An amended plan providing for such increased payment (the "Post-Avoidance Amended Plan") must (i) be filed by the Debtor within 60 days of avoidance by the Bankruptcy Trustee and (ii) confirmed by the Bankruptcy Court within 120 days of avoidance. If the Post-Avoidance

DEBTOR'S FIRST AMENDED PLAN OF
REORGANIZATION (DATED FEBRUARY 18, 2022)

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Amended Plan is not timely filed or confirmed within such time frame, on request of a party in interest, this case shall be converted to a case under chapter 7 of the Bankruptcy Code.

## VIII.  ARTICLE 8: GENERAL PROVISIONS

8.1     <u>Definitions and rules of construction</u>.  The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

8.2     <u>Effective Date</u>.  The Effective Date of this Plan is the first business day following the date that is 14 days after the entry of the confirmation order. If, however, a stay of the confirmation order is in effect on that date, the Effective Date will be the first business day after the date on which the stay expires or is otherwise terminated.

8.3     <u>Severability</u>.  If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.4     <u>Binding Effect</u>.  The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.5     <u>Captions</u>.  The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.6     <u>Controlling Effect</u>.  Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Oregon govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

8.7     <u>Notices</u>.  Unless otherwise agreed to between a creditor and the Debtor or otherwise stated in the Plan, all notices required or permitted to be made in accordance with the Plan shall be in writing and shall be delivered personally or by regular or certified mail, return receipt requested.  Notice to a holder of an allowed claim shall be directed to the address set forth within its Proof of Claim filed with the Court, or if none, to its address set forth in the schedules prepared and filed with the Court, as amended. Notices to the Debtor shall be directed the following:

| | |
|---|---|
| Debtor: | Edward A. Ariniello, Jr.<br>29455 SW Heater Rd.<br>Sherwood OR  97140 |
| Debtor's Attorney: | Nicholas J. Henderson<br>Motschenbacher & Blattner, LLP<br>117 SW Taylor Street, Suite 300<br>Portland, OR 97204<br>Fax: (503) 417-0501 |

Page 8 of 10
{00501722:6}

DEBTOR'S FIRST AMENDED PLAN OF
REORGANIZATION (DATED FEBRUARY 18, 2022)

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 21-31142-dwh11   Doc 96   Filed 02/18/22

Notices shall be deemed given upon delivery, if personally delivered, and upon mailing, if mailed. Any person may change the address at which such person is to receive notices under the Plan by sending written notice, pursuant to the provisions of this section, to the Debtor and any other person to be charged with knowledge of such change.

## IX. ARTICLE 9: DISCHARGE

Notwithstanding § 1192, the Debtor shall not receive a discharge in this case until the Debtor has completed all payments required by the Plan and the court grants a discharge upon completion of all payments due hereunder. Further, the Debtor will not be discharged from any debt:

    (i)        imposed by this Plan;

    (i)        on which the last payment is due after the first 5 years of the plan, or as otherwise provided in § 1192; or

    (ii)       excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

## X. ARTICLE 10: DEFAULT.

Except as otherwise specifically provided in the Plan, in the event Debtor shall default in the performance of any of her obligations under the Plan, then a claimant may pursue such remedies as are available at law or in equity. An event of default occurring with respect to one Claim shall not be an event of default with respect to any other Claim.

Nothing contained in the Plan shall limit the right of any party to reopen this case or to convert this case to a liquidation case under Chapter 7 of the Bankruptcy Code if cause for such relief exists.

Debtor shall be entitled to written notice of any claimed default under the Plan, and shall have twenty (20) days opportunity to cure. If such claimed default is cured within the twenty (20) days cure period, then such Creditor shall not be entitled to enforce any remedies which would otherwise be available on account of such default. If Debtor fails to cure within the twenty (20) days cure period, then such Creditor may seek such remedies as are granted by law to enforce its rights arising under and pursuant to the Plan, including seeking an order to compel such performance. The default and cure provisions contained in the Plan shall supersede any provisions concerning default and cure contained in any other agreement between Debtor and any Creditor affected by the Plan. Notice of default shall be effective when mailed to both the Debtor and to the Debtor's attorney, postage prepaid, at the address provided on the docket of the bankruptcy case.

## XI. ARTICLE 11.: RETENTION OF JURISDICTION.

Notwithstanding the entry of the order confirming the Plan, the Court shall retain jurisdiction of this Chapter 11 case pursuant to and for the purposes set forth in 11 U.S.C. §1127(b) and (a) to classify the Claim of any Creditor, reexamine Claims which have been allowed for voting purposes and

DEBTOR'S FIRST AMENDED PLAN OF
REORGANIZATION (DATED FEBRUARY 18, 2022)

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

determine any objection that may be filed to Claims; (b) to determine requests for payment of Claims entitled to priority under § 507(a)(2) of the Code, including compensation and reimbursement of expenses in favor of professionals employed at the expense of the estate; (c) to avoid transfers or obligations and to subordinate Claims under Chapter 5 of the Bankruptcy Code; (d) to approve the assumption, assignment of rejection of executory contracts and unexpired leases pursuant to 11 U.S.C. §§ 365 and 1123; (e) to resolve all controversies and disputes regarding the interpretation of the Plan; (f) to implement the provisions of the Plan and enter orders in aid of confirmation; (g) to adjudicate any and all adversary proceedings and contested matters pending or hereafter commenced in this Chapter 11 case; (h) to enter a final decree closing this Chapter 11 case; for such other matters as may be set forth in the Confirmation Order; (i) to determine the nature and extent of Debtor's ownership, or rights in property held by the Debtor as of the Petition Date, including but not limited to actions to quiet title; and (j) reopen the case for the limited purpose of granting Debtor a discharge under 11 U.S.C. §1141 upon completion of the Plan payments.

Dated February 18, 2022

MOTSCHENBACHER & BLATTNER LLP

/s/ Nicholas J. Henderson
Nicholas J. Henderson, OSB No. 074027
Attorney for the Debtor In Possession

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

| Exhibit 1 - Ariniello Liquidation Analysis | | | | | |
|---|---|---|---|---|---|
| | | | 19 | | |
| **1. Total from bankruptcy Schedule A:** | $ 800,000.00 | A/B.28. Tax Refunds | $ - | | |
| Less: Anticipated Cost of Sale | $ (64,000.00) | A/B.29. Family Support | $ - | | |
| Less: Mortgage (Non-Filing Spouse) | $ (510,000.00) | A/B.30. Amounts Owed to You | $ - | | |
| Less: Spouse's 50% Interest: | $ (113,000.00) | A/B.31. Insurance Policies (Cash Value) | $ - | | |
| | | A/B.32. Inheritance Interests | $ - | | |
| | | A/B.33. Claims Against Third-Parties | $ - | Notes on valuation: Subject to any court order | |
| **2.Adjusted total, Schedule A property** | $ 113,000.00 | A/B.34. Other Claims | $ - | or attached continuation sheet: | |
| **3. Total from bankruptcy Schedule B** | $ - | A/B.35. Other Financial Assets (specify): | $ - | (1) Real estate valuation assumes 8% costs of | |
| A/B.3. Vehicles | $ 6,910.50 | A/B.53. Other Property of Any Kind (specify): | $ - | sale. | |
| A/B.4. Camping Trailer and Boat | $ 3,500.00 | Horses, Supplies | $ 350.00 | (2) Amount of unsecured debt assumes sale of | |
| A/B.6. Household goods and furnishings | $ 2,662.50 | Grape Vines | $ 1,250.00 | practice closes and partially pays down debt. | |
| A/B.7. Electronics | $ 1,000.00 | Farm Equipment | $ 1,000.00 | | |
| A/B.8. Collectibles | $ - | **4.Adjusted total, Sch. B property** | $ 29,923.00 | | |
| A/B.9. Equipment for Sports/Hobbies | $ 2,500.00 | **5. Other (e.g., avoidance actions-itemize)** | $ - | | |
| A/B.10. Firearms | $ 2,500.00 | **6. Total Assets (ln.2+4+5)** | $ 142,923.00 | | |
| A/B.11. Clothes | $ 2,000.00 | **7. Claims Senior to General Unsecured Claims** | | Hypothetical chapter 7 trustee fees | |
| A/B.12. Jewelry | $ 1,000.00 | 7a. Secured claims (after bifurcation) | $ - | $ 142,923.00 | Total disbursements |
| A/B.13. Non-farm Animals | $ - | 7b. Chapter 7: trustee fees (from sidebar) | $ 7,673.65 | $ (54,450.00) | Minus exemptions |
| A/B.14. Other Personal and Household Items | $ - | 7c. Chapter 7: other costs of administration | $ - | $ - | Minus adjustments* |
| A/B.16. Cash | $ 250.00 | 7d. Chapter 11: unpaid professionals' fees | $ 25,000.00 | $ 88,473.00 | = Net disbursements |
| A/B.17. Checking and Savings Accounts | $ - | 7e. Chapter 11: other administrative costs | $ - | § 326 calculations | |
| A/B.18. Ameritrade Account | $ - | 7f. Priority claims (bankruptcy Schedule E) | $ 97,714.43 | $ 5,000.00 X 25%= | $ 1,250.00 |
| A/B.19. Closely Held Business Interests | $ - | 7g. Debtor's exemptions (bankr. Sch.C) | $ 54,450.00 | $ 45,000.00 X 10%= | $ 4,500.00 |
| A/B.20. Gov. and Corp. Bonds | $ - | 7h. Other/adjustments (See Notes on valuation) | $ - | $ 38,473.00 X 5%= | $ 1,923.65 |
| A/B.21. Retirement Accounts | $ 5,000.00 | **8. Total Senior Claims (ln. 7a to 7h)** | $ 184,838.08 | $ X 3%= | $ - |
| A/B.22. Security Deposits | $ - | **9. Net available for unsecured (ln.6-ln.8)** | $ - | $ 88,473.00 Totals | $ 7,673.65 |
| A/B.23. Annuities | $ - | 10a.Gen. unsecured claims from schedule F | $ 2,837,879.10 | Adjustment (if any) | $ - |
| A/B.24. Tuition Programs, Education IRAs | $ - | 10b.Other gen. unsecured claims (if any) | $ - | Trustee Fee | $ 7,673.65 |
| A/B.25. Trusts | $ - | **11.Total gen. unsecured (ln.10a+10b)** | $ 2,837,879.10 | *Adjustments would include, e.g., estimated | |
| A/B.26. Patents, copyrights, other IP | $ - | **12. Ch. 7 Estimated Dividend (ln.9/ln.11)** | None | refunds, and non-estate funds/ assets returned | |
| A/B.27. Licenses, Franchises, Other Intang. | $ - | **13. Plan Dividend (Classes 5 and 7)** | $ 15,147.96 | to third parties. | |

**EXHIBIT 2**
**FINANCIAL PROJECTIONS**

| | 4/1/22 – 3/31/23 | 4/1/23 – 3/31/24 | 4/1/24 – 3/31/25 | 4/1/25 – 3/31/26 | 4/1/26 – 3/31/27 | Totals |
|---|---|---|---|---|---|---|
| 1) Projected Household Gross Income | $152,740 | $160,379 | $168,400 | $176,000 | $185,000 | $843,328 |
| 2) Projected Household Tax Withholding | ($40,060) | ($42,065) | ($43,000) | ($43,500) | ($44,000) | ($212,625) |
| 3) Projected Insurance Costs | ($1,575) | ($1,675) | ($1,775) | ($1,864) | ($1,957) | ($8,846) |
| 4) Projected Retirement Contributions | ($4,850) | ($5,000) | ($5,200) | ($5,460) | ($5,733) | ($26,243) |
| 5) Domestic Support Obligations | ($10,650) | ($10,650) | ($10,650) | ($10,650) | ($10,650) | ($53,250) |
| 6) Projected Net Income | $95,605 | $100,990 | $106,600 | $115,342 | $122,660 | $542,368 |
| 7) Projected Household Expenses | ($92,485) | ($96,190) | ($100,000) | ($105,000) | ($110,250) | ($503,925) |
| **8) Projected "Net Disposable Income"** | **$3,120** | **$4,800** | **$7,771** | **$10,342** | **$12,410** | **$38,443** |

NOTES / ASSUMPTIONS:

1) All figures are annual figures.

2) The 2021 to 2022 figures are based on the Debtor's Amended Schedules I & J [ECF No. 29], which are attached.

3) The figures for 2023-2027, were projected by estimating approximately 5% growth year-over-year for income, and approximately 4% inflation year-over-year for projected household expenses. The projections also include estimated increases for insurance premiums, but payroll tax withholdings that level off in 2024.

**MARKED-UP COMPARISON SHOWING
DIFFERENCES BETWEEN
AMENDED PLAN AND ORIGINAL PLAN
(WITHOUT EXHIBITS)**

**(ATTACHED)**

Nicholas J. Henderson, OSB #074027
nhenderson@portlaw.com
Motschenbacher & Blattner LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Telephone: (503) 417-0500
Facsimile: (503) 417-0521

*Of Attorneys for Debtor Edward A. Ariniello, Jr.*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>EDWARD A. ARINIELLO, JR.,<br><br>Debtor. | Case No. 21-31142-dwh11<br><br>DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION DATED ~~AUGUST 17, 2021~~FEBRUARY 18, 2022 |

You are encouraged to carefully review the full text of this document, including all exhibits and attachments, before deciding how to vote on the Plan. To assist you in your review, please note that a list of definitions and a section of frequently asked questions appear at the end of this document.

**IN ADDITION TO CASTING YOUR VOTE TO ACCEPT OR REJECT THE PLAN, YOU MAY OBJECT TO CONFIRMATION OF THE PLAN. IF YOU WISH TO OBJECT TO CONFIRMATION OF THE PLAN, YOU MUST DO SO BY THE DEADLINE SET FORTH IN THE NOTICE OF CONFIRMATION HEARING.**

**YOUR BALLOT STATING HOW YOU ARE VOTING ON THE PLAN MUST BE RETURNED BY THE DATE PROVIDED IN THE COURT'S ORDER FIXING TIME FOR FILING ACCEPTANCES OR REJECTION OF THE PLAN; AND NOTICE OF CONFIRMATION HEARING. THE BALLOT MUST BE MAILED TO MOTSCHENBACHER & BLATTNER LLP, ATTN: NICHOLAS J. HENDERSON, 117 SW TAYLOR STREET, SUITE 300, PORTLAND, ~~0R~~OR 97204.**

Your rights may be affected by this Plan. You should consider discussing this document with an attorney.

DEBTOR'S FIRST AMENDED PLAN OF
REORGANIZATION (DATED FEBRUARY 18, 2022)

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Questions regarding this Plan may be directed to the attorneys for the Debtor-In-Possession, using the contact information provided above.

Edward A. Ariniello, Jr. (the "Debtor" or "Plan Proponent") hereby submits this Plan of Reorganization dated ~~August 17, 2021~~February 18, 2022 (the "Plan").

**Background for Cases Filed Under Subchapter V.**

### A. Description and History of the Debtor's Business

The Debtor is an individual residing in ~~Washington~~Clackamas County, Oregon.  Debtor owns 68.4% of the outstanding membership interest of U.S. Outdoor Holding LLC ("USOH"), an Oregon manager-managed limited liability company headquartered in Multnomah County, Oregon.  USOH operates U.S. Outdoor Store (the "Store") as a retail establishment for outdoor sports and activities such as camping, hiking, skiing, snowboarding and more.  Debtor is USOH's manager and the primary operator at the Store.

Debtor purchased the Store in 2017, and organized USOH that same year.  Under Debtor's management, the Store was relocated to Northwest Portland, after having been located on Broadway Street in downtown Portland since 1986.  USOH is a debtor in its own Chapter 11 Subchapter V case, U.S. Bankruptcy Court (D. Oregon) Case No. 20-32571-dwh11 (the "USOH Case").  USOH's Plan of Reorganization was confirmed in the USOH Case on January 27, 2021.  See ECF No. 131; Case No. 20-32571-dwh11.

### B. Liquidation Analysis

To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation. A liquidation analysis is attached to the Plan as **Exhibit 1**.

### C. Ability to make future plan payments and operate without further reorganization

The Debtor must also show that it will have enough cash over the life of the Plan to make the required Plan payments and operate the Debtor's business.

The Plan Proponent has provided projected financial information as **Exhibit 2**.

The Plan Proponent's financial projections show that the Debtor will have projected disposable income (as defined by § 1191(d) of the Bankruptcy Code) for the period described in § 1191(c)(2) of $~~15~~35,147.96.

The final Plan payment is expected to be paid on the ~~36th~~60th month following confirmation of the Plan, which is anticipated to be ~~September, 2024~~March, 2027.

DEBTOR'S FIRST AMENDED PLAN OF
REORGANIZATION (DATED FEBRUARY 18, 2022)

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

The Plan Proponent's financial projections are based on the Debtor's current income and expenses, which were used to calculate the Debtor's current disposable income. The Debtor projects that his business will continue to improve, and that he will be able to modestly increase his personal income from the business as a result.

You should consult with your accountant or other financial advisor if you have any questions pertaining to these projections.

## I. ARTICLE 1: SUMMARY

This Plan of Reorganization (the Plan) under chapter 11 of the Bankruptcy Code (the Code) proposes to pay creditors of ~~(the Debtor) from [Specify sources of payment, such as an infusion of capital, loan proceeds, sale of assets, cash flow from operations, or future income].~~the Debtor from ownership and operation of, and employment by, USOH, and through contribution of his share of household tax refunds received during the three years following the Effective Date of the Plan.

This Plan provides for:  0 class of priority claims;
0 classes of secured claims;
2 classes of non-priority unsecured claims; and
1 classes of equity security holders.

Non-priority unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately $0.05 cents on the dollar. This Plan also provides for the payment of administrative and priority claims.

All creditors and equity security holders should refer to Articles 3 through 6 of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan.

## II. ARTICLE 2: CLASSIFICATION OF CLAIMS AND INTERESTS

2.1     Class 1.  The non-priority unsecured claim of National Funding.

2.2     Class 2.  All non-priority unsecured claims allowed under § 502 of the Code.

2.3     Class 3.  The interests of the individual Debtor in property of the estate.

## III. ARTICLE 3: TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, PRIORITY TAX CLAIMS, AND QUARTERLY AND COURT FEES

3.1     Unclassified claims.  Under section § 1123(a)(1), administrative expense claims, and priority tax claims are not in classes.

DEBTOR'S FIRST AMENDED PLAN OF
REORGANIZATION (DATED FEBRUARY 18, 2022)

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

3.2    Administrative expense claims.  ~~Each holder~~Holders of ~~an~~ administrative expense ~~claim~~claims allowed under § 503 of the Code~~,~~ will be paid in full over time, from the Debtor's Plan payments to the Subchapter V Trustee.  Allowed administrative expense claims shall be paid pro-rata from the funds available on hand with the Subchapter V Trustee.  The following table shows an estimate of the administrative claims on the Effective Date ~~of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.~~(subject to allowance under 11 U.S.C. § 330):

| Claimant: | Estimated Claim Amount: | Notes: |
|---|---|---|
| Motschenbacher & Blattner LLP (Debtor's Counsel) | $28,000 | Debtor's counsel has agreed to accept payments over time, as provided herein. |
| Subchapter V Trustee | $7,500 | Amy Mitchell, Subchapter V Trustee, has agreed to accept payments over time, as provided herein. |
| TOTAL: | $35,500 | |

3.3    Priority tax claims.  Each holder of a priority tax claim will be paid in full over a period not later than the order for relief.  The claim of the Internal Revenue Service is being paid in full pursuant to the terms of the USOH Plan.  No payments shall be made by the Debtor under this Plan to the Internal Revenue Service.  In the event of a default under the USOH Plan, the Debtor shall amend this Plan to provide for payment to the IRS.  Such provision will reduce the amount of payments to be made to non-priority unsecured creditors.

3.4    Statutory fees.  All fees required to be paid under 28 U.S.C. § 1930 that are owed on or before the Effective Date of this Plan have been paid or will be paid on the Effective Date.

3.5    Prospective quarterly fees  All quarterly fees required to be paid under 28 U.S.C. § 1930(a)(6) or (a)(7) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code

**IV.    ARTICLE 4: TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN.**

Claims and interests shall be treated as follows under this Plan:

| Class | Treatment |
|---|---|
| **Class 1** – The non-priority unsecured claim of National Funding, Inc. | Class 1 is impaired.  The Class 1 Claim of National Funding is being paid in full under the terms of the USOH Plan.  The Debtor shall not make any payments to the Class 1 creditor unless National Funding, Inc. is not paid in full by USOH.  In the event that USOH fails to pay National Funding, Inc. under the terms of its plan, the Class 1 claim |

DEBTOR'S FIRST AMENDED PLAN OF
REORGANIZATION (DATED FEBRUARY 18, 2022)

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

| | shall receive payments under this Plan in the same manner as the Class 2 Claimants. |
|---|---|
| **Class 2** – All non-priority unsecured creditors not otherwise classified under the Plan. | Class 2 is impaired. The Class 2 claims will be paid ~~based on the amounts required by 11 U.S.C. § 1129(a)(15)(B), which the Debtor estimates to be $15,147.96 based on the Disposable Income Projection attached hereto as **Exhibit 2**. Creditors will receive~~ approximately ~~0.53~~1.00% of their claims. ~~Payment of any dividend~~This percentage will ~~depend~~vary depending on the amounts of allowed priority (including costs of administration of the Estate and the Debtor's attorney fees), and allowed non-priority unsecured claims. Unsecured claims shall be paid pro-rata on a quarterly basis, after payment of administrative claims ~~on a pro-rata basis on a quarterly basis~~. The dividend shall consist of each creditor's pro-rata share of the portion of the Debtor's Quarterly Payment (defined in Article 7 below) ~~remaining~~and tax refunds that remain after payment of administrative claims. ~~The Debtor's Quarterly Payment shall be:~~<br>• ~~$780.00 per quarter during the first year after the Effective Date of the Plan;~~<br>• ~~$1,200 per quarter during the second year after the Effective Date of the Plan;~~<br>• ~~$1,650 per quarter during the third year after the Effective Date of the Plan.~~<br>~~Additionally, the Debtor shall contribute his share of the household tax refund to the Plan each year, if any, for the 3 years following the Effective Date. Class 2 creditors shall receive their pro-rata share of the Debtor's portion of the household tax refund that remains after payment to administrative claims.~~ |
| **Class 3** – Debtor's Interest in Property of the Estate | Class 3 is unimpaired. Class 3 is the Debtor, who shall retain his interest in property of the estate. |

## V. ARTICLE 5: ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.1 <u>Disputed Claim</u>. A disputed claim is a claim that has not been allowed or disallowed ~~[~~by a final non-appealable order~~],~~, and as to which either:

(i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or

(ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION (DATED FEBRUARY 18, 2022)

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

5.2    _Delay of distribution on a disputed claim_.  No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

5.3    _Settlement of disputed claims_.  The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

5.4    _Allowance of Certain Claims._ Upon confirmation of this Plan, the claim of Solomon Management, Inc. (Claim No. 4-1) and the claim of Robert D. Solomon, in his capacity as Trustee of the Mervin Solomon GST Trust UW 9-29-2008 (Claim No. 5-1) shall be deemed allowed.

## VI.    ARTICLE 6: PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Except for executory contracts and unexpired leases that have been assumed, and if applicable assigned, before the Effective Date or under ~~section 6.01(a) of~~ this Plan, or that are the subject of a pending motion to assume, and if applicable assign, the Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the Effective Date.

A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than 30 days after the date of the order confirming this Plan.

## VII.    ARTICLE 7: ~~MEANS FOR~~ IMPLEMENTATION OF THE PLAN

7.1    _General Plan Funding._  Debtor intends to implement the Plan by continuing his ownership and operation of, and employment by, USOH, and through contribution of his share of household tax refunds received during the three years following the Effective Date of the Plan.  The net disposable income to be generated through Debtor's continued operation of USOH is shown in the attached **Exhibit 2**. Debtor shall make all plan payments described in Sections 7.2 and 7.3 to the Subchapter V Trustee, who shall be responsible for making distributions to holders of allowed claims. Debtor shall continue making plan payments until the Debtor has paid a total of $35,147.96, exclusive of (1) tax refunds contributed to the Plan, as described in Section 7.3 below and (2) any amounts recovered from avoidance claims, as discussed in Section 7.4 below.  The Debtor shall be entitled to prepay any amount due under the Plan.  Any extra payments made by the Debtor shall reduce the length of the Plan, but shall not reduce the amount of the next regularly scheduled payment, unless an extra payment pays the Plan in full, at which time all plan payments shall cease.

7.2    _Quarterly Plan Payments._  Beginning June 1, 2022, and following on the first business day of each quarter thereafter, the Debtor shall make the following plan payments (the "Quarterly Payments"):
- $780.00 per quarter during the first year following the Effective Date of the Plan;
- $1,200 per quarter during the second year following the Effective Date of the Plan;
- $1,650 per quarter during the third year following the Effective Date of the Plan.
- $2,500 per quarter during the fourth and fifth years following the Effective Date of the Plan.

DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION (DATED FEBRUARY 18, 2022)

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

7.3    Tax Refunds.

(a) During the three-year period following the Effective Date, the Debtor shall contribute to the Plan his share of the household tax refunds, if any, for tax years 2021, 2022, and 2023. The Debtor shall file his tax returns by the applicable deadlines, unless extended as permitted by law.

(b) To calculate the "Debtor's share of household tax refunds," the amount of the Debtor's tax withholding for a tax year shall be divided by the total amount of household tax withholding for that year. The resulting percentage shall be multiplied by the amount of the household tax refund. The resulting product shall be the amount the Debtor is required to contribute to the Plan.

7.4    Avoidance Actions. Any funds recovered from actions arising under Chapter 5 of the Bankruptcy Code shall be used to make additional payments to Creditors under the Plan. Debtor has not yet completed his investigation with regard to prepetition transactions. Debtor anticipates completing his investigation by May 31, 2022, and, except as set forth below, retains all rights to pursue any actions arising under chapter 5 of the Code after the Effective Date.

7.4.1    Delegation of Specific Avoidance Actions. Amy Mitchell, Subchapter V Trustee or any successor trustee appointed in the Bankruptcy Case (the "***Bankruptcy Trustee***"), shall have the authority, on behalf and as representative of the Debtor's bankruptcy estate to investigate, evaluate, pursue and/or settle avoidance and recovery actions relating to (1) the transfer recorded on November 17, 2020 (the "***Second Transfer***"), of Debtor's legal interest in the real property located at 29455 SW Heater Rd., Sherwood OR 97140 (the "***Debtor's Residence***"), and (2) the deed of trust recorded against Debtor's Residence on November 23, 2020, to secure a debt in the amount of $510,400 (the "***New Mortgage***"). The Bankruptcy Trustee may pursue such claims against Carrie Ariniello, the Debtor's spouse, or Finance of America Mortgage LLC ("***FAMLLC***"), under the applicable provisions of Chapter 5 of the Bankruptcy Code and Oregon's Uniform Fraudulent Transfer Act, ORS 95.200 to 95.310.

7.4.2    Limitation on Delegated Actions. The Bankruptcy Trustee's authority to pursue any avoidance claim shall be limited to: (i) avoiding the Second Transfer and the lien granted to FAMLLC in relation to the New Mortgage (the "***Potential Avoidance Actions***"), and (ii) subject to the limitation in 11 U.S.C. § 550(d), recovering the difference—if any—between (a) the value of the Debtor's equity in the Residence if the Second Transfer and/or the New Mortgage are avoided and (b) $133,000.

7.4.3    Timing. Prior to filing any avoidance action related to the Second Transfer or the New Mortgage, the Bankruptcy Trustee shall file a report (the "***Report***") with her findings, her proposed course of action, and the estimated amount of recovery. If the Bankruptcy Trustee determines that additional recovery is unlikely, the Bankruptcy Trustee shall indicate that in the Report. The Report shall be filed no later than 180 days of the Effective Date.

7.4.4    Pre-Filing Resolution. If the Report indicates that the Bankruptcy Trustee believes that additional amounts are likely to be recovered through an avoidance and recovery action, after accounting for the limitations set forth in Section 7.4.2 above, the Debtor may resolve the matter and obviate the filing of an avoidance action by the Bankruptcy Trustee by amending the Modified Plan

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

to pay to creditors the estimated recovery described in the Report (the "***Pre-Avoidance Amended Plan***").  To elect this pre-filing resolution, Debtor must (i) file the Pre-Avoidance Amended Plan within 30 days of the date the Report is filed and (ii) obtain confirmation of the Pre-Avoidance Amended Plan within 90 days of the date the Report is filed.  If the Pre-Avoidance Amended Plan is both timely filed and confirmed as provided in this paragraph, upon confirmation of the Pre-Avoidance Amended Plan the delegation to the Bankruptcy Trustee shall be deemed terminated. If the Pre-Avoidance Amended Plan is not timely filed or timely confirmed, following the earlier of such date, the Bankruptcy Trustee shall commence on behalf of the Debtor's bankruptcy estate any Potential Avoidance Actions recommended in the Report. Any fees and costs of the Bankruptcy Trustee's and the Bankruptcy Trustee's counsel in connection with the Report and with any avoidance actions shall be paid as an administrative expense.

           7.4.5    Post-Filing Resolution.  In the event the Bankruptcy Trustee avoids the Second Transfer and/or the New Mortgage lien to FAMLLC, Debtor shall pay to creditors under the value of any transfers avoided by the Bankruptcy Trustee that is not already accounted for in the liquidation analysis of this Plan. An amended plan providing for such increased payment (the "Post-Avoidance Amended Plan") must (i) be filed by the Debtor within 60 days of avoidance by the Bankruptcy Trustee and (ii) confirmed by the Bankruptcy Court within 120 days of avoidance. If the Post-Avoidance Amended Plan is not timely filed or confirmed within such time frame, on request of a party in interest, this case shall be converted to a case under chapter 7 of the Bankruptcy Code.

## VIII.   ARTICLE 8: GENERAL ~~PROVISION~~PROVISIONS

8.1    <u>Definitions and rules of construction</u>.  The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

8.2    <u>Effective Date</u>.  The Effective Date of this Plan is the first business day following the date that is 14 days after the entry of the confirmation order. If, however, a stay of the confirmation order is in effect on that date, the Effective Date will be the first business day after the date on which the stay expires or is otherwise terminated.

8.3    <u>Severability</u>.  If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.4    <u>Binding Effect</u>.  The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.5    <u>Captions</u>.  The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.6    <u>Controlling Effect</u>.  Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Oregon

DEBTOR'S FIRST AMENDED PLAN OF
REORGANIZATION (DATED FEBRUARY 18, 2022)

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

8.7    Notices.  Unless otherwise agreed to between a creditor and the Debtor or otherwise stated in the Plan, all notices required or permitted to be made in accordance with the Plan shall be in writing and shall be delivered personally or by regular or certified mail, return receipt requested.  Notice to a holder of an allowed claim shall be directed to the address set forth within its Proof of Claim filed with the Court, or if none, to its address set forth in the schedules prepared and filed with the Court, as amended. Notices to the Debtor shall be directed the following:

|   |   |
|---|---|
| Debtor: | Edward A. Ariniello, Jr. |
|   | 29455 SW Heater Rd. |
|   | Sherwood OR  97140 |
|   |   |
| Debtor's Attorney: | Nicholas J. Henderson |
|   | Motschenbacher & Blattner, LLP |
|   | 117 SW Taylor Street, Suite 300 |
|   | Portland, OR 97204 |
|   | Fax: (503) 417-0501 |

Notices shall be deemed given upon delivery, if personally delivered, and upon mailing, if mailed. Any person may change the address at which such person is to receive notices under the Plan by sending written notice, pursuant to the provisions of this section, to the Debtor and any other person to be charged with knowledge of such change.

## IX.    ARTICLE 9: DISCHARGE

~~If the Debtor's Plan is confirmed under § 1191(a), on the Effective Date of the Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code. The Debtor will~~Notwithstanding § 1192, the Debtor shall not ~~be discharged from any debt:~~

(i)    ~~receive a~~imposed by this Plan; ~~or~~

(ii)    ~~excepted from~~ discharge ~~under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.~~

~~If the Debtor's Plan is confirmed under § 1191(b), confirmation of the Plan does not discharge any debt provided for in this Plan~~in this case until the Debtor has completed all payments required by the Plan and the ~~court grants a discharge on~~upon completion of all payments due ~~within~~hereunder. Further, the ~~first 3 years of this Plan, or as otherwise provided in § 1192 of the Code. The ~~Debtor will not be discharged from any debt:

imposed by this Plan;
(i)    _____

DEBTOR'S FIRST AMENDED PLAN OF
REORGANIZATION (DATED FEBRUARY 18, 2022)

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

(i)     on which the last payment is due after the first ~~35~~ years of the plan, or as otherwise provided in § 1192; or

~~(iii)~~(ii)  excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

## X.     ARTICLE 10: DEFAULT.

Except as otherwise specifically provided in the Plan, in the event Debtor shall default in the performance of any of her obligations under the Plan, then a claimant may pursue such remedies as are available at law or in equity. An event of default occurring with respect to one Claim shall not be an event of default with respect to any other Claim.

Nothing contained in the Plan shall limit the right of any party to reopen this case or to convert this case to a liquidation case under Chapter 7 of the Bankruptcy Code if cause for such relief exists.

Debtor shall be entitled to written notice of any claimed default under the Plan, and shall have twenty (20) days opportunity to cure. If such claimed default is cured within the twenty (20) days cure period, then such Creditor shall not be entitled to enforce any remedies which would otherwise be available on account of such default. If Debtor fails to cure within the twenty (20) days cure period, then such Creditor may seek such remedies as are granted by law to enforce its rights arising under and pursuant to the Plan, including seeking an order to compel such performance. The default and cure provisions contained in the Plan shall supersede any provisions concerning default and cure contained in any other agreement between Debtor and any Creditor affected by the Plan. Notice of default shall be effective when ~~served simultaneously via fax at the number shown below and~~ mailed to both the Debtor and to the Debtor's attorney, postage prepaid, at the ~~following addresses:~~address provided on the docket of the bankruptcy case.

## XI.     ARTICLE 11.:  RETENTION OF JURISDICTION.

Notwithstanding the entry of the order confirming the Plan, the Court shall retain jurisdiction of this Chapter 11 case pursuant to and for the purposes set forth in 11 U.S.C. §1127(b) and (a) to classify the Claim of any Creditor, reexamine Claims which have been allowed for voting purposes and determine any objection that may be filed to Claims; (b) to determine requests for payment of Claims entitled to priority under § 507(a)(2) of the Code, including compensation and reimbursement of expenses in favor of professionals employed at the expense of the estate; (c) to avoid transfers or obligations and to subordinate Claims under Chapter 5 of the Bankruptcy Code; (d) to approve the assumption, assignment of rejection of executory contracts and unexpired leases pursuant to 11 U.S.C. §§ 365 and 1123; (e) to resolve all controversies and disputes regarding the interpretation of the Plan; (f) to implement the provisions of the Plan and enter orders in aid of confirmation; (g) to adjudicate any and all adversary proceedings and contested matters pending or hereafter commenced in this Chapter 11 case; (h) to enter a final decree closing this Chapter 11 case; for such other matters as may be set forth in the Confirmation Order; (i) to determine the nature and extent of Debtor's ownership, or rights in property held by the Debtor as of the Petition Date, including but not limited to actions to quiet title; and

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

(j) reopen the case for the limited purpose of granting Debtor a discharge under 11 U.S.C. §1141 upon completion of the Plan payments.

Dated ~~August 17, 2021~~February 18, 2022

<div style="margin-left: 40%;">

M<small>OTSCHENBACHER</small> & B<small>LATTNER</small> LLP

/s/ Nicholas J. Henderson
Nicholas J. Henderson, OSB No. 074027
Attorney for the Debtor In Possession

</div>

DEBTOR'S FIRST AMENDED PLAN OF
REORGANIZATION (DATED FEBRUARY 18, 2022)

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

**EXHIBIT 1**
**LIQUIDATION ANALYSIS**

{00501722:6}

**EXHIBIT 2**
**PROJECTED INCOME AND EXPENSES**

DEBTOR'S PLAN OF REORGANIZATION
(DATED AUGUST 17, 2021)

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the date set forth below, a true and correct copies of the foregoing

NOTICE OF RESCHEDULED CONFIRMATION HEARING RE: DEBTOR'S FIRST

AMENDED PLAN OF REORGANIZATION DATED FEBRUARY 18, 2022 was served on the

following parties via the Court's CM/ECF System:

- AMBER L LABRECQUE    bankruptcy@zbslaw.com

- GARRETT SHEA LEDGERWOOD    Garrett.Ledgerwood@MillerNash.com, mngd-2823@millernash.com

- Amy E Mitchell    mitchelltrustee@comcast.net, OR21@ecfcbis.com

- TROY SEXTON    tsexton@portlaw.com, nhenderson@portlaw.com,troy-sexton-4772@ecf.pacerpro.com,tcoble@portlaw.com,courtnotices@portlaw.com

- US Trustee, Portland    USTPRegion18.PL.ECF@usdoj.gov

- JESSIE YOUNG    jessie.young@usdoj.gov, nicole.smith@usdoj.gov

I further certify that on the date set forth below I caused true and correct copies of the

documents to be mailed, postage prepaid, to all parties listed on the attached mailing matrix,

except for those parties to receive electronic service listed above.

DATED: February 18, 2022.

MOTSCHENBACHER & BLATTNER, LLP

/s/Nicholas J. Henderson
Nicholas J. Henderson, OSB #074027
Attorneys for Debtor, Edward A. Ariniello, Jr.

Motschenbacher & Blattner LLP
117 SW Taylor Suite 300
Portland, OR 97204
(503) 417-0500
www.portlaw.com

Case 21-31142-dwh11    Doc 96    Filed 02/18/22

Label Matrix for local noticing
0979-3
Case 21-31142-dwh11
District of Oregon
Portland
Fri Feb 18 16:26:05 PST 2022

Aaric Unverzagt
16530 SW 147th
Portland, OR 97224-1353

Aaron Unverzagt
3644 SW 48th Pl
Portland, OR 97221-2102

(p)AIRBLASTER LLC
PO BOX 430
BEND OR 97709-0430

Amer Sports
PO Box 3141
Carol Stream, IL 60132-3141

American Express
P.O. Box 650448
Dallas, TX 75265-0448

American Express National Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern  PA 19355-0701

Arcteryx Equipment
PO Box 7247-6560
Philadelphia, PA 19170-6560

Edward A. Ariniello Jr.
29455 SW Heater Rd.
Sherwood, OR 97140-5004

Black Crows Corp
Pramex International
1251 avenue of the americas
New York, NY 10020-1104

Bonfire
Pretty Great
106 W 4th Street Suite 500
Santa Anna, CA 92701-4609

Bula Sports USA, Inc.
5800 Sports USA, INC
Montreal, QC, Canada H4P 1M7
CANADA

Bureau of Environmental Svcs
Portland Water Bureau
PO Box 4216
Portland, OR 97208-4216

Burton Snowboards
PO Box 11626
Tacoma, WA 98411-6626

C. Thomas Davis
Davis Galm Law Firm
12220 SW FIRST STREET Ste 100
BEAVERTON, OR 97005-2891

C3 Worldwide, LLC
4917 14th Ave NW
Seattle, WA 98107-5142

Capital One - Spark Card
PO Box 60599
City of Industry, CA 91716-0599

Carrie Lattimer-Ariniello
29455 SW Heater Rd.
Sherwood, OR 97140-5004

(p)JPMORGAN CHASE BANK  N A
BANKRUPTCY MAIL INTAKE TEAM
700 KANSAS LANE FLOOR 01
MONROE LA 71203-4774

City of Portland
Revenue/Financial Services
PO Box 984
Portland, OR 97207-0984

Clockwork Brand Management
201-1201 Commercial Way
Squamish, BC V8B0V1
CANADA

Conductor
c/o WeWork HQ
1619 Broadway 11th Floor
New York, NY 10019-7961

Conductor LLC
c/o Marc Sabow, Esq.
Hochheiser & Akmal PLLC
910 Franklin Ave #220
Garden City, NY 11530-2940

Corporation Service Company
as Representative for National Funding
PO Box 2576
Springfield, IL 62708-2576

Criteo Corp
PO Box 22764
Pasadena, CA 91185-2764

Crossroads Financing, LLC
6001 Broken Sound Pkwy, Ste 620
Boca Raton, FL 33487-2766

Crossroads Financing, LLC
c/o Lee Haskins, CEO
6001 Broken Sound Pkwy, Ste 620
Boca Raton, FL 33487-2766

DC Shoes
PO Box 749337
Los Angeles, CA 90074-9337

Dakine Inc.
PO Box 743477
Lost Angeles, CA 90074-3477

Earth20
PO Box 70
Culver, OR 97734-0070

Finance of America Mortgage LLC
ZBS LAW,LLP
5 Centerpointe Dr., Suite 400
Lake Oswego, OR 97035-8661

Garrett Ledgerwood
Miller Nash
3400 U.S. Bancorp Tower
111 SW Fifth Ave.
Portland, OR 97204-3604

Goode
Carbon Innovation
2450 Wall Avenue
Ogden, UT 84401-1332

Gordini
PO Box 8440
Essex Junction, VT 05451-8440

Group Rossignol USA, Inc.
dba The Rossignol Group
75 Remittance Drive, Suite 3080
Chicago, IL 60695-0001

NICHOLAS J HENDERSON
Motschenbacher & Blattner, LLP
117 SW Taylor Street
Ste 300
Portland, OR 97204-3029

(p)HESTRA GLOVES LLC
12425 W 54TH DRIVE
ARVADA CO 80002-1920

Huser Intergrated Technologies
1313 NW 17th Ave
Portland, OR 97209-2412

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

IRS
Attn: Civil Process Clerk
U.S. Attorney, District of Oregon
1000 SW 3rd, #600
Portland, OR 97204-2936

IRS
Centralized Insolvency Operation
P. O. Box 7346
Philadelphia, PA 19101-7346

IRS
PO Box 7346
Philadelphia PA 19101-7346

Icebreaker Nature Clothing Co
c/o Biehl & Biehl, Inc.
PO Box 87410
Carol Stream, IL 60188-7410

Jupa Sports
9404, boulevard du Golf
Anjou(Quebec), Canada H1J3A1
CANADA

K2 Sports
PO Box 913174
Denver, CO 80291-3185

KPTV Digital
14975 NW Greenbrier Pkwy
Beaverton, OR 97006-5731

Kulkea
PO Box 335
Westwood, MA 02090-0335

AMBER L LABRECQUE
ZBS Law, LLP
5 Centerpointe Dr.
Ste 400
Lake Oswego, OR 97035-8661

GARRETT SHEA LEDGERWOOD
Miller Nash LLP
111 S.W. Fifth Avenue
3400 U.S. Bancorp Tower
Portland, OR 97204-3614

Lavont Baker
c/o Willard E. Markel, Attorney at Law
One Columbia Street, Suite 520
Portland, OR 97204-4006

Law Offices of Brian J. Ferber, Inc.
for C3 Worldwide - Client Ref 100086
5611 Fallbrook Ave
Woodland Hills, CA 91367-4243

Les Schwab Tire Centers of Portland, Inc
P.O. Box 5350
Bend, Or 97708-5350

Liberty Skis Corporation
PO Box 4555
Avon, CO 81620-4555

Loser Machine, LLC
17462 Von Karman Ave
Irvine, CA 92614-6206

Luxottica of America
PO Box 50987
Los Angeles, CA 90074-0987

MEDIAmerica, Inc.
715 SW Morrison St., #800
Portland, OR 97205-3131

Mammut Sports Group
458 Hurricane Ln Ste 411
Williston, VT 05495-2073

Marchon Eyewear, Inc.
88216 Expedite Way
Chicago, IL 60695-0001

Marker Volkl US, Inc.
PO Box 913185
Denver, CO 80291-3185

Marmot Mountain, LLC
PO Box 915170
Dallas, TX 75391-5170

Mervin Solomon GST Trust UW 9-29-2008
Attn: Robert D. Solomon
9 Mountain View Lane
Lake Oswego, OR 97035-1220

Amy E Mitchell
POB 2289
Lake Oswego, OR 97035-0074

Motion Water Sports
7926 Bracken PL SE
Snoqualmie, WA 98065-9271

Motion Water Sports
Arbor Snowboards
7926 Bracken Place
Snoqualmie, WA 98065-9271

(p)NATIONAL FUNDING
ATTN ATTN ROBERT ZAHRADKA
9530 TOWNE CENTRE DR SUITE 120
SAN DIEGO CA 92121-1981

National Funding
9820 Towne Centre Drive
San Diego, CA 92121-1944

Nidecker US
Attn: Tyler Nation
10153 W. River Street
Truckee, CA 96161-2328

Nikita
Pretty Great
106 W 4th Street Suite 500
Santa Anna, CA 92701-4609

Nils
3151 Airway Ave, Bldg V
Costa Mesa, CA 92626-4627

Nitro Snowboards & L1 Outerwear
PO Box 651029
Salt Lake city, UT 84165-1029

Nordica USA
PO Box 849802
Dallas, TX 75284-9802

O'neill Wetsuits LLC
PO Box 6300
Santa Cruz, CA 95063-6300

ODR
ATTN: Bankruptcy Unit
955 Center St NE
Salem, OR 97301-2555

Obermeyer
115 AABC
Aspen, CO 81611-2502

Oregon Employment Department
875 Union St. NE
Salem, OR 97311-0800

Phillip A & Priscilla S. Unverzagt Trust
4810 NW Neskowin Ave
Portland, OR 97229-2812

Quiksilver Wholesale LLC
PO Box 749340
Los Angeles, CA 90074-9340

Reef - VF Outdoor LLC
13911 Collection Center Dr
Chicago, IL 60693-0139

Rhythm Swin
Pacific Fair Shopping Centre-L1-R10
Broadbeach, QLD +218
AUSTRALIA

Robert D Solomon
Miller Nash Graham & Dunn
Attn: GSL
111 SW 5th Ave #3400
Portland, OR 97204-3614

Robert Solomon, as Trustee of the
Mervin Solomon GST Trust UW 9-29-2008
9 Mountain View Lane
Lake Oswego, OR 97035-1220

Rosenthal & Rosenthal, Inc.
POC
P.O. Box 88926
Chicago, IL 60695-1926

SCARPA North America, Inc
3550 Frontier Ave., Unit E
Boulder, CO 80301-2430

TROY SEXTON
Motschenbacher & Blattner, LLP
117 SW Taylor St
Ste 300
Portland, OR 97204-3029

Si Products - Sunince
1675 Trans-Canada Highway Ste 200
Montreal, QC, Canada H9P 1J1
CANADA,

Smartwool
c/o Biehl & Biehl, Inc.
PO Box 87410
Carol Stream, IL 60188-7410

Smith Sport Optics Inc.
Davis Galm Law Firm
12220 SW FIRST STREET Ste 100
BEAVERTON, OR 97005-2891

Smith Sport Optics, Inc.
Attn: Credit Department
300 LIghting Way, Ste 400
Secaucus, NJ 07094-3672

Sole Technology
PO Box 511293
Los Angeles, CA 90051-7848

Sole Technology Headquarters
26921 Fuerte Dr
Lake Forest, CA 92630-8149

Solomon Management Inc
Miller Nash Graham & Dunn
Attn: GSL
111 SW 5th Ave #3400
Portland, OR 97204-3614

Solomon Management, Inc.
Attn: Robert Solomon
9 Mountain View Lane
Lake Oswego, OR 97035-1220

Spark R&D
PO Box 3284
Bozeman, MT 59772-3284

Stanley Convergent Security Solutions
8350 Sunlight Drive, Ste 200
Fishers, IN 46037-6700

Strafe Outerwear
115 Boomerang Rd 5201D
Aspen, CO 81611-4312

Technica Group USA Corp
19 Technology Dr.
West Lebanon, NH 03784-1673

Technica Group USA Corp
c/o Karen Maxham
19 Technology Dr.
West Lebanon, NH 03784-1673

Tecnica
PO Box 849802
Dallas, TX 75284-9802

(c)THE BURTON CORPORATION
180 QUEEN CITY PARK RD
BURLINGTON VT 05401-5935

The Burton Corporation
c/o Andrew McConnell
180 Queen City Park Rd
Burlington, VT 05401-5935

The North Face
c/o Biehl & Biehl, Inc.
PO Box 87410
Carol Stream, IL 60188-7410

The North Face Outdoor, LLC
13911 Collection Center Dr
Chicago, IL 60693-0139

The Rossignol Group
c/o Michael T. Davis, Esq.
12220 SW First St
Beaverton, OR 97005-2889

The Small Business Administration
1545 Hawkins Blvd Ste 202
El Paso, TX 79925-2654

Thyssenkrupp Elevator
PO Box 933004
Atlanta, GA 31193-3004

Triple T Trading Ltd
4025 152nd Street NE
Marysville, WA 98271-8940

(p)US BANK
PO BOX 5229
CINCINNATI OH 45201-5229

U.S. Outdoor Holding LLC
600 NW 14th Ave.
Portland, OR 97209-1737

U.S. Small Business Administration
Attn: Kathleen L. Bickers, Asst U.S. Att
U.S. Attorney s Office, District of Oreg
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2936

UPS
PO Box 894820
Los Angeles, CA 90189-4820

US Trustee, Portland
1220 SW 3rd Ave., Rm. 315
Portland, OR 97204-2829

VF Outdoor
Icebreaker
13911 Collection Center Drive
Chicago, IL 60693-0001

VF Outdoor
Smartwool
32842 Collection Center Dr
Chicago, IL 60693-0328

VF Outdoor
Vans
13911 Collection Center Dr
Chicago, IL 60693-0139

Vans
c/o Biehl & Biehl, Inc.
PO Box 87410
Carol Stream, IL 60188-7410

Vista Outdoor/Bell Sports
6333 North State Hwy 161
Suite 300
Irving, TX 75038-2218

Volcom, LLC
Dept LA 23134
Pasadena, CA 91185-3134

Westlife Distribution LLC
686
227 E. Compton Blvd
Gardena, CA 90248-1909

Willamette Week
2220 NW Quimby St
Portland, OR 97210-2624

Workman
PO Box 1813
Lafayette, CA 94549-8013

```
World Famous Sport, Inc.            JESSIE YOUNG
Wells Fargo                         DOJ-USAO
687 Anita Street                    1000 SW 3rd Ave #600
Chula Vista, CA 91911-4693          Portland, OR 97204-2936
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Airblaster, LLC              Chase Cardmember Service       Hestra Gloves, LLC
PO Box 430                   PO Box 6294                    12425 W. 54th Drive
Bend, OR 97703               Carol Stream, IL 60197-6294    Arvada, CO 80002


IRS                          National Funding               U.S. Bank National Association
Attn: Attorney General of United States  9530 Towne Centre Dr., Suite 120   Bankruptcy Department
10th Constitution NW #4400   SAN DIEGO, CA 92121            PO Box 108
Washington, DC 20530                                        Saint Louis MO 63166-0108


(d)US Bank                   (d)US Bank Credit Card
Bankruptcy Department        321 SW 6th Ave.
PO Box 5229                  Portland, OR 97204
Cincinnati, OH 45201
```

Addresses marked (c) above for the following entity/entities were corrected as required by the USPS Locatable Address Conversion System (LACS).

```
The Burton Corporation
80 Industrial Parkway
Burlington, VT 05401
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)Robert D. Solomon         (u)Solomon Management, Inc.    (u)United States of America/ IRS
```

```
End of Label Matrix
Mailable recipients   121
Bypassed recipients     3
Total                 124
```